## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

OPENEVIDENCE INC.,

                             Plaintiff,

        v.

DOXIMITY, INC., JEY
BALACHANDRAN, JAKE KONOSKE,
PATHWAY MEDICAL, INC., LOUIS
MULLIE, JONATHAN HERSHON ST-
JEAN, HOVHANNES KARAPETYAN,
ERIC YAMGA, KHUDHUR MOHAMMED,
and VINCE ROY,

                             Defendants.

Case No. 1:25-cv-11802-RGS

### [PROPOSED] STIPULATED PROTECTIVE ORDER

WHEREAS, it may be necessary or desirable to take discovery of information which is believed to be confidential and proprietary by the holder thereof; and

WHEREAS, the parties hereto desire to obtain a protective order to prevent dissemination and unnecessary disclosure of such information on the public record;

WHEREAS, such information likely will include, among other things, information about sensitive products and/or services, proprietary design and development materials of products and/or services, source code, strategic decision-making information, and marketing and sales information ("Protected Material");

IT IS HEREBY STIPULATED, and subject to the Court's approval, pursuant to Federal Rules of Civil Procedure Rule 26(c), that the following provisions shall govern the handling of such confidential information and documents in these proceedings.

1.    **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles.

2.    **DEFINITIONS**

2.1    <u>Action</u>: The pending federal lawsuit captioned as *OpenEvidence Inc. v. Doximity, Inc., et al.*, Case No. 1:25-cv-11802-RGS (D. Mass.).

2.2    <u>Appropriate Legend</u>: The legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE," as applicable depending on the level of confidentiality asserted.

2.3    <u>Challenging Party</u>: A Party or Non-Party that challenges the designation of information or items under this Order.

2.4    <u>"CONFIDENTIAL" Information or Items</u>: Information (regardless of how it is generated, stored or maintained) or tangible things designated as "CONFIDENTIAL" by the Producing Party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) research, technical, commercial or financial information that the party has maintained as confidential; (c) medical information concerning any individual; (d) personal identity information; (e) income tax returns (including attached schedules and forms),

W-2 forms, and 1099 forms; or (f) personnel or employment records of a person who is not a party to the case.

2.5    <u>Counsel (without qualifier)</u>: Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.6    <u>Designating Party</u>: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - SOURCE CODE."

2.7    <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery.

2.8    <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention is not anticipated to become an employee of a Party or of a Party's competitor.

2.9    <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: Information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," which the Producing Party believes in good faith to be extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, including but not limited

to information containing trading and investment strategies, pricing and cost information, customer lists, business strategy, and trade secrets and proprietary technical information.

2.10    "HIGHLY CONFIDENTIAL - SOURCE CODE" Information or Items: Information (regardless of how it is generated, stored or maintained) containing Source Code that is designated by the Producing Party as "HIGHLY CONFIDENTIAL - SOURCE CODE."

2.11    In-House Counsel: Attorneys who are employees of a Party, to whom disclosure of Disclosure or Discovery Material is reasonably necessary for this litigation.

2.12    Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.13    Outside Counsel of Record: Attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this action and have appeared in this Action on behalf of that Party or are employed by a law firm which has appeared on behalf of that Party.

2.14    Party: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.15    Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.16    Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors, who have been retained by a party or its counsel to provide litigation support services with respect to this Action.

2.17    <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL - SOURCE CODE."

2.18    <u>Receiving Party</u>: Any Party that receives Disclosure or Discovery Material from a Producing Party.

2.19    <u>Source Code</u>: Source code, object code (*i.e.*, computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator), microcode, register transfer language ("RTL"), firmware, and hardware description language ("HDL"), as well as any and all programmer notes, annotations, and other comments of any type related thereto and accompanying the code. For avoidance of doubt, this includes source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, and debug files.

## 3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; (b) information that was independently known to the Receiving Party prior to its disclosure by the Designating Party, or that the Receiving Party obtains from a third party who (i) obtained such information lawfully, and (ii) is not subject to any confidentiality

obligation to the Designating Party regarding such information. This Order does not govern the use of Protected Material at trial. For the avoidance of doubt, nothing in this agreement shall itself operate as a waiver of any trade secret or other protection.

**4.      DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; or (2) entry of a final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.      DESIGNATING PROTECTED MATERIAL**

5.1      <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. The Designating Party will agree to entertain good-faith requests to de-designate information or items, or portions thereof. Mass, indiscriminate, or routinized designations are prohibited. The Parties acknowledge that designations, or failures to designate, can sometimes be inadvertent. The Parties agree to cooperate to resolve any issues arising from confidentiality designations.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    <u>For information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings),  that  the  Producing Party affix as a minimum the legend "CONFIDENTIAL" to each page that contains protected material in a manner that will not interfere with the legibility of the document. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted. For information in documentary form produced in its electronic native format, a party shall produce such information with a one-page TIFF placeholder to which the party shall affix as a minimum the legend "CONFIDENTIAL" to the extent the information includes Protected Material.

(b)    <u>For testimony given in deposition or other pretrial or trial proceedings</u> that the Designating Party either (1) identify on the record or (2) identify, in writing, within thirty (30) days of receipt of the final transcript, that any portion or portions of the transcript shall be treated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE."

The use of a document as an exhibit at a deposition or other pretrial proceedings shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that was not designated on the record pursuant to the first paragraph of Section 5.2(b) above shall be treated during the 30-day period for designation as if it had been designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" in its entirety. After the expiration of that period or as of such earlier time that such transcript is designated, the transcript shall be treated only as actually designated.

(c)     For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - SOURCE CODE." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a

designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within five (5) business days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall have fourteen (14) days following the Parties' direct

conferral pursuant to Section 6.2 to move the court for an order removing and/or decreasing the designated status of the disputed information. Each such motion must identify the challenged material, set forth in detail the basis for the challenge, and be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements set forth above.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on a challenge.

## 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, including any appeal thereof. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 14 below ("FINAL DISPOSITION").

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Protected Material shall not be copied or otherwise reproduced by a Receiving party, except for transmission to qualified recipients, without the written permission of the Producing Party or by further order of the Court.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    The Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)    The Receiving Party's In-House Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    The officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(d)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)    The Court and its personnel;

(f)    Court reporters and their staff and recorders engaged for depositions;

(g)    Professional jury or trial consultants including mock jurors who have signed a confidentiality agreement, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)    During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that each such witness is

not permitted to retain copies of the Protected Material after the witness is examined regarding the Protected Material;

(i)     The author or recipient of a document containing the information (not including a person who received the document in the course of litigation) or a custodian or other person who otherwise possessed the information;

(j)     Any mediators, arbitrators, or settlement officers and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions;

(k)     Any insurers and reinsurers of the parties, and counsel for such insurers or reinsurers, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(l)     Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

7.3     <u>Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

(a)     The Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and who have been disclosed pursuant to the process described in Section 7.5 below;

(c)     The Court and its personnel;

(d)      Court reporters and their staff and recorders engaged for depositions;

(e)      Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)      During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that each such witness is not permitted to retain copies of the Protected Material after the witness is examined regarding the Protected Material;

(g)      The author or recipient of a document containing the information (not including a person who received the document in the course of litigation);

(h)      Any mediators, arbitrators, or settlement officers and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(i)      Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

7.4      <u>Disclosure of "HIGHLY CONFIDENTIAL - SOURCE CODE" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL - SOURCE CODE" only to:

(a)      The Receiving Party's Outside Counsel of Record in this Action, as well as employees and other attorneys of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     Up to three Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and who have been disclosed pursuant to the process described in Section 7.5 below;

(c)     The Court and its personnel;

(d)     Court reporters and their staff and recorders engaged for depositions;

(e)     Professional Jury or trial consultants (but not mock Jurors), and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     The author or recipient of a document containing the information (not including a person who received the document in the course of litigation);

(g)     Any mediators, arbitrators, or settlement officers and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(h)     Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

7.5     <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - SOURCE CODE" Information or Items to Experts</u>.

(a)     Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - SOURCE CODE" pursuant to Sections 7.3 and 7.4 first must make a written request to the Designating Party that (1) identifies whether or not the Receiving Party

proposes to disclose to an Expert "HIGHLY CONFIDENTIAL - SOURCE CODE"; (2) sets forth the full name of the Expert and the city and state of his or her primary residence; (3) attaches a copy of the Expert's current resume; (4) identifies the Expert's current employer(s); (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding four years and the party to the litigation for whom such work was done; and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding four years. The Parties acknowledge that an Expert may have pre-existing confidentiality obligations that prevent the Expert from disclosing certain of the information identified in subsections (5) and (6) above. The Parties agree to work together in good faith to resolve issues arising from such disclosure limitations.

(b)     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert if the Designating Party does not provide a written objection to the disclosure within five (5) days of the requesting Party providing the information specified in the preceding respective paragraphs. Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement within five (5) days of the written objection. If no agreement is reached, the Party objecting to the disclosure to the Expert shall have five (5) days following the Parties' direct conferral pursuant to Section 7.5(c) to move the Court for an order denying the disputed Expert

access to particular Protected Material. In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert. Upon timely filing of such a motion, no disclosure of Protected Material shall be made to the disputed Expert unless and until the court enters an order preserving the designation.

## 8.    SOURCE CODE

8.1    To the extent production of Source Code becomes necessary in this case, a Producing Party may designate material as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret Source Code.

8.2    Any Source Code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours (9:00 am to 5:00 pm local time) or at other mutually agreeable times, at an office of the Producing Party's Outside Counsel of Record selected by the Producing Party or another mutually agreed upon location. The Parties are to cooperate in good faith such that maintaining the Source Code at the offices of the Producing Party's Outside Counsel of Record shall not unreasonably hinder the Receiving Party's ability to efficiently conduct the prosecution or defense in this litigation. The Source Code will be made available upon reasonable notice to the Producing Party, which shall not be less than seven (7) business days in advance of the requested inspection. A list of names of persons who will view the Source Code will be provided to the Producing Party at least two (2) business days in advance of the first time that such person reviews such Source Code.

8.3    The Source Code shall be made available for inspection on a secured computer (the "Source Code Computer") in a room without Internet access or network access to other computers. The Source Code Computer shall, at the Receiving Party's request, include reasonable analysis

tools appropriate for the type of Source Code. The Producing Party shall provide the Receiving Party's representatives with information explaining how to start, log on to, and operate the Source Code Computer in order to access the Source Code on the Source Code Computer.

8.4     The Receiving Party's Outside Counsel of Record and/or Experts cleared to view "HIGHLY CONFIDENTIAL - SOURCE CODE" information shall be entitled to take notes relating to the Source Code but may not copy any portion of the Source Code into the notes. Those notes may be taken on a non-Internet-connected laptop. No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein. No recordable media or recordable devices, including, without limitation, sound recorders, computers (other than the non-Internet-connected laptop), cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted in the room containing the Source Code Computer during inspection.

8.5     The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code. Such supervision shall not entail review of any work product generated by the Receiving Party, *e.g.,* monitoring the screen of the non-Internet-connected laptop used by the Receiving Party or its representatives, monitoring any surface reflecting any notes or work product of the Receiving Party, or monitoring the key strokes of the Receiving Party or its representatives. There will be no video supervision by the Producing Party. All persons viewing Source Code shall sign on each day they view Source Code a log that will include the names of persons who enter the room to view the Source Code and when they enter and depart.

8.6     The Receiving Party may request paper copies of limited portions of Source Code that are reasonably necessary to attach to filings, pleadings, expert reports, or other papers, or for use as an exhibit at deposition or trial, but shall not request paper copies for the purposes of reviewing the Source Code other than electronically as set forth in this Section in the first instance. Prior to requesting such paper copies, the Receiving Party must, using software available on the Source Code Computer, create PDFs of the printed copies the Receiving Party is requesting and save them in a folder on the desktop named "Print Requests" with a subfolder identifying the date of the request. The PDF printouts must include identifying information including the full file path and file name, page number, line numbers, and date. Any request for printed Source Code pursuant to this paragraph shall be served via an email request that identifies the subfolders of the "Print Requests" folder that the Receiving Party is requesting. Within five (5) business days of such request, the Producing Party shall provide one copy of all such Source Code on non-copyable paper that includes bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." A request served after 5:00 pm Eastern Time shall be deemed served the following business day. Source Code contained in printed copies shall be no smaller than 12 pt font. Absent a showing of good cause, the Receiving Party may not request more than 25 consecutive pages, or an aggregate of more than 500 pages, of source code during the duration of the case without prior written approval of the Producing Party.

8.7     The Receiving Party shall not create any electronic or other images or facsimiles of the paper copies and shall not convert any of the information contained in the paper copies into any other format, electronic or otherwise, except that:

(a)     The Receiving Party is permitted to make up to five (5) additional hard copies for the Court in connection with a Court filing, hearing, or trial, and of only the specific pages directly

relevant to and necessary for deciding the issue for which the portions of the Source Code are being filed or offered. To the extent portions of Source Code are quoted in a Court filing, either (1) the entire document will be stamped and treated as "HIGHLY CONFIDENTIAL - SOURCE CODE"; or (2) those pages containing quoted Source Code will be separately stamped and treated as "HIGHLY CONFIDENTIAL - SOURCE CODE."

(b)    Electronic copies of Source Code may be made to be included in documents which, pursuant to the Court's rules, procedures, and order(s), may be filed or served electronically. Only the necessary number of electronic copies to effectuate such filing or service may be stored on any Receiving Party server, hard drive, thumb drive, or other electronic storage device at any given time. After any such electronic filing or service, the Receiving Party may maintain reasonable copies of such filings but shall delete all other electronic copies of Source Code from all Receiving Party electronic storage devices.

8.8    The Receiving Party shall maintain a log of all paper copies of the printed Source Code. Such log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored. Upon three (3) days' advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party. The Receiving Party's Outside Counsel of Record and Experts cleared to view "HIGHLY CONFIDENTIAL - SOURCE CODE" information shall maintain all paper copies of any printed portions of Source Code in a secure, locked area. For avoidance of doubt, an access-restricted location within the facilities of Receiving Party's Outside Counsel of Record or Experts cleared to view "HIGHLY CONFIDENTIAL - SOURCE CODE" information, such as a conference room within an access restricted office or a locked drawer or cabinet, shall constitute a secured, locked area.

8.9    The Producing Party shall, on request, make a searchable electronic copy of the Source Code available on a stand-alone computer during depositions of witnesses who would otherwise be permitted access to such Source Code. To the extent a deposition is likely to involve Source Code, the Party taking the deposition shall provide at least seven (7) days written notice of that fact. Upon such notice, the Producing Party will make a Source Code Computer, containing all Source Code produced by the Producing Party, available at the deposition, minimizing the need for additional paper copies of Source Code. The Producing Party is not required to create a new Source Code Computer for the purpose of depositions, and the Party taking the deposition acknowledges that, to ensure information on the Source Code Computer remains subject to appropriate protective measures, such deposition may need to occur at the location of the Source Code Computer.

## 9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - SOURCE CODE" that Party must:

(a)    notify in writing the Designating Party within five (5) business days. Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - SOURCE CODE" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

The provisions set forth herein are not intended to, and do not, restrict in any way the procedures set forth in Federal Rule of Civil Procedure 45(d)(3) or (f).

## 10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - SOURCE CODE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; and

2.      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested.

(c)      Upon providing notice to the Non-Party, the party receiving the discovery requests shall not produce any information in its possession or control that is subject to a confidentiality agreement with the Non-Party. If the Non-Party objects or fails to consent to the production, the party receiving the discovery requests shall not produce any Non-Party's Protected Materials before a determination by the Court. The party seeking discovery may file a motion to compel the production of the Non-Party's Protected Materials and shall bear the burden and expense of moving to compel production.

## 11.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) use its best efforts to inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) use its best efforts to request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**12. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

Nothing in this Protective Order shall requires disclosure of material that is protected from disclosure by the attorney-client privilege, the attorney work-product immunity, or any other application privilege under state, federal, or other law. When a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). A Producing Party may assert privilege or protection over produced documents at any time by notifying the Receiving Party in writing of the assertion of privilege or protection. In addition, information that contains privileged matter or attorney work product shall be returned or destroyed immediately by the Receiving Party if such information appears on its face to have been inadvertently produced. After being notified, a Receiving Party must promptly return or destroy the specified information until the claim is resolved.

Pursuant to Federal Rule of Evidence 502(d) and (e), the production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privilege or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or any other federal or state proceeding.

**13. MISCELLANEOUS**

13.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3    <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.

13.4    <u>No Agreement Concerning Discoverability</u>. The identification or agreed upon treatment of certain types of Protected Material does not reflect agreement by the Parties that the disclosure of such Protected Material is required or appropriate in this action. The Parties reserve the right to argue that any particular category of Protected Material should not be produced.

13.5    <u>Privilege Logs</u>. No Party is required to identify on its respective privilege log any document or communication dated after the filing of the Complaint that are solely between a Party and their Outside Counsel of Record. The parties shall exchange their respective privilege logs at a time to be agreed upon by the parties following the production of documents, or as otherwise ordered by the Court.

## 14.    FINAL DISPOSITION

Within sixty (60) days after the final disposition of this action, as defined in Section 4 ("DURATION"), each Receiving Party shall undertake reasonable efforts to return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries

or any other format reproducing or capturing any of the Protected Material. All Disclosure or Discovery Material returned to the parties or their counsel by the Court and all Disclosure or Discovery Material in the possession of outside copying and litigation support services likewise shall be disposed of in accordance with this paragraph. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and Expert work product, even if such materials contain Protected Material, with the exception of paper copies of Source Code. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 ("DURATION").

## 15.    VIOLATION

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: November 14, 2025

Respectfully submitted,

*/s/ Stephen Broome*
Stacylyn M. Doore (BBO# 678449)
Ryan P. Gorman (BBO# 707239)
Vanessa Rodriguez (BBO# 713607)
Zi Chun (Michelle) Wang (BBO# 709803)
stacylyndoore@quinnemanuel.com
ryangorman@quinnemanuel.com
vanessarodriguez@quinnemanuel.com
michellewang@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100

Stephen Broome (*admitted pro hac vice*)
stephenbroome@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
(213) 443-3000

Nathan Hamstra (*admitted pro hac vice*)
nathanhamstra@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
(312) 705-7400

*Attorneys for OpenEvidence, Inc.*

Dated: November 14, 2025

*/s/ James R. Carroll*
James R. Carroll (BBO #554426)
William K. Wray Jr. (BBO #689037)
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800
james.carroll@skadden.com
william.wray@skadden.com

William E. Ridgway (*pro hac vice*)
Brian O'Connor (*pro hac vice*)
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
320 S. Canal Street
Chicago, Illinois 60606
(312) 407-0700
william.ridgway@skadden.com
brian.oconnor@skadden.com

Bijal V. Vakil (*pro hac vice*)
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
(650) 470-4500
bijal.vakil@skadden.com

*Counsel for Defendants Doximity, Inc.,
Jey Balachandran, Jake Konoske,
and Pathway Medical, Inc.*

*/s/ Carolyn M. Homer*
Carolyn M. Homer (*pro hac vice* forthcoming)
MORRISON & FOERSTER LLP
2100 L Street NW, Suite 900
Washington, DC 20037
(202) 887-1500
cmhomer@mofo.com

*Counsel for Defendants Louis Mullie,*
*Jonathan Hershon St-Jean, Hovhannes*
*Karapetyan, Khudhur Mohammed, and Vince*
*Roy*

**PURSUANT TO THE PARTIES' STIPULATION, IT IS SO ORDERED.**

DATED: _____      _____
                                        Hon. Judge Richard G. Stearns
                                        United States District Judge

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Massachusetts in the case of *OpenEvidence Inc. v. Doximity, Inc., et al.*, No. 1:25-cv-11802-RGS.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the District of Massachusetts for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Printed name: _____

Title: _____

Address: _____

Signature: _____

Date: _____