**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

OPENEVIDENCE, INC.,

               Plaintiff,

         v.

DOXIMITY, INC., JEY BALACHANDRAN,
JAKE KONOSKE, PATHWAY MEDICAL,
INC., LOUIS MULLIE, JONATHAN
HERSHON ST-JEAN, HOVHANNES
KARAPETYAN, ERIC YAMGA,
KHUDHUR MOHAMMED, and VINCE
ROY,

               Defendants.

Case No. 1:25-cv-11802-RGS

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**
**ON BEHALF OF THE INDIVIDUAL PATHWAY DEFENDANTS MULLIE, HERSHON**
**ST-JEAN, KARAPETYAN, MOHAMMED, AND ROY**

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ............................................................................................. 1

PROCEDURAL HISTORY.................................................................................................... 2

FACTUAL ALLEGATIONS ................................................................................................. 3

LEGAL STANDARD............................................................................................................ 6

ARGUMENT ........................................................................................................................ 7

I.      OPENEVIDENCE FAILS TO STATE A CLAIM UNDER THE COMPUTER FRAUD AND ABUSE ACT (Count I) ........................................................................... 7

          A.     OpenEvidence Fails to Plead Unauthorized Access Under the CFAA.................. 7

          B.     OpenEvidence Fails to Plead Cognizable Damages Under the CFAA.................. 9

II.     OPENEVIDENCE FAILS TO STATE A CLAIM FOR BREACH OF CONTRACT (Count II)........................................................................................... 10

III.    OPENEVIDENCE FAILS TO STATE A CLAIM FOR TRESPASS TO CHATTELS (Count IV) ............................................................................................ 12

CONCLUSION.................................................................................................................... 13

MF-364650216

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Bagheri v. Galligan*,
   160 F. App'x 4 (1st Cir. 2005)........................................................................... *passim*

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007).......................................................................................... 6

*Facebook, Inc. v. Power Ventures, Inc.*,
   844 F.3d 1058 (9th Cir. 2016) .......................................................................... 8

*Freeman v. Town of Hudson*,
   714 F.3d 29 (1st Cir. 2013).............................................................................. 7

*Heal v. Wells Fargo, N.A. as Tr. for WaMu Mortg. Pass-Through Certificates*
   *Servs. 2006-PR2 Tr.*,
   560 F. Supp. 3d 347 (D. Mass. 2021).............................................................. 12

*hiQ Labs, Inc. v. LinkedIn Corp.*,
   31 F.4th 1180 (9th Cir. 2022) .......................................................................... 8

*OCLC, Inc. v. Anna's Archive*,
   No. 2:24-cv-144, 2025 WL 1235238 (S.D. Ohio Mar. 21, 2025) .......................... 12

*Sires v. Hefferman*,
   No. 10-11993-MLW, 2011 WL 2516093 (D. Mass. June 21, 2011).................................. 9, 13

*Thornton v. Ipsen Biopharmaceuticals, Inc.*,
   126 F.4th 76 (1st Cir. 2025)............................................................................. 6

*Ticketmaster Corp. v. Tickets.com, Inc.*,
   No. 99CV7654, 2000 WL 1887522 (C.D. Cal. Aug. 10, 2000) ............................ 12

*Van Buren v. United States*,
   593 U.S. 374 (2021)....................................................................................... 8, 9

*Water Splash, Inc. v. Menon*,
   581 U.S. 271 (2017)......................................................................................... 1

*Welter v. Med. Pro. Mut. Ins. Co.*,
   No. 22-cv-11047-PBS, 2023 WL 2988627 (D. Mass. Feb. 23, 2023)...................... 9

*United States ex rel. Winkelman v. CVS Caremark Corp.*,
   827 F.3d 201 (1st Cir. 2016) ............................................................................ 7

MF-364650216

## PRELIMINARY STATEMENT

When individuals sign up for and try out a competitor's free product, they do not engage in cyberhacking and do not cause harm to computer systems. Plaintiff OpenEvidence's contrary claims are not plausible and should be dismissed.

OpenEvidence purports to operate "the world's leading AI-powered medical information platform, serving hundreds of thousands of licensed healthcare professionals." Am. Compl., Dkt. 38 ¶ 21. Per OpenEvidence, those hundreds of thousands of licensed healthcare professionals submit more than 15 million monthly medical questions. *See* Am. Compl. ¶ 40 n.8 (statistics available at the footnote's linked citation). Despite scaling quickly to meet that demand, OpenEvidence nonetheless asserts that its computer systems were somehow harmed because six Pathway-affiliated individuals created OpenEvidence accounts and submitted "hundreds of queries" over the course of a year. *See* Am. Compl. ¶ 40. In other words, OpenEvidence seeks federal relief because a half-dozen individuals typed, on average, a few dozen questions each month on a public chatbot interface. That is not a cognizable legal harm.

This motion to dismiss is brought on behalf of individual defendants formerly affiliated with Pathway, and now affiliated with Doximity: Louis Mullie, Jonathan Hershon St-Jean, Hovhannes Karapetyan, Khudhur Mohammed, and Vince Roy (the "Individual Pathway Defendants").[1] The Individual Pathway Defendants incorporate by reference the arguments made in the concurrent motion to dismiss filed by the corporate defendants, Doximity, Inc. and Pathway Medical, Inc, along with the individual Doximity defendants Jey Balachandran and Jake Konoske (the "Concurrent Motion to Dismiss"). *See* Dkt. 59. The Individual Pathway Defendants submit

---

[1] Defendant Eric Yamga is no longer affiliated with Pathway, does not work for Doximity, does not live in the United States, has not been served, and has not waived service. If it is to be effectuated, any such service will have to take place through the Hague Service Convention. *Water Splash, Inc. v. Menon*, 581 U.S. 271, 274 (2017).

MF-364650216

this motion in parallel to highlight how OpenEvidence's Amended Complaint contains insufficient factual allegations to assert plausible legal claims against them as individuals. OpenEvidence only pleads conduct attributable to any of the Individual Pathway Defendants in five paragraphs. *See* Am. Compl. ¶¶ 78, 79, 80, 82, 83. At best, these paragraphs allege that the Individual Pathway Defendants signed up for and used OpenEvidence's platform. Those paragraphs do not allege that the Individual Pathway Defendants accessed any nonpublic or proprietary OpenEvidence information, and they do not allege that defendants' use wrought any harm.

Because the Amended Complaint falls short of stating a claim against Louis Mullie, Jonathan Hershon St-Jean, Hovhannes Karapetyan, Khudhur Mohammed, or Vince Roy, and because this is now OpenEvidence's third attempt to bring claims against Pathway and its affiliated individuals, OpenEvidence's claims should be dismissed with prejudice.

## PROCEDURAL HISTORY

This Amended Complaint is now OpenEvidence's third attempt to plead claims against individual employees of Pathway. OpenEvidence originally accused Pathway's Chief Medical Officer, Defendant Louis Mullie, of misappropriating trade secrets and violating the Digital Millennium Copyright Act. *See OpenEvidence v. Pathway Medical, Inc. et. al.* ("the *Pathway* action"), 1:25-cv-10471-MJJ (D. Mass), Complaint, Dkt. 1 at Counts I, IV. The then-Pathway defendants moved to dismiss because OpenEvidence had not alleged "Pathway ever accessed any non-public information on OpenEvidence's public platform," *Pathway*, Motion to Dismiss, Dkt. 50 at 1. OpenEvidence responded by dropping its DMCA claim, while also amending to assert trade secret misappropriation against five additional Pathway-affiliated individuals. *See Pathway*, Am. Compl., Dkt. 61 at Count. I. Then, mere days before the Pathway defendants were due to respond, OpenEvidence voluntarily dismissed the entire *Pathway* action. *Pathway*, Dkt. 75. OpenEvidence next amended this parallel lawsuit against Doximity to loop in the Pathway

MF-364650216

defendants—while dropping all claims for trade secret misappropriation. *See generally*, Am. Compl.

OpenEvidence now asserts three counts against the Individual Pathway Defendants: (1) Violation of the Computer Fraud and Abuse Act (Count I); (2) Breach of Contract (Count II); and (3) Trespass to Chattels (Count IV). Count III of the Amended Complaint, unjust enrichment, is only asserted against the corporate defendants.

Doximity, Pathway, and the other individual co-defendants in this action today filed their own motion to dismiss. *See* Concurrent Motion to Dismiss, Dkt. 59. The Individual Pathway Defendants incorporate by reference the arguments made in that Concurrent Motion. This motion to dismiss focuses on the deficient allegations with respect to the Individual Pathway Defendants specifically.

## FACTUAL ALLEGATIONS

Defendant Pathway Medical, Inc. ("Pathway"), was founded in 2018 and acquired by Doximity in July 2025. (Am. Compl. ¶ 14.) Defendants Jonathan Hershon St-Jean, Louis Mullie, Hovhannes Karapetyan, Khudhur Mohammed, and Vince Roy used to work at Pathway. (Am. Compl. ¶¶ 26–28, 30–31). Post-acquisition, they are each now affiliated with Doximity. (*See id*. ¶ 85).

OpenEvidence operates a website with a chatbot that offers medical advice using artificial intelligence. (*Id*. ¶ 4). OpenEvidence provides "healthcare professionals" access to the "full-featured" version of its chatbot, but it also provides free limited access to "non-verified members of the public" via www.openevidence.com. (*Id*. ¶¶ 42, 48.) Until recently in 2025, any user self-identifying as a patient, rather than a healthcare provider, could gain enhanced access to OpenEvidence without presenting any healthcare provider credentials. (*See id*. ¶ 42, & n.10; *see also* ¶ 76.)

MF-364650216

OpenEvidence alleges that the Individual Pathway Defendants conversed with its chatbot "[b]eginning in October 2023 and continuing through at least December 2024." (*Id.* ¶ 74.)

*Jonathan Hershon St. Jean.* OpenEvidence alleges that Mr. Hershon signed up for an OpenEvidence patient account and impersonated a female breast cancer patient. (*Id.* ¶ 74, 83.) OpenEvidence does not allege that Mr. Hershon ever registered as a healthcare professional. *See id.* OpenEvidence does not allege on what date Mr. Hershon's account was created. *See id.* OpenEvidence includes a screenshot of Mr. Hershon's account information which was "lastUpdatedAt" on September 17, 2024. (*Id.* ¶ 75 at Image #6.) OpenEvidence alleges that Mr. Hershon submitted at least three queries that sought guidance on treatments and diagnoses for conditions such as diabetes or IgAN disease. (*Id.* ¶ 83.)

*Louis Mullie.* OpenEvidence alleges that Mr. Mullie signed up for two medical professional accounts on OpenEvidence under his real name. (*Id.* ¶ 74). OpenEvidence does not allege the dates when these two accounts were created. (*See id.*) OpenEvidence includes a screenshot for one of Mr. Mullie's accounts which was "lastUpdatedAt" on November 8, 2024. (*Id.* ¶ 75 at Image #4.) OpenEvidence alleges that Mr. Mullie executed sixty-two queries to the chatbot using these accounts. *See id.* ¶¶ 74, 78–82. OpenEvidence also alleges that Mr. Mullie is a Canadian physician, (*id.* ¶ 26), but entered inaccurate United States National Provider Identifier Numbers (*id.* ¶¶ 74, 75). *But see OpenEvidence, Inc. v. Pathway Med. Inc.*, Case No. 1:25-cv-10471-MJJ (D. Mass.), Dkt. No. 61, ¶¶ 52, 60 (August 15, 2025) (acknowledging that by at least August 2025, "[f]or Canadian healthcare professionals, OpenEvidence accepts Medical Identification Number of Canada (MINC) credentials").

*Hovhannes Karapetyan.* OpenEvidence alleges that Mr. Karapetyan signed up for an OpenEvidence medical professional account under his real name and "impersonat[ed] a physician"

by claiming to be a physician in Armenia. (*Id*. ¶¶ 74, 75).[2]  OpenEvidence does not allege the date when Mr. Karapetyan's account was created. (*See id*.) OpenEvidence includes a screenshot for Mr. Karapetyan's account which was "lastUpdatedAt" on October 26, 2024. (*Id*. ¶ 75 at Image #7.) The same screenshot notes that Mr. Karapetyan's "hcp" i.e. "healthcare professional" account was based on a "fileUpload" and had been verified by OpenEvidence. (*See id*.). OpenEvidence alleges that Mr. Karapetyan submitted seven queries related to medical diagnoses and treatment to the chatbot. (*Id*. ¶ 82).

*Khudhur Mohammed*.  OpenEvidence alleges that Mr. Mohammed created a medical professional account and "impersonat[ed] a dermatologist." (*Id*. ¶ 74.)  Unlike with other Individual Pathway Defendants, OpenEvidence does not provide an image of Mr. Mohammed's account and does not allege he entered an NPI belonging to another person. (*See id*. ¶ 75.) However, in its prior *Pathway* amended complaint, OpenEvidence did include such an account screenshot, where Mr. Mohammed entered an NPI value of "1234567893." *See Pathway*, Am. Compl., Dkt. 61 ¶ 4 at Image # 4.  The sequential numbering indicates that the 1234567893 value is a test number and not a real identification; indeed, publicly available NPI-lookup databases indicate the number is not valid.[3]  OpenEvidence alleges that Mr. Mohammed submitted five queries to the chatbot with his account. (Am. Compl. ¶ 82.)

*Vince Roy*.  OpenEvidence alleges that Mr. Roy created a medical professional account "despite never attending medical school." (*Id*. ¶ 74.)  Unlike with other Individual Pathway Defendants, OpenEvidence does not provide an image of Mr. Roy's account and does not allege he entered an NPI belonging to another person. (*See id*. ¶ 75.)  However, in its prior *Pathway*

---

[2]  Mr. Karapetyan *is* a licensed physician in Armenia.

[3]  *See, e.g.,* NPI Number Validation Tool, https://npiprofile.com/validation/1234567893 (last accessed Nov. 24, 2025).

MF-364650216

amended complaint, OpenEvidence did include such an account screenshot, where Mr. Roy entered an NPI value of "1234567893." *See Pathway*, Am. Compl., Dkt. 61 ¶ 4 at Image # 3. The sequential numbering indicates that the 1234567893 value is a test number and not a real identification; indeed, publicly available NPI-lookup databases indicate the number is not valid.[4] OpenEvidence alleges that Mr. Roy submitted four queries to the chatbot. (Am. Compl. ¶ 82.)

Just as in earlier complaints, OpenEvidence strategically omits any description of its chatbot's **responses** to Defendants' queries. It also drops OpenEvidence's previously asserted theories that Defendants were somehow able to obtain unnamed "insights" about "aspects" of OpenEvidence's system prompt, or "reverse-engineer" unnamed OpenEvidence "algorithms." Dkt. 59 at 4. And although OpenEvidence alleges it has since "implement[ed] additional security measures" (*id.* ¶ 90), it does not allege that Defendants' queries harmed its technical systems in any way (*see id.* ¶¶ 90–91). Nor does OpenEvidence allege that *but for* the Individual Pathway Defendants' accounts and queries, it would *not* have needed to implement "additional security measures" as an appropriate scaled response to a user base of "hundreds of thousands of licensed healthcare professionals" submitting more than 15 million monthly medical questions. (*See id.* ¶¶ 21, 40 n.8.)

### LEGAL STANDARD

In evaluating a Fed. R. Civ. P. 12(b)(6) motion to dismiss, courts accept "as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party." *Thornton v. Ipsen Biopharmaceuticals, Inc.*, 126 F.4th 76, 78 (1st Cir. 2025) (cleaned up). Although detailed factual allegations are not required, a complaint must set forth "more than labels and conclusions;" a "formulaic recitation of the elements of a cause of action" is not enough. *Bell*

---

[4] *See, e.g.,* NPI Number Validation Tool, https://npiprofile.com/validation/1234567893 (last accessed Nov. 24, 2025).

*Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  This Court may consider the facts alleged in the complaint and annexed exhibits that are referenced in the complaint.  *Freeman v. Town of Hudson*, 714 F.3d 29, 35–36 (1st Cir. 2013).  Moreover, "within the Rule 12(b)(6) framework, a court may consider matters of public record and facts susceptible to judicial notice."  *United States ex rel. Winkelman v. CVS Caremark Corp.*, 827 F.3d 201, 208 (1st Cir. 2016).  A court may dismiss a claim under Rule 12(b)(6) if it does not "state clearly which defendant or defendants committed each of the alleged wrongful acts."  *Bagheri v. Galligan*, 160 F. App'x 4, 5 (1st Cir. 2005).

## ARGUMENT

## I.  OPENEVIDENCE FAILS TO STATE A CLAIM UNDER THE COMPUTER FRAUD AND ABUSE ACT (Count I)

OpenEvidence's CFAA claim fails as to the Individual Pathway Defendants because all they are alleged to have done is use a public website to access information OpenEvidence provides to the public.  It additionally fails for the reasons stated in the Concurrent Motion to Dismiss, which the Individual Pathway Defendants incorporate by reference.  *See* Dkt. 59.

The core of OpenEvidence's allegations as to the Individual Pathway Defendants is contained within five paragraphs of the amended complaint.  (*See* Am. Compl. ¶¶ 78, 79, 80, 82, 83).  OpenEvidence identified 20 specific queries with respect to Mullie, (*id*. ¶¶ 78, 79, 82), four with respect to Hershon (*id*. ¶ 83), four with respect to Karapetyan, two with respect to Yamga, two with respect to Mohammed, and two with respect to Roy, (*id*. ¶ 82).  A chatbot is meant to receive queries, and entering queries cannot be a violation of the CFAA.

### A.  OpenEvidence Fails to Plead Unauthorized Access Under the CFAA

The elements of a CFAA claim are as follows:

(1)     The defendant:

      a.     "intentionally accesses a computer without authorization," or
      b.     "exceeds authorized access;" and

(2)    Thereby obtains computer information.

*See Van Buren v. United States*, 593 U.S. 374, 379 (2021).  "[W]hen a computer network generally permits public access to its data, a user's accessing that publicly available data will not constitute access without authorization under the CFAA." *hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180, 1200-1201 (9th Cir. 2022).

OpenEvidence does allege that it limits the ***number*** of questions non-account holders may submit each week. (*See id.* ¶ 69 (alleging it "would have been impossible" for Defendants to enter the same number of queries "had their access been limited to that granted non-verified users").) But OpenEvidence does not allege, as to any specific query, that the Individual Pathway Defendants would have received different answers or information through the fully-public interface.  Nor does OpenEvidence allege that the specific, limited information the Individual Pathway Defendants obtained through their queries on OpenEvidence's public platform was unavailable to the public or otherwise proprietary.

OpenEvidence's decision to allow registered users to ask more questions in a given timeframe (*see* Am. Compl. ¶ 48) does not create an access restriction to protected computer information under the CFAA.  Nor does OpenEvidence's requirement that some (but not all) users enter an NPI at registration constitute an access restriction, particularly not when OpenEvidence permitted the accounts creation because it did not have a system in place to verify those NPIs.  *See Pathway*, Am. Compl., Dkt. 61 ¶ 4. A "violation of the terms of use of a website—without more— cannot establish liability under the CFAA."  *See Facebook, Inc. v. Power Ventures, Inc.*, 844 F.3d 1058, 1067 (9th Cir. 2016).

## B. OpenEvidence Fails to Plead Cognizable Damages Under the CFAA

OpenEvidence also fails to plead cognizable damages, and its claims should be dismissed on that ground alone. The CFAA only authorizes civil claims in circumstances where a defendant caused a loss of at least $5,000 in a one-year period. 18 U.S.C. § 1030(c)(4)(A)(i)(1). As the Supreme Court has observed: "The statutory definitions of 'damage' and 'loss' thus focus on technological harms—such as the corruption of files—of the type unauthorized users cause to computer systems and data." *Van Buren v. United States*, 593 U.S. 374, 391–92 (2021). OpenEvidence does not even attempt to allege facts that could satisfy this requirement. The amended complaint "does not mention any actual losses caused by the alleged computer intrusion, nor is there any suggestion of a mechanism for causing such losses." *Welter v. Med. Pro. Mut. Ins. Co.*, No. 22-cv-11047-PBS, 2023 WL 2988627, at *10 (D. Mass. Feb. 23, 2023). OpenEvidence includes a boilerplate reference to unnamed "costs of restoring data, systems, and security protocols to their condition prior to the offense" among its damages, but it fails to provide any plausible substantiation for such damages. (Am. Compl. ¶ 99.)

OpenEvidence's allegations of damages are even thinner with respect to the Individual Pathway Defendants. OpenEvidence states that "Defendants' conduct caused damage and loss to OpenEvidence." (Am. Compl. ¶ 99.) This conduct appears to comprise, at most, "hundreds of queries" submitted by unspecified Pathway Defendants. (Am. Compl. ¶ 82.) That amount is negligible compared to the alleged "15 million monthly medical questions" OpenEvidence processes.[5]

In any event, OpenEvidence's claims against the Individual Pathway Defendants must fail because it does not identify specific wrongful acts, let alone which entity performed them. "[A]

---

[5] *See* Am. Compl. ¶ 40 n.8; Press Release, Thomas Laffont, et al., Partner with OpenEvidence (June 16, 2025), https://www.coatue.com/blog/press/partnering-with-openevidence.

plaintiff cannot 'lump' defendants together when it cannot be reasonably inferred that all of the defendants were involved in the alleged misconduct, or it is otherwise not clear to which defendant or defendants the plaintiff is referring." *Sires v. Hefferman*, No. 10-11993-MLW, 2011 WL 2516093, at *5 (D. Mass. June 21, 2011). The amended complaint alleges only general harms (¶ 90) and fails to "state clearly which defendant or defendants committed each of the alleged wrongful acts" and must be dismissed as to the Individual Pathway Defendants. *Bagheri*, 160 F. App'x at 5.

The CFAA claim should be dismissed as to each of the Individual Pathway Defendants.

## II. OPENEVIDENCE FAILS TO STATE A CLAIM FOR BREACH OF CONTRACT (Count II)

OpenEvidence's breach of contract claim fails as to the Individual Pathway Defendants because Plaintiff does not plead the terms of each contract that purportedly bound each Defendant. It additionally fails for the reasons stated in the Concurrent Motion to Dismiss, which the Individual Pathway Defendants incorporate by reference. *See* Dkt. 59.

OpenEvidence has failed to plausibly allege the terms of a contract with any Individual Pathway Defendant. Critically, the version of the "Xyla Inc. Network Terms of Use" attached to the amended complaint was updated on "November 21, 2024" (*id.* ¶ 45), even though OpenEvidence alleges that Defendants registered for accounts "[b]eginning in October 2023" (*id.* ¶ 74). Thus, it is unclear whether the specific version of the OpenEvidence terms attached to the amended complaint was in effect at the time any Defendant completed registration or during the complained-of conduct. OpenEvidence does not allege that, at the time each Individual Pathway Defendant created his account, it had a "clickwrap" user flow in place requiring express consent to the then-existing Terms of Use. *See* Concurrent Motion to Dismiss, Dkt. 59 at 14-16.

MF-364650216

Indeed, according to OpenEvidence's current and prior pleadings, each of the Individual Pathway Defendants could not have been directed to the attached November 21, 2024, Terms of Use, as they either registered for or "last updated" their accounts before that date. OpenEvidence has pled generally that the Individual Pathway Defendants began using OpenEvidence "in October 2023," (Am. Compl. ¶¶ 74). OpenEvidence has also pleaded specifically that:

- Khudhur Mohammed registered for an account sometime in July 2024 or August 2024. *OpenEvidence, Inc. v. Pathway Medical, Inc. and Louis Mullie*, 1:25-cv-10471-MJJ, Dkt. 61 ¶ 60.

- Vince Roy registered for an account in August 2024. *OpenEvidence, Inc. v. Pathway Medical, Inc. and Louis Mullie*, 1:25-cv-10471-MJJ, Dkt. 61 ¶ 60.

- Louis Mullie registered for an account "on or around September 27, 2024." *OpenEvidence, Inc. v. Pathway Medical, Inc. and Louis Mullie*, 1:25-cv-10471-MJJ, Dkt. 1 ¶ 67.

- Jonathan Hershon St-Jean's registration is shown as "lastUpdatedAt" September 2024 (Am. Compl. ¶ 75 at Image #6.)

- Hovhannes Karapetyan registered for an account in October 2024. *OpenEvidence, Inc. v. Pathway Medical, Inc. and Louis Mullie*, 1:25-cv-10471-MJJ, Dkt. 61 ¶ 60.

Because each of the Individual Defendants created or last updated their accounts before the Amended Complaint's attached Terms of Use from November 2024 came into effect, the amended complaint fails to "state clearly which defendant or defendants committed each of the alleged wrongful acts." *Bagheri*, 160 F. App'x at 5. The breach of contract claim should be dismissed as to the Individual Pathway Defendants.

### III. OPENEVIDENCE FAILS TO STATE A CLAIM FOR TRESPASS TO CHATTELS (Count IV)

OpenEvidence's trespass to chattels claim fails as to the Individual Pathway Defendants, because a few hundred total queries spanning more than a year cannot rise to the level of trespass as a matter of law. The claim additionally fails for the reasons stated in the corporate Defendants' Motion to Dismiss, which the Individual Pathway Defendants incorporate by reference.

A defendant is only liable for trespass to chattels if:

(a) he dispossesses the other of the chattel, or

(b) the chattel is impaired as to its condition, quality, or value, or

(c) the possessor is deprived of the use of the chattel for a substantial time, or

(d) bodily harm is caused to the possessor, or harm is caused to some person or thing in which the possessor has a legally protected interest.

*Heal v. Wells Fargo, N.A. as Tr. for WaMu Mortg. Pass-Through Certificates Servs. 2006-PR2 Tr.*, 560 F. Supp. 3d 347, 364 (D. Mass. 2021) (granting summary judgment for failure to prove property was "interfered with or taken away"). As courts in other jurisdictions have recognized, ordinary web traffic and data queries do not dispossess or deprive a website owner of its servers or data unless they harm or burden the system. *See, e.g.*, *Ticketmaster Corp. v. Tickets.com, Inc.*, No. 99CV7654, 2000 WL 1887522, at *4 (C.D. Cal. Aug. 10, 2000) (denying relief where automated search robots consumed a negligible portion of server resources and did not interfere with regular business operations). That principle holds even in cases where—unlike here—a party has engaged in automated "data scraping." *See OCLC, Inc. v. Anna's Archive*, No. 2:24-cv-144, 2025 WL 1235238, at *7 (S.D. Ohio Mar. 21, 2025) ("[A]bsent a crash, data loss, or a similar catastrophe, the Court struggles to see how data scraping can constitute a trespass.").

OpenEvidence's core allegation is that "hundreds of queries" submitted by unspecified Pathway Defendants somehow resulted in harm to OpenEvidence. (Am. Compl. ¶ 82.)

Considering that OpenEvidence receives "15 million monthly medical questions," from "hundreds of thousands" of medical professionals, (*see* Am. Compl. ¶¶ 21, 40 n.8), OpenEvidence's purported harm resulting from a few hundred queries spanning more than a year is not plausible.

In any event, OpenEvidence does not identify what specific conduct by each Defendant led to its alleged harm. "[A] plaintiff cannot 'lump' defendants together when it cannot be reasonably inferred that all of the defendants were involved in the alleged misconduct, or it is otherwise not clear to which defendant or defendants the plaintiff is referring." *Sires*, 2011 WL 2516093 at *5. The amended complaint fails to "state clearly which defendant or defendants committed each of the alleged wrongful acts" and must be dismissed as to the Individual Pathway Defendants. *Bagheri*, 160 F. App'x at 5.

Because individual user activity on a public website cannot impair a defendant's computer systems, the trespass to chattels claim should be dismissed.

## CONCLUSION

For the reasons stated in the foregoing motion to dismiss, as well as the arguments presented in the parallel motion to dismiss by the corporate and Doximity defendants, the claims against the individual Pathway defendants should be dismissed.

Dated: November 24, 2025          MORRISON & FOERSTER LLP

         */s/ Nathaniel R. Mendell*
         MORRISON & FOERSTER LLP
         DANIEL P. MUINO (pro hac vice, pending)
         CAROLYN M. HOMER (pro hac vice, pending)
         DAVID NATHANIEL TAN (pro hac vice, pending)
         2100 L St., NW, Suite 900
         Washington, D.C. 20037
         Telephone: (202) 887-1500
         Facsimile: (202) 637-2201
         Email: dmuino@mofo.com

MF-364650216

cmhomer@mofo.com
NTan@mofo.com


MORRISON & FOERSTER LLP
Nathaniel R. Mendell
200 CLARENDON STREET
BOSTON, MA 02116
Tel: (617) 648-4700
Email: NMendell@mofo.com

*Counsel for Defendants Louis Mullie; Jonathan
Hershon St-Jean; Hovhannes Karapetyan;
Khudhur Mohammed; and Vince Roy*

MF-364650216

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.4(c), I hereby certify that on this 24th day of November, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of this filing to all counsel of record by electronic means.

_/s/ Nathaniel R. Mendell_
Nathaniel R. Mendell