UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OPENEVIDENCE INC., | Civil Action No. 25-11802-RGS |
| *Plaintiff*, | |
| v. | |
| DOXIMITY, INC., JEY BALACHANDRAN, JAKE KONOSKE, PATHWAY MEDICAL, INC., LOUIS MULLIE, JONATHAN HERSHON ST-JEAN, HOVHANNES KARAPETYAN, ERIC YAMGA, KHUDHUR MOHAMMED, and VINCE ROY, | |
| *Defendants*. | |

## OPENEVIDENCE INC.'S ANSWER TO
## DOXIMITY, INC's AMENDED COUNTERCLAIMS

Plaintiff and Counterclaim-Defendant OpenEvidence Inc. ("OpenEvidence") hereby submits its Answer and Affirmative Defenses to Defendant and Counterclaim-Plaintiff Doximity, Inc.'s ("Doximity") Amended Counterclaims (Dkt. 60).[1] Each of the paragraphs below corresponds to the same-numbered paragraphs or unnumbered paragraphs in the Amended Counterclaims. OpenEvidence denies all allegations in the Amended Counterclaims, whether express or implied, including any allegations or legal conclusions made in headings within the Amended Complaint, that are not specifically admitted below. OpenEvidence also denies that Counterclaim-Plaintiff is entitled to the relief requested or any other relief. Any factual allegation

---

[1]    Both corporate Defendants Doximity, Inc. and Pathway, Inc. filed Amended Counterclaims against OpenEvidence Inc., Dkt. 60, however, this Court dismissed all claims of Pathway. *See* Dkt. 87. ("Because the Amended Counterclaim does not identify a single example of an actionable false statement or deceptive misrepresentation which OpenEvidence made about Pathway in a commercial advertisement, the court will allow the motion to dismiss the Lanham Act claim of Pathway without further discussion . . . The court will dismiss the Chapter 93 claim of Pathway for the same reasons it dismissed the Lanham Act claim, namely, that the Amended Counterclaim is devoid of any allegation of misconduct by OpenEvidence against Pathway.").

below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that arguably follow from the admitted facts. To the extent any factual allegations are not explicitly admitted, they are denied. OpenEvidence bases its responses on its knowledge as to its own activities.

OpenEvidence reserves all rights with respect to Counterclaim-Plaintiff's allegations in their Amended Counterclaims. OpenEvidence also reserves the right to amend and/or supplement this Answer and reserves all defenses set out in Federal Rule of Civil Procedure 8(c) and any other defenses, at law or in equity, which become applicable after the completion of discovery or otherwise in the course of litigation. OpenEvidence, by and through its attorneys, answers as follows:

## NATURE OF THE COUNTERCLAIMS

1. OpenEvidence admits that OpenEvidence is a medical AI platform that offers evidence-based clinical decision support that helps diagnose and treat medical conditions. OpenEvidence lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 1, and on that basis denies them.

2. Denied.

3. Paragraph 3 consists of Counterclaim-Plaintiff's characterizations of this lawsuit and legal arguments to which no response is required. To the extent a further response is required, OpenEvidence denies the allegations in Paragraph 3.

4. OpenEvidence lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 4, and on that basis denies them.

5. Paragraph 5 consists of Counterclaim-Plaintiff's characterizations of this lawsuit and legal arguments to which no response is required. To the extent the paragraph purports to describe OpenEvidence's pleadings, those documents speak for themselves. To the extent a further

response is required, OpenEvidence denies the allegations in Paragraph 5 and admits only that it has filed lawsuits against Doximity, Pathway, and Veracity Health.

6.      Denied.

7.      Denied.

8.      OpenEvidence admits that its platform has scored 100% on the United States Medical Licensing Examination as explained on its website.[2]  To the extent a further response is required, OpenEvidence denies the allegations in Paragraph 8.

9.      Denied.

10.      The allegations in Paragraph 10 set forth legal conclusions, to which no response is required.  To the extent a further response is required, OpenEvidence denies the allegations in Paragraph 10.

11.      The allegations in Paragraph 11 set forth legal conclusions, to which no response is required.  To the extent a further response is required, OpenEvidence denies the allegations in Paragraph 11.

12.      Denied, except to the extent OpenEvidence admits that Counterclaim-Plaintiff did bring the claims listed.

## **THE PARTIES**

13.      Plaintiff OpenEvidence admits that Counterclaim-Plaintiff Doximity is a corporation organized and existing under the laws of Delaware with its principal executive offices at 500 3rd Street, Suite 510, San Francisco, California 94107.

---

[2]    OpenEvidence Creates the First AI in History to Score a Perfect 100% on the United States Medical Licensing Examination (USMLE),
https://www.openevidence.com/announcements/openevidence-creates-the-first-ai-in-history-to-score-a-perfect-100percent-on-the-united-states-medical-licensing-examination-usmle.

14.     Plaintiff OpenEvidence admits that Defendant Pathway is a corporation organized and existing under the laws of Canada with its principal place of business in Montreal, Canada.

15.     Plaintiff OpenEvidence admits that it is a corporation organized and existing under the laws of Delaware.  OpenEvidence denies that its principal place of business is at 245 Main Street, Cambridge, Massachusetts 02142.

## JURISDICTION AND VENUE

16.     Paragraph 16 sets forth legal conclusions, to which no response is required.  To the extent a response is required, OpenEvidence admits that this Court has jurisdiction over the claims arising out of the Lanham Act.

17.     Paragraph 17 sets forth legal conclusions, to which no response is required.  To the extent a response is required, OpenEvidence admits that this Court has supplemental jurisdiction over the state law claims.

18.     Paragraph 18 sets forth legal conclusions, to which no response is required.  To the extent a response is required, OpenEvidence admits that this Court has personal jurisdiction over OpenEvidence.

19.     Paragraph 19 sets forth legal conclusions, to which no response is required.  To the extent a response is required, OpenEvidence admits that venue is proper in this district.

## FACTUAL ALLEGATIONS

### OpenEvidence's False Claims About User Verification & NPI Counts

20.     To the extent the allegations in Paragraph 20 characterize or describe quotes by Mr. Nadler, OpenEvidence refers to those sources for a full and accurate description of their content and deny any characterization or description that is inconsistent with those documents and other sources.  OpenEvidence denies the remaining allegations in Paragraph 20.

4

21.    To the extent the allegations in Paragraph 21 characterize or describe quotes attributed to OpenEvidence, OpenEvidence refers to those sources for a full and accurate description of their content and deny any characterization or description that is inconsistent with those sources.  OpenEvidence denies the remaining allegations in Paragraph 21.

22.    Denied.

23.    Paragraph 23 contains legal conclusions to which no response is required.  To the extent that a response is deemed required, OpenEvidence denies the allegations in Paragraph 23.

24.    To the extent Counterclaim-Plaintiff purports to quote or describe any statements, the statements speak for themselves.  OpenEvidence denies Doximity's characterization of those statements.

25.    Denied.

26.    OpenEvidence admits that NPI names and numbers are public and available for free download at cms.hhs.gov.  OpenEvidence otherwise denies the allegations in Paragraph 26.

27.    Denied.

28.    Denied.

29.    Denied.

30.    OpenEvidence lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and on that basis denies them.

31.    OpenEvidence lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and on that basis denies them.

32.    Denied.

33.     To the extent the paragraph purports to quote statements from an interview, those statements speak for themselves.  OpenEvidence denies any characterization of the statements.

### OpenEvidence's False and Misleading
### Claims About Accuracy and "No Hallucinations"

34.     Paragraph 34 contains legal conclusions to which no response is required.  To the extent that a response is deemed required, OpenEvidence denies the allegations in Paragraph 34.

35.     Denied.

36.     OpenEvidence lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, and on that basis denies them.

37.     OpenEvidence denies the allegations in Paragraph 37, including any implication that the source it cites applies to OpenEvidence's platform.  Furthermore, OpenEvidence lacks knowledge or information sufficient to form a belief as to the truth of the quotes alleged in Paragraph 37, and on that basis denies them.

38.     To the extent Counterclaim-Plaintiff purports to characterize any third-party reporting, that reporting speaks for itself.  OpenEvidence denies any characterization by Counterclaim-Plaintiff.

39.     To the extent Counterclaim-Plaintiff purports to characterize any third-party reporting, that reporting speaks for itself, and OpenEvidence denies any characterization by Counterclaim-Plaintiff.

40.     To the extent the paragraph purports to quote or reference video content, that content speaks for itself.  OpenEvidence denies any characterization of such content.

41.     Denied.

42.     Denied.

43.     OpenEvidence lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43, and on that basis denies them.

44.     OpenEvidence lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44, and on that basis denies them.

45.     OpenEvidence denies that the Medium article linked in Paragraph 45 is "reporting by an independent source," as the author of the article, Serelora,[3] is a competing medical AI platform.  To the extent the allegations in Paragraph 45 characterize or describe this Medium article, OpenEvidence refers to that article for a full and accurate description of their content and denies any characterization or description that is inconsistent with those documents or other sources.

46.     OpenEvidence lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46, and on that basis denies them.

47.      OpenEvidence lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47, and on that basis denies them.

48.     OpenEvidence denies the allegations in this paragraph, including Doximity's characterization of OpenEvidence's marketing.  To the extent the paragraph references any article, the article speaks for itself.

49.     OpenEvidence lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49, and on that basis denies them.

50.     OpenEvidence denies the allegations in this paragraph.  To the extent the paragraph purports to reference any of OpenEvidence's materials, those materials speak for themselves.

---

[3]   About Serelora, https://serelora.com/about.

51.     Denied.

52.     Paragraph 52 contains legal conclusions to which no response is required.  To the extent that a response is deemed required, OpenEvidence denies the allegations in Paragraph 52.

### OpenEvidence's Campaign of False and Misleading Statements About Doximity

53.     OpenEvidence lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 attributed to an uncited quote, and on that basis denies the allegations in Paragraph 53 related to that quote.  OpenEvidence otherwise denies the allegations in Paragraph 53.

54.     Paragraph 54 contains legal conclusions to which no response is required.  To the extent that a response is deemed required, OpenEvidence denies the allegations in Paragraph 54.

### Public Advertisements

55.     Paragraph 55 contains legal conclusions to which no response is required.  To the extent that a response is deemed required, OpenEvidence denies the allegations in Paragraph 55.

56.     Denied.

57.     To the extent Counterclaim-Plaintiff purports to characterize a LinkedIn post, that post speaks for itself.  OpenEvidence denies the allegations in this paragraph, including Doximity's characterization of such a post as an "advertisement" or any other characterization.

58.     OpenEvidence denies the allegations in this paragraph, including what the post allegedly "suggests" or "purports to show."  To the extent the paragraph references the post, the post speaks for itself.

59.     To the extent Counterclaim-Plaintiff purports to characterize a LinkedIn post, that post speaks for itself.  OpenEvidence otherwise denies the allegations in Paragraph 59.

60.     Paragraph 60 contains legal conclusions to which no response is required.  To the extent the paragraph purports to describe the post, the post speaks for itself.  To the extent that a further response is required, OpenEvidence lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60, and on that basis denies them.

61.      OpenEvidence lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61, and on that basis denies them.

62.     Denied.

63.     Paragraph 63 contains legal conclusions to which no response is required.  To the extent that a response is deemed required, OpenEvidence denies the allegations in Paragraph 63.

64.     To the extent the paragraph references OpenEvidence's statements, those statements speak for themselves.  OpenEvidence denies Doximity's characterization as advertisements.

65.     Paragraph 65 contains legal conclusions to which no response is required.  To the extent that a response is required, OpenEvidence denies the allegations in Paragraph 65.

66.     Denied.

67.     To the extent the paragraph purports to quote OpenEvidence's statements, those statements speak for themselves.  To the extent that a further response is required, OpenEvidence denies the allegations in Paragraph 67.

68.     Paragraph 68 contains legal conclusions to which no response is required.  To the extent that a response is deemed required, OpenEvidence denies the allegations in Paragraph 68.

69.     Paragraph 69 contains legal conclusions to which no response is required.  To the extent that a response is deemed required, OpenEvidence denies the allegations in Paragraph 69.

70.     OpenEvidence lacks knowledge or information sufficient to form a belief as to the truth of the allegations in second sentence of Paragraph 70, and on that basis denies them. OpenEvidence otherwise denies the allegations in Paragraph 70.

71.     Denied.

72.     Denied.

73.     Paragraph 74 contains legal conclusions to which no response is required.  To the extent that a response is deemed required, OpenEvidence denies the allegations in Paragraph 73.

74.     Denied.

### Fake LinkedIn News Sites

75.     Denied.

76.     To the extent the referenced LinkedIn pages exist, those pages speak for themselves.  OpenEvidence denies any characterization of them.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Paragraph 80 contains legal conclusions to which no response is required.  To the extent it references information in an advertisement library, OpenEvidence lacks knowledge

or information sufficient to form a belief as to the truth of the allegations in Paragraph 80, and on that basis denies them.

81.     To the extent Paragraph 81 references information in an advertisement library, OpenEvidence lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81, and on that basis denies them.

82.     To the extent Paragraph 82 references information in an advertisement library, OpenEvidence lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82, and on that basis denies them.

83.     To the extent it references information in an advertisement library, OpenEvidence lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83, and on that basis denies them.

84.     To the extent any referenced Delaware Secretary of State records exist, those records speak for themselves.  OpenEvidence denies any characterization of such records.

85.     Paragraph 85 contains legal conclusions to which no response is required.  To the extent that a response is deemed required, OpenEvidence denies the allegations in Paragraph 85.

86.     Paragraph 86 contains legal conclusions to which no response is required.  To the extent that a response is deemed required, OpenEvidence denies the allegations in Paragraph 86.

## **Social Media**

87.     Denied.

88.     Denied.

## **Client Pitch Decks**

89.     Denied.

11

90.     To the extent the paragraph purports to reference a pitch deck, that pitch deck speaks for itself.  OpenEvidence denies any characterization of such pitch deck.

91.     OpenEvidence lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 91, and on that basis denies them.

92.     To the extent the paragraph purports to reference a pitch deck, that pitch deck speaks for itself.  OpenEvidence denies any characterization of such pitch deck.

93.     Paragraph 93 contains legal conclusions to which no response is required.  To the extent that a response is deemed required, OpenEvidence denies the allegations in Paragraph 93.

### OpenEvidence's Deceptive and Unlawful Campaign<br>Is Intended to, and Does, Harm Doximity in the Market,<br><u>Poach Its Employees, And Interfere with Its Client Relationships</u>

94.     Denied.

95.     Denied.

96.     OpenEvidence denies that it engaged in improper or harassing recruitment.  To the extent any communications exist, those communications speak for themselves.

97.     Denied.

98.     OpenEvidence denies the allegations in this paragraph.  To the extent any communications exist, those communications speak for themselves.

99.     OpenEvidence denies the allegations in this paragraph.  To the extent any communications exist, those communications speak for themselves.

100.    Paragraph 100 consists of Counterclaim-Plaintiff's characterizations of this lawsuit and legal arguments to which no response is required.  To the extent a further response is required, OpenEvidence lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100, and on that basis denies them.

101.    Denied.

102.    Denied.

**OpenEvidence Targets Pathway**

103.    This paragraph concerns a claim that has been dismissed; as such, no answer is required.

104.    This paragraph concerns a claim that has been dismissed; as such, no answer is required.

105.    This paragraph concerns a claim that has been dismissed; as such, no answer is required.

106.    This paragraph concerns a claim that has been dismissed; as such, no answer is required.

107.    This paragraph concerns a claim that has been dismissed; as such, no answer is required.

108.    This paragraph concerns a claim that has been dismissed; as such, no answer is required.

109.    This paragraph concerns a claim that has been dismissed; as such, no answer is required.

110.    This paragraph concerns a claim that has been dismissed; as such, no answer is required.

## OpenEvidence Fails to Protect Patient Confidentiality

111.    Paragraph 93 contains legal conclusions to which no response is required.  To the extent that a response is deemed required, OpenEvidence denies the allegations in Paragraph 93.

112.    To the extent these paragraphs purport to quote or reference OpenEvidence's statements, those statements speak for themselves.  OpenEvidence denies any characterization of such statements.

113.    To the extent these paragraphs purport to quote or reference OpenEvidence's statements, those statements speak for themselves.  OpenEvidence denies any characterization of such statements.

114.    To the extent these paragraphs purport to quote or reference OpenEvidence's statements, those statements speak for themselves.  OpenEvidence denies any characterization of such statements.

115.    Paragraph 115 contains legal conclusions to which no response is required.  To the extent that a response is deemed required, OpenEvidence denies the allegations in Paragraph 115.

116.    Denied.

117.    OpenEvidence lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100, and on that basis denies them.

118.    OpenEvidence denies the allegations in Paragraph 118, including that it exposed PHI or that any publicly accessible information constitutes a HIPAA breach.  The example cited in this paragraph contains no identifying information and therefore does not constitute protected health information under HIPAA.  To the extent materials exist on websites or archival sites, those materials speak for themselves.

119.    Denied.  OpenEvidence otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119, and on that basis denies them.

120.    Denied.

## **OpenEvidence Sells User Prompt and Potential Patient Data to Advertisers**

121.    Paragraph 121 contains legal conclusions to which no response is required.  To the extent that a response is deemed required, OpenEvidence denies the allegations in Paragraph 121.

122.    To the extent Paragraph 122 purports to quote or reference any pitch materials, the materials speak for themselves.  OpenEvidence denies any characterization of such materials.

123.    To the extent Paragraph 123 purports to reference or quote OpenEvidence's Privacy Policy, that Privacy Policy speaks for itself.  OpenEvidence denies any characterization of the Policy.

124.    Paragraph 124 contains legal conclusions to which no response is required.  To the extent that a response is deemed required, OpenEvidence denies the allegations in Paragraph 124.

125.    OpenEvidence denies that its Privacy Policy allows for the sale of queries to advertisers and further denies that is shares the PHI of the actual individuals "publicly on the OpenEvidence platform."  To the extent Counterclaim-Plaintiff attempts to characterize OpenEvidence's Privacy Policy and Business Associate Agreement, those documents speak for themselves.

126.    Paragraph 126 contains legal conclusions to which no response is required.  To the extent that a response is deemed required, OpenEvidence denies the allegations in Paragraph 126.

127.     OpenEvidence lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127, and on that basis denies them.

### OpenEvidence Harasses Physician Critics

128.     Denied.

129.     Denied.

130.     Denied.

131.     OpenEvidence lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131, and on that basis denies them.

132.     To the extent the paragraph references OpenEvidence's statements, those statements speak for themselves.  OpenEvidence denies any characterization of such statements.

133.     Denied.

### CLAIMS FOR RELIEF

### COUNT I
### (False Advertising in Violation of the Lanham Act (15 U.S.C. § 1125(A))
### (On behalf of Doximity and Pathway)

134.     OpenEvidence reasserts and incorporates its responses to Paragraphs 1 through 133 of Counterclaim-Plaintiff's Amended Counterclaims.

135.     Denied.

136.     Denied.

137.     Denied.

138.     Denied.

139.     Denied.

140.     Denied.

141.     Denied.

142.     Denied.

143.    Denied.

144.    Denied.

## COUNT II
### (Violations of Mass. Gen. L. c. 93A §§ 2 and 11)
### (On behalf of Doximity and Pathway)

145.    OpenEvidence reasserts and incorporates its responses to Paragraphs 1 through 144 of Counterclaim-Plaintiff's Amended Counterclaims.

146.    Paragraph 146 contains legal conclusions to which no response is required.  To the extent that a response is deemed required, OpenEvidence denies the allegations in Paragraph 146.

147.    Denied.

148.    Denied.

149.    Denied.

150.    Denied.

151.    Denied.

152.    Denied.

## COUNT III
### (Defamation, Mass. G.L. Ch. 231, § 92.)
### (On behalf of Doximity)

153.    OpenEvidence reasserts and incorporates its responses to Paragraphs 1 through 152 of Counterclaim-Plaintiff's Amended Counterclaims.

154.    Denied.

155.    Denied.

156.    Denied.

157.    Denied.

158.    Denied.

159.    Denied.

160.    Denied.

### DEMAND FOR JURY TRIAL
### (AS TO DOXIMITY AND PATHWAY'S AMENDED COUNTERCLAIMS)

OpenEvidence demands a trial by jury on all issues so triable.

### AFFIRMATIVE AND OTHER DEFENSES

OpenEvidence undertakes the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are identified below. OpenEvidence expressly reserves the right to plead additional affirmative and other defenses should any such defenses be revealed by discovery in this case or any other means. For its affirmative and other defenses, OpenEvidence states as follows:

### FIRST AFFIRMATIVE DEFENSE

Counterclaim-Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, *in pari delicto*, and assumption of risk.

### SECOND AFFIRMATIVE DEFENSE

Counterclaim-Plaintiff's claims are barred, in whole or in part, because Counterclaim-Plaintiff has not suffered any injury-in-fact or damages as a result of any alleged actions by OpenEvidence.

### THIRD AFFIRMATIVE DEFENSE

Counterclaim-Plaintiff's claims are barred, in whole or in part, by its failure to mitigate its alleged damages.

## FOURTH AFFIRMATIVE DEFENSE

Counterclaim-Plaintiff's claims are barred, in whole or in part, because recovery would result in unjust enrichment to Counterclaim-Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

Counterclaim-Plaintiff's claims are barred, in whole or in part by the doctrines of laches, waiver, acquiescence, ratification and/or estoppel.

## SIXTH AFFIRMATIVE DEFENSE

Counterclaim-Plaintiff's claims for false advertising and defamation are barred because the alleged statements are either truthful or puffery and thus unactionable.

## SEVENTH AFFIRMATIVE DEFENSE

Counterclaim-Plaintiff lacks standing to assert its Lanham Act claim because it has not suffered a competitive or commercial injury.

## EIGHTH AFFIRMATIVE DEFENSE

Counterclaim-Plaintiff's Lanham Act claim is barred, in whole or in part, because Counterclaim-Plaintiff cannot establish a likelihood of consumer confusion or deception.

## NINTH AFFIRMATIVE DEFENSE

Counterclaim-Plaintiff's claim under Chapter 93A of Massachusetts General Laws is barred, in whole or in part, because OpenEvidence did not engage in any unfair method of competition or unfair or deceptive act or practice, and Counterclaim-Plaintiff's alleged injuries and losses did not result from any of the same.

## TENTH AFFIRMATIVE DEFENSE

The imposition of treble damages would be punitive and violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and the Excessive Fines Clause of the United States Constitution.

## ELEVENTH AFFIRMATIVE DEFENSE

Counterclaim-Plaintiff's Amended Counterclaims, in whole or in part, fails to state a claim against OpenEvidence upon which Relief can be granted.

## TWELFTH AFFIRMATIVE DEFENSE

Counterclaim-Plaintiff's Amended Counterclaims, in whole or in part, are barred because they are frivolous, brought in bad faith, and/or brought for an improper purpose.

## THIRTEENTH AFFIRMATIVE DEFENSE

Counterclaim-Plaintiff's Amended Counterclaims, in whole or in part, are barred because Counterclaim-Plaintiff cannot establish that OpenEvidence caused any of the harm for which Counterclaim-Plaintiff seeks redress.

## FOURTEENTH AFFIRMATIVE DEFENSE

Counterclaim-Plaintiff is barred from recovery for any claim, including any claim resting on allegations of improper means or malintent, in whole or in part, because the actions taken by OpenEvidence, if any, with respect to Counterclaim-Plaintiff were based on an honest, reasonable, and good faith belief in the facts as known and understood at the time.

## PRAYER FOR RELIEF
## (AS TO DOXIMITY AND PATHWAY'S AMENDED COUNTERCLAIMS)

These paragraphs of the Amended Counterclaims set forth the statement of relief requested by Counterclaim-Plaintiff to which no response is required. OpenEvidence denies that Counterclaim-Plaintiff is entitled to any of the requested relief and denies any allegations contained therein.

Dated: February 5, 2026

/s/ Stephen Broome

Stephen Broome (admitted pro hac vice)
stephenbroome@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 South Figueroa Street, 10th
Floor Los Angeles, California
90017-2543
(213) 443-3000

Stacylyn M. Doore (BBO# 678449)
Ryan P. Gorman (BBO# 707239)
Vanessa Rodriguez (BBO# 713607)
Zi Chun Wang (BBO# 709803)
stacylyndoore@quinnemanuel.com
ryangorman@quinnemanuel.com
vanessarodriguez@quinnemanuel.com
michellewang@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100

Nathan Hamstra (admitted pro hac vice)
nathanhamstra@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
(312) 705-7400

Attorneys for OpenEvidence, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document filed today through the Court's CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Stephen Broome*

Stephen Broome (admitted pro hac vice)
stephenbroome@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 South Figueroa Street, 10th
Floor Los Angeles, California
90017-2543
(213) 443-3000