UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
OPENEVIDENCE INC.,                         :
                                           :
              Plaintiff,                   :   Civil Action
                                           :   No. 25-11802-RGS
       v.                                  :
                                           :   JURY TRIAL DEMANDED
DOXIMITY, INC., JEY BALACHANDRAN,          :
JAKE KONOSKE, PATHWAY MEDICAL,             :
INC., LOUIS MULLIE, JONATHAN               :
HERSHON ST-JEAN, HOVHANNES                 :
KARAPETYAN, ERIC YAMGA, KHUDHUR            :
MOHAMMED, and VINCE ROY,                   :
                                           :
              Defendants.                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## LOUIS MULLIE, JONATHAN HERSON ST-JEAN, HOVHANNES KARAPETYAN, KHUDHUR MOHAMMED, AND VINCE ROY'S ANSWER TO AMENDED COMPLAINT

Defendants Louis Mullie, Jonathan Herson St-Jean, Hovannes Karapetyan, Khudhur Mohammed, and Vince Roy (collectively, the "Individual Pathway Defendants"), by and through their undersigned counsel, hereby answer the Amended Complaint of Plaintiff OpenEvidence Inc. ("Plaintiff") as follows:

The Individual Pathway Defendants are not responding to the headings in the Amended Complaint; to the extent a response is required, any allegations contained in the headings are denied. The Prayer for Relief and Demand for Jury Trial in the Amended Complaint do not contain allegations of fact and are therefore omitted from this Answer. Unless expressly admitted, all allegations contained in the Amended Complaint are denied. The Individual Pathway Defendants reserve the right to amend and/or supplement this Answer.

## **INTRODUCTION**

1.      The Individual Pathway Defendants admit that Plaintiff has brought this action, and that Doximity is a publicly traded healthcare technology company. To the extent the allegations in Paragraph 1 characterize or describe documents or other sources, the Individual Pathway Defendants refer to those documents or sources for a full and accurate description of their content and deny any characterization or description that is inconsistent with those documents or other sources. The Individual Pathway Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and therefore deny those allegations.

2.      The Individual Pathway Defendants admit that Doximity acquired Pathway in July 2025. The Individual Pathway Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 and therefore deny those allegations.

3.      The Individual Pathway Defendants admit that: (i) Jey Balachandran is Doximity's Chief Technology Officer and (ii) Jake Konoske is Doximity's Director of Products. The Individual Pathway Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 and therefore deny those allegations.

4.      The Individual Pathway Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's characterizations regarding its own platform and therefore deny those allegations. The Individual Pathway Defendants admit that Doximity operates a professional networking platform for healthcare professionals and offers certain clinical and workflow tools. The Individual Pathway Defendants deny all of the remaining allegations in Paragraph 4.

5. To the extent the allegations in Paragraph 5 characterize or describe documents or other sources, the Individual Pathway Defendants refer to those documents or sources for a full and accurate description of their content and deny any characterization or description that is inconsistent with those documents or other sources. The Individual Pathway Defendants admit that Doximity offers AI-powered clinical tools. The Individual Pathway Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore deny those allegations.

6. The Individual Pathway Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore deny those allegations.

7. The Individual Pathway Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore deny those allegations.

8. The Individual Pathway Defendants deny the allegations in Paragraph 8.

9. Paragraph 9 contains Plaintiff's characterization of its claims and/or legal conclusions to which no response is required. To the extent a response is required, the Individual Pathway Defendants deny the allegations in Paragraph 9.

10. The Individual Pathway Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore deny those allegations.

11. To the extent the allegations in Paragraph 11 characterize or describe documents or other sources, the Individual Pathway Defendants refer to those documents or sources for a full and accurate description of their content and deny any characterization or description that is

inconsistent with those documents or other sources. The Individual Pathway Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 and therefore deny those allegations.

12. The Individual Pathway Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore deny those allegations.

13. Paragraph 13 contains Plaintiff's characterization of its claims and/or legal conclusions to which no response is required. To the extent a response is required, the Individual Pathway Defendants deny the allegations in Paragraph 13.

14. The Individual Pathway Defendants deny the allegations in Paragraph 14, except admit that (i) Doximity acquired Pathway in July 2025 and (ii) Louis Mullie caused a query containing the text quoted in Paragraph 14 to be submitted as a query to OpenEvidence's AI platform.

15. The allegations in Paragraph 15 state Plaintiff's characterization of its claims and legal conclusions to which no response is required. To the extent a response is required, the Individual Pathway Defendants admit that Plaintiff purports to bring claims under various legal theories but deny that Plaintiff accurately states those claims and/or is entitled to any of the requested relief.

## **NATURE OF THE ACTION**

16. The allegations in Paragraph 16 state Plaintiff's characterization of its claims and legal conclusions to which no response is required. To the extent a response is required, the Individual Pathway Defendants admit that Plaintiff purports to bring claims under various legal

theories but deny that Plaintiff accurately states those claims and/or is entitled to any of the requested relief.

17. The Individual Pathway Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore deny those allegations.

18. The allegations in Paragraph 18 state Plaintiff's characterization of its claims and legal conclusions to which no response is required. To the extent a response is required, the Individual Pathway Defendants deny the allegations in Paragraph 18.

19. The allegations in Paragraph 19 state Plaintiff's characterization of its claims and legal conclusions to which no response is required. To the extent a response is required, the Individual Pathway Defendants deny the allegations in Paragraph 19.

20. The allegations in Paragraph 20 state Plaintiff's characterization of its claims and legal conclusions to which no response is required. To the extent a response is required, the Individual Pathway Defendants deny the allegations in Paragraph 20.

## THE PARTIES

21. The Individual Pathway Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore deny those allegations.

22. With regard to the second sentence of Paragraph 22, the Individual Pathway Defendants admit that Doximity operates a professional network for healthcare professionals and offers AI-powered medical tools but denies any characterization thereof. The Individual Pathway Defendants admit the remaining allegations in Paragraph 22.

23. The Individual Pathway Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore deny those allegations.

24. The Individual Pathway Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore deny those allegations.

25. The Individual Pathway Defendants deny the allegations in Paragraph 25, except admit that: (i) Pathway is a Canadian corporation with its principal place of business in Montreal, (ii) Doximity acquired Pathway in July 2025, and (iii) Pathway is now a wholly owned subsidiary of Doximity.

26. The Individual Pathway Defendants deny the allegations in Paragraph 26, except admit that: (i) Defendant Mullie resides in Canada, (ii) Defendant Mullie co-founded Pathway and has served as its Chief Medical Officer, (iii) Defendant Mullie is a licensed medical professional in Canada, and (iv) Defendant Mullie does not possess a United States NPI number.

27. The Individual Pathway Defendants deny the allegations in Paragraph 27, except admit that Defendant St-Jean co-founded Pathway and has served as its Chief Executive Officer.

28. The Individual Pathway Defendants deny the allegations in Paragraph 28, except admit that Defendant Karapetyan has served as Pathway's Clinical Content Lead.

29. The Individual Pathway Defendants deny the allegations in Paragraph 29.

30. The Individual Pathway Defendants deny the allegations in Paragraph 30, except admit that Defendant Mohammed has served as a designer and engineer for Pathway.

31. The Individual Pathway Defendants deny the allegations in Paragraph 31, except admit that (i) Defendant Roy resides in Canada, (ii) Defendant Roy has served as Pathway's Chief Technology Officer, and (iii) Defendant Roy is not a doctor.

## JURISDICTION AND VENUE

32. The allegations in Paragraph 32 contain legal conclusions to which no response is required. To the extent a response is required, the Individual Pathway Defendants deny the allegations in Paragraph 32.

33. The allegations in Paragraph 33 contain legal conclusions to which no response is required. To the extent the allegations in Paragraph 33 characterize or describe OpenEvidence's Terms of Use and Privacy Policy, the Individual Pathway Defendants refer to those documents for a full and accurate description of their content and deny any characterization or description that is inconsistent with those documents. The Individual Pathway Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and therefore deny those allegations.

34. The Individual Pathway Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and therefore deny those allegations.

35. The allegations in Paragraph 35 contain legal conclusions to which no response is required. To the extent a response is required, the Individual Pathway Defendants deny the allegations in Paragraph 35.

36. The allegations in Paragraph 36 contain legal conclusions to which no response is required. To the extent a response is required, the Individual Pathway Defendants deny the allegations in Paragraph 36.

37. The Individual Pathway Defendants deny the allegations in Paragraph 37, except admit that venue is proper in this judicial district.

## FACTUAL BACKGROUND

### OpenEvidence's Revolutionary AI Platform

38. To the extent the allegations in Paragraph 38 characterize or describe documents or other sources, the Individual Pathway Defendants refer to those documents or sources for a full and accurate description of their content and deny any characterization or description that is inconsistent with those documents or other sources. The Individual Pathway Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38 and therefore deny those allegations.

39. The Individual Pathway Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and therefore deny those allegations.

40. To the extent the allegations in Paragraph 40 characterize or describe documents or other sources, the Individual Pathway Defendants refer to those documents or sources for a full and accurate description of their content and deny any characterization or description that is inconsistent with those documents or other sources. The Individual Pathway Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 and therefore deny those allegations.

41. To the extent the allegations in Paragraph 41 characterize or describe documents or other sources, the Individual Pathway Defendants refer to those documents or sources for a full and accurate description of their content and deny any characterization or description that is inconsistent with those documents or other sources. The Individual Pathway Defendants lack

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41 and therefore deny those allegations.

**OpenEvidence's Terms of Use and Access Restrictions**

42. The Individual Pathway Defendants deny the allegations in Paragraph 42, except admit that OpenEvidence generates revenue by selling digital advertising space to pharmaceutical and medical device companies.

43. To the extent the allegations in Paragraph 43 characterize or describe the document attached to Plaintiff's Amended Complaint as Exhibit A, the Individual Pathway Defendants refer to that document for a full and accurate description of its content and deny any characterization or description that is inconsistent with it. The Individual Pathway Defendants deny the remaining allegations in Paragraph 43.

44. To the extent the allegations in Paragraph 44 characterize or describe the document attached to Plaintiff's Amended Complaint as Exhibit A, the Individual Pathway Defendants refer to that document for a full and accurate description of its content and deny any characterization or description that is inconsistent with it. The Individual Pathway Defendants deny the remaining allegations in Paragraph 44, except admit that Defendants Mullie, St-Jean, Karapetyan, Mohammed, and Roy registered for accounts. The Individual Pathway Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44 and therefore deny those allegations.

45. The allegations in Paragraph 45 contain legal conclusions to which no response is required. To the extent a response is required, the Individual Pathway Defendants deny the allegations in Paragraph 45, except admit that the document attached to Plaintiff's Amended Complaint as Exhibit A contains the language excerpted in the first sentence of Paragraph 45.

The Individual Pathway Defendants refer to that document for a full and accurate description of its content.

46. The allegations in Paragraph 46 contain legal conclusions to which no response is required. To the extent a response is required, the Individual Pathway Defendants deny the allegations in Paragraph 46, except admit that the document attached to Plaintiff's Amended Complaint as Exhibit A contains the language excerpted in the first sentence of Paragraph 46. The Individual Pathway Defendants refer to that document for a full and accurate description of its content.

47. The allegations in Paragraph 47 contain legal conclusions to which no response is required. To the extent a response is required, the Individual Pathway Defendants deny the allegations in Paragraph 47, except admit that the document attached to Plaintiff's Amended Complaint as Exhibit A contains the language excerpted in the first sentence of Paragraph 47. The Individual Pathway Defendants refer to that document for a full and accurate description of its content.

48. The Individual Pathway Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and therefore deny those allegations, except admit that OpenEvidence allows non-verified members of the public to access its AI platform.

**Doximity and Pathway's Two-Pronged Strategy: Front Door and Back Door**

49. The Individual Pathway Defendants deny the allegations in Paragraph 49.

50. The Individual Pathway Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and therefore deny those allegations.

51. The Individual Pathway Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and therefore deny those allegations.

52. The Individual Pathway Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and therefore deny those allegations.

53. The Individual Pathway Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and therefore deny those allegations.

54. The Individual Pathway Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and therefore deny those allegations.

**The Doximity Defendants' Systematic Campaign of Identity Theft and Unauthorized Access**

55. The Individual Pathway Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and therefore deny those allegations.

56. To the extent the allegations in Paragraph 56 characterize or describe documents or other sources, the Individual Pathway Defendants refer to those documents or sources for a full and accurate description of their content and deny any characterization or description that is inconsistent with those documents or other sources. The Individual Pathway Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 56 and therefore deny those allegations.

57. The Individual Pathway Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and therefore deny those allegations.

58. The Individual Pathway Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and therefore deny those allegations.

59. The Individual Pathway Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and therefore deny those allegations.

**Defendants' Prompt Injection Attacks**

60. The Individual Pathway Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and therefore deny those allegations.

61. The Individual Pathway Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and therefore deny those allegations.

62. The Individual Pathway Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and therefore deny those allegations.

63. The Individual Pathway Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and therefore deny those allegations.

64. The Individual Pathway Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and therefore deny those allegations.

65. The Individual Pathway Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and therefore deny those allegations.

66. The Individual Pathway Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and therefore deny those allegations.

67. The Individual Pathway Defendants deny the allegations in Paragraph 67.

68. The Individual Pathway Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and therefore deny those allegations.

69. The Individual Pathway Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and therefore deny those allegations.

70. The Individual Pathway Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and therefore deny those allegations.

**Doximity's Acquisition of Pathway Medical, Inc.**

71. The Individual Pathway Defendants deny the allegations in Paragraph 71.

72. The Individual Pathway Defendants deny the allegations in Paragraph 72, except admit that on February 26, 2025, OpenEvidence filed an action against Pathway and Pathway's employee Louis Mullie.

73. The Individual Pathway Defendants deny the allegations in Paragraph 73, except admit that: (i) Pathway streamlines access to medical knowledge by providing curated information from medical literature and (ii) Defendant Hershon St-Jean posted a tweet to X.com, which is depicted in screenshots contained in Paragraph 73.

74. The Individual Pathway Defendants deny the allegations in Paragraph 74, except admit that Defendant Roy has not attended medical school.

75. The Individual Pathway Defendants deny the allegations in Paragraph 75.

76. The Individual Pathway Defendants deny the allegations in Paragraph 76.

77. The Individual Pathway Defendants deny the allegations in Paragraph 77.

78. The Individual Pathway Defendants deny the allegations in Paragraph 78, except admit that Defendant Mullie caused the text quoted in the second sentence of Paragraph 78 to be submitted in a query to the OpenEvidence platform.

79. The Individual Pathway Defendants admit that Defendant Mullie caused queries regarding a "system prompt" to be submitted to OpenEvidence's platform. The Individual Pathway Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the number of queries submitted on that topic and therefore deny those allegations. The Individual Pathway Defendants deny the remaining allegations in Paragraph 79.

80. The Individual Pathway Defendants deny the allegations in Paragraph 80, except admit that Defendant Mullie caused the text quoted in the fourth sentence of Paragraph 80 to be submitted in a query to the OpenEvidence platform.

81. The Individual Pathway Defendants deny the allegations in Paragraph 81, except admit that Defendant Mullie caused a query to be submitted to the OpenEvidence platform on December 20, 2024.

82. The Individual Pathway Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the exact text of the queries excerpted in Paragraph 82 and the number of queries submitted on the topics described, and therefore deny those allegations. The Individual Pathway Defendants deny the remaining allegations in Paragraph 82.

83. The Individual Pathway Defendants deny the allegations in Paragraph 83, except admit that Defendant St-Jean caused queries to be submitted to the OpenEvidence platform regarding Mounjaro and Ozempic, and created a post on X.

84. The Individual Pathway Defendants deny the allegations in Paragraph 84.

85. The Individual Pathway Defendants deny the allegations in Paragraph 85, except admit that (i) Doximity acquired Pathway in July 2025 and (ii) OpenEvidence amended its February 26, 2025 Complaint against Pathway and Louie Mullie on June 20, 2025 to initiate an action against the additional Individual Pathway Defendants.

86. The Individual Pathway Defendants deny the allegations in Paragraph 86.

**The Ongoing Nature of Defendants' Misconduct**

87. The Individual Pathway Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and therefore deny those allegations.

88. The Individual Pathway Defendants deny the allegations in Paragraph 88, except admit that Pathway received a letter from OpenEvidence on December 19, 2024.

89. The Individual Pathway Defendants deny the allegations in Paragraph 89.

**Damage to OpenEvidence**

90. The Individual Pathway Defendants deny the allegations in Paragraph 90.

91. The Individual Pathway Defendants deny the allegations in Paragraph 91.

**FIRST CAUSE OF ACTION:**
**Violation of Computer Fraud and Abuse Act (18 U.S.C. § 1030)**
**(Against All Defendants)**

92. The Individual Pathway Defendants repeat and reallege their answers to each and every allegation above as if fully set forth herein.

93. The Individual Pathway Defendants deny the allegations in Paragraph 93.

94. Paragraph 94 contains legal conclusions to which no response is required. To the extent a response is required, the Individual Pathway Defendants deny the allegations in Paragraph 94.

95. The Individual Pathway Defendants deny the allegations in Paragraph 95.

96. The Individual Pathway Defendants deny the allegations in Paragraph 96.

97. Paragraph 97 contains legal conclusions to which no response is required. To the extent a response is required, the Individual Pathway Defendants deny the allegations in Paragraph 97.

98. The Individual Pathway Defendants deny the allegations in Paragraph 98.

99. The Individual Pathway Defendants deny the allegations in Paragraph 99.

100. The Individual Pathway Defendants deny the allegations in Paragraph 100.

101. The Individual Pathway Defendants deny the allegations in Paragraph 101.

102. The Individual Pathway Defendants deny the allegations in Paragraph 102.

103. The Individual Pathway Defendants deny the allegations in Paragraph 103.

## SECOND CAUSE OF ACTION:
### Breach of Contract
### (Against Individual Pathway Defendants)

104. The Individual Pathway Defendants repeat and reallege their answers to each and every allegation above as if fully set forth herein.

105. The Individual Pathway Defendants deny the allegations in Paragraph 105.

106. The Individual Pathway Defendants deny the allegations in Paragraph 106.

107. The Individual Pathway Defendants deny the allegations in Paragraph 107.

108. The Individual Pathway Defendants deny the allegations in Paragraph 108.

## THIRD CAUSE OF ACTION:
### Unjust Enrichment
### (Against Doximity and Pathway)

109. The allegations in Paragraph 109 relate to a cause of action that is not asserted against the Individual Pathway Defendants, and therefore no response is required. To the extent a response is required, the Individual Pathway Defendants repeat and reallege their answers to each and every allegation above as if fully set forth herein.

110. The allegations in Paragraph 110 relate to a cause of action that is not asserted against the Individual Pathway Defendants, and therefore no response is required. To the extent a response is required, the Individual Pathway Defendants deny the allegations in Paragraph 110.

111. The allegations in Paragraph 111 relate to a cause of action that is not asserted against the Individual Pathway Defendants, and therefore no response is required. To the extent a response is required, the Individual Pathway Defendants deny the allegations in Paragraph 111.

112. The allegations in Paragraph 112 relate to a cause of action that is not asserted against the Individual Pathway Defendants, and therefore no response is required. To the extent a response is required, the Individual Pathway Defendants deny the allegations in Paragraph 112.

## FOURTH CAUSE OF ACTION:
### Unjust Enrichment
### (Against Doximity and Pathway)

The allegations in Paragraphs 109-112 relate to a cause of action that the Court has dismissed against the Individual Pathway Defendants, and therefore no response is required. To the extent a response is required, the Individual Pathway Defendants deny the allegations in these Paragraphs.

* * * * * * * * * *

## AFFIRMATIVE DEFENSES

Without relieving Plaintiff of its burden of proof or assuming any burden that the law would not otherwise impose, the Individual Pathway Defendants assert the following defenses to the Complaint:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, *in pari delicto*, and assumption of risk.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any injury in fact or damages as a result of any alleged actions by the Individual Pathway Defendants.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by its failure to mitigate its alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because recovery would result in unjust enrichment to Plaintiff.

## **FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrines of laches, waiver, acquiescence, ratification, and/or estoppel.

Dated: March 13, 2026

Respectfully submitted,

/s/ *Carolyn M. Homer*
MORRISON & FOERSTER LLP
DANIEL P. MUINO (pro hac vice)
CAROLYN M. HOMER (pro hac vice)
DAVID NATHANIEL TAN (pro hac vice)
2100 L Street, NW, Suite 900
Washington, D.C.  20037
Telephone: (202) 887-1500
Facsimile: (202) 637-2201
Email: dmuino@mofo.com
        cmhomer@mofo.com
        ntan@mofo.com


MORRISON & FOERSTER LLP
Nathaniel R. Mendell
200 Clarendon Street
Boston, MA  02116
Telephone: (617) 648-4700
Email: nmendell@mofo.com

*Counsel for Individual Pathway Defendants Louis Mullie, Jonathan Hershon St-Jean, Hovhannes Karapetyan, Khudhur Mohammed, and Vince Roy*