UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

OPENEVIDENCE INC.,                              :

              Plaintiff,              :      Civil Action
   v.                                           No. 25-11802-RGS

                                     :

DOXIMITY, INC., JEY BALACHANDRAN,
JAKE KONOSKE, PATHWAY MEDICAL,       :
INC., LOUIS MULLIE, JONATHAN
HERSHON ST-JEAN, HOVHANNES           :
KARAPETYAN, ERIC YAMGA, KHUDHUR
MOHAMMED, and VINCE ROY,             :

              Defendants.            :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## JOINT STATUS REPORT
## AND MOTION TO AMEND THE SCHEDULING ORDER

Plaintiff OpenEvidence Inc. ("OpenEvidence") and Defendants Doximity, Inc.

("Doximity"), Jey Balachandran, Jake Konoske, Pathway Medical, Inc. ("Pathway"), Louis

Mullie, Jonathan Hershon St-Jean, Hovhannes Karapetyan, Eric Yamga, Khudhur Mohammed,

and Vince Roy (collectively, the "Parties"), by and through their undersigned counsel, hereby

jointly submit this status report to the Court and jointly move pursuant to Federal Rule of Civil

Procedure 16(b) and Local Rule 16.1(g) to amend the current scheduling order as set forth

below.

As grounds for this Joint Motion, the Parties state as follows:

1.      This action was commenced by OpenEvidence on June 20, 2025. (ECF No. 1.)

OpenEvidence filed an Amended Complaint on October 29, 2025. (ECF No. 38.)

2.      Defendants Doximity, Balachandran, Konoske, and Pathway filed their Answer,

Affirmative Defenses, and Amended Counterclaims on November 24, 2025. (ECF No. 60.)

3. The Parties moved to dismiss each other's claims. (ECF Nos. 58, 65, 73.) On January 22, 2026, the Court granted and denied in part each motion. (ECF Nos. 86, 87.)

4. OpenEvidence filed its Answer to the Amended Counterclaims on February 5, 2026. (ECF No. 88.)

5. Defendants Mullie, Hershon St-Jean, Karapetyan, Mohammed, and Roy filed their Answer to OpenEvidence's Amended Complaint on March 13, 2026. (ECF No. 89.)

6. The Court's Scheduling Order, which was entered on October 20, 2025, before both OpenEvidence and Doximity amended their claims, set the following deadlines: fact discovery complete by June 10, 2026, Plaintiff's expert reports due by June 30, 2026, Defendants' expert reports due by July 27, 2026, expert discovery to be completed by August 24, 2026, and dispositive motions filed by September 18, 2026. (ECF No. 37.) The Court did not set a trial date.

7. To date, the Parties have engaged in substantial efforts to progress discovery, including serving requests for production, interrogatories, and requests for admission upon each other and participating in meet and confers regarding each of those requests.

8. Additionally, Doximity has served Rule 45 third-party subpoenas on Coatue Management, L.L.C., Substack Inc., and LinkedIn Corporation, and OpenEvidence has served a third-party subpoena on Paul Jorgensen.

9. Nonetheless, intervening events have rendered the parties unable to complete discovery in accordance with the operative deadlines.

10. First, the parties recently engaged in lengthy motion practice with respect to Doximity's third-party subpoena to LinkedIn that did not resolve until recently. After Doximity issued the subpoena in November 2025, a motion to quash was filed in the United States District

Court for the Northern District of California. (N.D. Cal. 4:25-mc-80387-KAW.) Although Doximity filed its opposition to the motion to quash on December 24, 2025, and filed a motion to advance the hearing date that noted the discovery schedule in this action, that Court did not rule on the motion until March 19, 2026.  LinkedIn did not produce documents responsive to the subpoena until April 10, 2026.

11.     Moreover, discovery progress was impacted by the Parties' good-faith efforts to explore an early resolution, including identifying potential mediators, exchanging availability, and working to coordinate schedules among counsel and a mediator. Although the Parties ultimately determined not to proceed with a mediation at this time, those efforts occupied a meaningful period of the discovery window and contributed to the need for the extension requested here.

12.     Beyond the foregoing, counsel for the Parties have various case obligations during the upcoming months that present conflicts with the current deadlines. In particular, multiple members of Plaintiff's litigation team have trials scheduled in June and July 2026, and counsel for Defendants has a preliminary injunction hearing scheduled for June 2026.

13.     Additionally, one of the named Defendants is expecting a child during the time he would otherwise need to sit for a deposition.

14.     This Court may modify discovery deadlines in a scheduling order for "good cause." Fed. R. Civ. P. 16(b)(4); *see also O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 154 (1st Cir. 2004) (noting parties may "be unable to meet" discovery deadlines in scheduling orders because they "are established relatively early in the litigation"). There is good cause for an extension here, as neither party's document discovery obligations can be completed (or even substantially completed) under the existing deadlines.

15.     Furthermore, the Parties' requested extension will not have "a significant impact on the court's docket" because "there is no trial date set." *Spatorico v. Egan, Flanagan & Cohen, P.C.*, No. 3:19-CV-30090-KAR, 2021 WL 4870055, at *2 (D. Mass. Oct. 19, 2021) (extending discovery deadlines); *see also Heuskin v. D&E Transp., LLC*, No. CV 19-957 MV/GBW, 2020 WL 5367027, at *5 (D.N.M. Sept. 8, 2020) (granting discovery extension and noting extension would not "disrupt trial because the Court has yet to schedule a trial date for the case").

16.     Although the Parties are prepared to engage in good faith in the discovery process moving forward and do not anticipate any additional delays, the Parties respectfully request a modified Proposed Discovery Plan to allow them additional time to complete discovery. The Parties respectfully request that the Court enter the following schedule for the remaining discovery deadlines:

| Event | Current Deadline | Proposed Deadline |
| --- | --- | --- |
| Parties to notify docket clerk Jacqueline Martin (617-748-4647) if they wish to participate in the court's mediation program. | 6/3/2026 | 10/2/2026 |
| Parties to complete all fact discovery. | 6/10/2026 | 10/9/2026 |
| Plaintiff to file expert report(s)/Rule 26 disclosures. | 6/30/2026 | 10/30/2026 |
| Defendants to file expert report(s)/Rule 26 disclosures. | 7/27/2026 | 12/1/2026 |
| Parties to complete expert discovery. | 8/24/2026 | 12/18/2026 |
| Parties to file dispositive motions (if any). | 9/18/2026 | 1/25/2027 |
| Parties to file oppositions. | 10/8/2026 | 2/22/2027 |

17.     The Parties are available to appear before the Court and discuss a modified Discovery Plan or any of the issues noted herein at a status conference on a date convenient to the Court.

WHEREFORE, the Parties respectfully request that the Court grant the Parties' Joint Motion and enter an order amending the remaining deadlines for the Parties' discovery as set forth above.

Dated:  May 6, 2026
            Boston, Massachusetts

Respectfully submitted,

*/s/ Stacylyn M. Doore*
Stacylyn M. Doore (BBO #678449)
Ryan P. Gorman (BBO #707239)
Vanessa Rodriguez (BBO #713607)
Zi Chun (Michelle) Wang (BBO #709803)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100
stacylyndoore@quinnemanuel.com
ryangorman@quinnemanuel.com
vanessarodriguez@quinnemanuel.com
michellewang@quinnemanuel.com

Stephen Broome (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
(213) 443-3000
stephenbroome@quinnemanuel.com

Nathan Hamstra (*pro hac vice*)
nathanhamstra@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
(312) 705-7400

*Counsel for OpenEvidence, Inc.*

/s/ *James R. Carroll*
James R. Carroll (BBO #554426)
William K. Wray Jr. (BBO #689037)
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800
james.carroll@skadden.com
william.wray@skadden.com

William E. Ridgway (*pro hac vice*)
Brian O'Connor (*pro hac vice*)
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
320 S. Canal Street
Chicago, Illinois 60606
(312) 407-0700
william.ridgway@skadden.com
brian.oconnor@skadden.com

Bijal V. Vakil (*pro hac vice*)
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
(650) 470-4500
bijal.vakil@skadden.com

*Counsel for Defendants Doximity, Inc.,*
*Jey Balachandran, Jake Konoske,*
*and Pathway Medical, Inc.*

*/s/ Nathaniel R. Mendell*
Daniel P. Muino (*pro hac vice*)
Carolyn M. Homer (*pro hac vice*)
MORRISON & FOERSTER LLP
2100 L Street NW, Suite 900
Washington, DC 20037
(202) 887-1500
dmuino@mofo.com
cmhomer@mofo.com

Nathaniel R. Mendell
MORRISON & FOERSTER LLP
200 Clarendon Street
Boston, MA 02116
(617) 648-4700
nmendell@mofo.com

*Counsel for Defendants Louis Mullie,*
*Jonathan Hershon St-Jean, Hovhannes*
*Karapetyan, Khudhur Mohammed, and Vince*
*Roy*

6