# EXHIBIT 2

| | |
|---|---|
| **From:** | Wray, Will (BOS) |
| **Sent:** | Monday, March 16, 2026 6:47 PM |
| **To:** | QE-OpenEvidence |
| **Cc:** | Carolyn M. Homer; Tan, Nate; Doximity DL; Carroll, James R (BOS); Hottenrott, Lexi C. |
| **Subject:** | OpenEvidence v. Doximity et al. - No. 1:25-cv-11802-RGS (D. Mass.) - Request for Consent to Amended Counterclaims and Motion Seeking Leave to Serve Additional Discovery |

Counsel,

We write to seek OpenEvidence's (1) consent to the filing of an amended pleading under Fed. R. Civ. P. 15(a)(2) and (2) assent to a motion to propound additional discovery requests.

### 1. Proposed Amendment of Doximity's Amended Counterclaims

Defendants filed their Amended Counterclaims on November 24, 2025. Doximity has learned that since that time, OpenEvidence has continued to defame Doximity, falsely and misleadingly advertise, and compete unfairly and deceptively in a manner directly relevant to Defendants' defamation, Lanham Act, and Chapter 93A claims. These actions have directly damaged Doximity, including through the loss of business. Doximity therefore requests OpenEvidence's consent to file Second Amended Counterclaims.

In its motion to dismiss, OpenEvidence repeatedly argued that the counterclaims were deficient because they allegedly failed to identify actionable statements with sufficient precision. For example, OpenEvidence argued that a Lanham Act claim fails where a plaintiff "never identifies what [the defendant] actually said" and instead relies on generalized allegations of false or misleading advertising.  OpenEvidence likewise emphasized that defamation claims must plead the "precise wording of at least one sentence" and other contextual details such as the means and approximate date of publication. Consistent with those positions, Doximity intends to amend its counterclaims to identify additional specific statements and actions that form part of the ongoing course of conduct already alleged.

Among other things, OpenEvidence has circulated false and defamatory statements appearing in articles by Dr. Cameron Kiani after the date of the amended counterclaims, issued actionable statements to investors, securities analysts, and members of the press concerning Doximity, communicated with potential advertisers, made or offered payments and other financial arrangements to individuals affiliated with Doximity's existing and prospective advertising customers, and sponsored certain LinkedIn and other advertisements after the operative pleading was filed. The proposed amendment will therefore ensure that the pleadings identify additional statements and actions at issue with the level of detail OpenEvidence itself contends is required.

Please let us know whether OpenEvidence consents to Doximity amending its Amended Counterclaims.

### 2. Additional Discovery Requests

All Defendants intend to seek leave from the Court to propound a limited number of additional discovery requests.

Under the current scheduling order, the parties were required to propound written discovery by October 27, 2025. After Defendants served their original requests, however, Plaintiff amended its complaint and dropped a number of claims that were the subject of Defendants' requests for production, resulting in Defendants withdrawing six RFPs and five interrogatories. Since that time, Plaintiff's trespass-to-chattels claim—the subject of another RFP—was dismissed. See ECF No. 86. In light of those developments, as well as Doximity's forthcoming Second Amended Counterclaims, limited additional discovery is appropriate. In addition, several individual defendants were added to the case after the deadline for propounding discovery had already passed. Because the Court's order required then-defendants to propound discovery before these additional defendants were added, the new defendants were effectively (and unintentionally) deprived of the opportunity to propound discovery.

Further, OpenEvidence has taken the position, during meet-and-confer calls and in connection with briefing concerning Doximity's subpoena to LinkedIn, that Doximity's existing discovery requests do not encompass documents that Doximity contends are within the existing RFPs. Given the stage of discovery, providing more specific RFPs would address OpenEvidence's concerns without meaningfully burdening OpenEvidence. Specifically, we note that OpenEvidence has not yet produced documents in response to Defendants' discovery requests, other than a limited production of Q&A pairs. Accordingly, it appears unlikely that these additional requests would impose any meaningful prejudice at this stage of discovery.

In light of those developments, Defendants intend to seek leave to serve six additional requests for production and five additional interrogatories. Although these requests would be served after the original deadline for propounding discovery, they remain within the overall numerical limits permitted by the Court.
Please let us know whether OpenEvidence will consent to Defendants seeking leave to serve these additional requests. If you are available to discuss these issues by phone this week, we would be happy to coordinate a time.

Thanks,

**Will Wray Jr.**
Associate
Skadden, Arps, Slate, Meagher & Flom LLP
500 Boylston Street | Boston | Massachusetts | 02116
T: +1.617.573.4889 | F: +1.617.305.4889 | M: +1.401.447.5881
william.wray@skadden.com

Skadden