UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

OPENEVIDENCE INC.,                                          :

       Plaintiff,                                          :          Civil Action
   v.                                                            No. 25-11802-RGS
                                                :

DOXIMITY, INC., JEY BALACHANDRAN,
JAKE KONOSKE, PATHWAY MEDICAL,           :
INC., LOUIS MULLIE, JONATHAN
HERSHON ST-JEAN, HOVHANNES               :
KARAPETYAN, ERIC YAMGA, KHUDHUR
MOHAMMED, and VINCE ROY,                 :

       Defendants.                                         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**TRANSMITTAL DECLARATION OF WILLIAM K. WRAY JR. IN SUPPORT
OF DOXIMITY, INC.'S PROPOSED REPLY IN SUPPORT OF  <u>MOTION
FOR LEAVE TO FILE SECOND AMENDED COUNTERCLAIMS</u>**

I, WILLIAM K. WRAY JR., pursuant to <u>28 U.S.C. § 1746</u>, declare and state as follows:

1.     I am a member of the bar of the Commonwealth of Massachusetts and of this

Court and an associate of the law firm Skadden, Arps, Slate, Meagher & Flom LLP, counsel for

Defendants in the above-captioned action.

2.     I make this declaration in support of Defendant Doximity, Inc.'s Proposed Reply

in Support of Motion for Leave to File Second Amended Counterclaims, filed herewith, and for

the purpose of transmitting to the Court true and correct copies of the following documents:

      Exhibit 1:     OpenEvidence's Second Set of Interrogatories, dated December 3, 2025

                   (Excerpted)

      Exhibit 2:     Email from Kathryn Thornton to counsel for OpenEvidence, dated May

                   21, 2026

I declare under penalty of perjury that the foregoing is true and correct. Executed at Boston, Massachusetts on May 22, 2026.

s/ *William K. Wray Jr.*
William K. Wray Jr. (BBO #689037)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800
william.wray@skadden.com

*Counsel for Defendant*
*Doximity, Inc.*

2

# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

OPENEVIDENCE INC.,

          Plaintiff,

    v.

DOXIMITY, INC., JEY BALACHANDRAN, JAKE KONOSKE, PATHWAY MEDICAL, INC., LOUIS MULLIE, JONATHAN HERSHON ST-JEAN, HOVHANNES KARAPETYAN, ERIC YAMGA, KHUDHUR MOHAMMED, and VINCE ROY,

          Defendants.

CASE NO. 1:25-cv-11802-RGS

## PLAINTIFF'S SECOND SET OF INTERROGATORIES TO DEFENDANTS (NOS. 1-30)

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff OpenEvidence Inc. ("OpenEvidence" or "Plaintiff") hereby requests that Defendants Doximity, Inc., Jey Balachandran ("Balachandran"), Jake Konoske ("Konoske"), Pathway Medical, Inc., Louis Mullie ("Mullie"), Jonathan Hershon St-Jean ("St-Jean"), Hovhannes Karapetyan ("Karapetyan"), Khudur Mohammed ("Mohammed"), and Vince Roy ("Roy") (collectively "Defendants") serve sworn answers to the following interrogatories ("Interrogatories") in accordance with the Instructions and Definitions included herein, the applicable Local Rules of the United States District Court for the District of Massachusetts, and the Protective Order in this action, within 30 days of service. These Interrogatories are continuing in nature, and Defendants' responses are to be supplemented as necessary in accordance with Federal Rule of Civil Procedure 26(e).

OpenEvidence requests that Defendants serve their sworn answers on OpenEvidence's counsel, Quinn Emanuel Urquhart & Sullivan, LLP, c/o Stephen Broome (stephenbroome@quinnemanuel.com), with an electronic copy of documents also served on qe-openevidence@quinnemanuel.com.

These Interrogatories and the terms used herein shall be construed to require the fullest and most complete responses permitted by the Federal Rules of Civil Procedure and any applicable rules of this Court.  OpenEvidence reserves the right to serve supplemental interrogatories at a later date.

## DEFINITIONS

The following definitions apply to and are part of each instruction and request in this set.

1.      "Action" means and refers to *OpenEvidence Inc. v. Doximity, Inc., et al.*, No. 1:25-cv-11802, pending in the United States District Court for the District of Massachusetts.

2.      "Communication" means and refers to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) including, without limitation, any exchange or transfer of information whether written, oral, graphic, electronic, or in any other form, including metadata. The term "communication" includes, without limitation, emails, telephone calls, and text messages, as well as chat or thread messages, posts or messages on social media platforms, and posts or messages on polling platforms or apps (such as but not limited to Facebook, Instagram, LinkedIn, Snapchat, Twitter, Facebook Messenger, TikTok, Tumblr, Signal, Telegram, WhatsApp, Slack, GroupMe, Discord, YouTube, Reddit, Google Docs, Google Duo, Survey Monkey, Doodle, Zoom, Facetime, Skype, Teams, and HouseParty).

3.      "Counterclaims" means the Amended Counterclaims (Dkt. 60).

4.     "Complaint" means and refers to Plaintiff's Amended Complaint filed on October 29, 2025 in the United States District Court for the District of Massachusetts as Civil Action No. 1:25-cv-11802, and any amendments or supplements thereto.

5.     "Concerning" means referring to, describing, evidencing, constituting, consisting of, reflecting, regarding, relating to, documenting, or in any way logically or factually connected with the matter, information, or document discussed or requested, whether directly or indirectly. "Regarding," "relating to," and "related to" mean the same as "concerning."

6.     "Doximity" means Doximity, Inc. and all predecessors, successors, subsidiaries, divisions, parents, and/or affiliates thereof, past or present, and all past or present officers, directors, agents, employees, consultants, and any person or entity acting on behalf of any of the foregoing.

7.     "Pathway" means Pathway Medical Inc., a Montreal-based company that was acquired by Doximity on or about July 29, 2025, and all predecessors, successors, subsidiaries, divisions, parents, and/or affiliates thereof, past or present, and all past or present officers, directors, agents, employees, consultants, and any person or entity acting on behalf of any of the foregoing.

8.     "Counterclaim-Plaintiffs" means Doximity and Pathway, individually and collectively.

9.     "Defendants," "You," or "Your" refer, collectively and/or individually depending on context, to Doximity, Jey Balachandran, and Jake Konoske, Pathway, Louis Mullie, Jonathan Hershon St-Jean, Hovhannes Karapetyan, Eric Yamga, Khudhur Mohammed, Vince Roy, and all predecessors, successors, subsidiaries, divisions, parents, and/or affiliates thereof (including related entities with fictitious names), past or present, and all past or present officers, directors,

3

agents, employees, consultants, accountants, attorneys, representatives, and any person or entity acting, purporting to act, or having acted or purported to act, directly or indirectly, on behalf of the foregoing.

10.     "Describe" when used in relation to an act, event, instance, occasion, transaction, conversation, or communication, shall mean (1) to state the date and place thereof; (2) to identify the individual participants; (3) to summarize separately for each individual participant what that individual said or did; and (4) to identify each document used or prepared in connection therewith or making any reference thereto.

11.     "Document" is defined to be synonymous in meaning and equal in scope to the usage of that term in Fed. R. Civ. P. 34(a); a draft or non-identical copy is a separate document within the meaning of this term.  The term "document" includes originals, drafts, or copies, wherever located, and includes, without limitation, all handwritten, printed, graphic, typed, electronically recorded, sound recorded, or computer readable materials, or other recorded or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, assimilated or made, in any form which is or was in Your actual or constructive possession, custody, or control.  Further, the term "document" includes, without limitation, any and all records, filed writings, letters, minutes, correspondence, electronic mail or email, text or SMS messages, advertisements, mailgrams, telegrams, bulletins, instructions, resolutions, charts, literature, work assignments, reports, sales brochures, memoranda, notations of telephone or personal conversations or conferences, transcripts, contracts, agreements, canceled checks, interoffice microfilm, circulars, pamphlets, studies, notices, summaries, reports, books, invoices, graphs, diagrams, photographs, data sheets, data compilations, computer data sheets, computer data compilations, work sheets, records, statistics, speeches, and other writings, tapes, sound

4

records, data compilations from which information can be obtained or can be translated through detection devices into reasonably usable form, or other tangible thing.  The term "document" also includes each copy that is not identical to the original or to any other identified copy, and all drafts and notes (whether typed, handwritten, or otherwise) made or prepared in connection with such documents, whether used or not.

12.    "NPI" means National Provider Identifier.

13.    "OpenEvidence" or "Plaintiff" refers to OpenEvidence Inc., and all predecessors, successors, subsidiaries, divisions, parents, and/or affiliates thereof (including related entities with fictitious names), past or present, and all past or present officers, directors, agents, employees, consultants, accountants, attorneys, representatives, and any person or entity acting on behalf of any of the foregoing.

14.    "OpenEvidence Platform" means OpenEvidence's AI-powered point-of-care medical information platform, including all versions thereof, and all associated websites, applications, APIs, and services.

15.    "Person" means any natural person or any business, legal, or governmental entity or association.

16.    "Prompt Injection Attack" means any attempt to manipulate, extract, or reveal system prompts, instructions, or other confidential information from an AI system through crafted inputs.

17.    "Terms of Service" means the terms and conditions governing use of the OpenEvidence Platform, including without limitation any document titled "Terms of Service," "Terms of Use," or similar, as published by OpenEvidence and agreed to during account registration.

18.     In construing these Requests: (i) the terms "and" as well as "or" shall be construed either disjunctively or conjunctively, and references shall be construed either as singular or plural as necessary to bring within the scope of the Requests all documents that might otherwise be construed to be outside their scope; (ii) the terms "include" and "including" shall be construed to mean "without limitation" so as to be as inclusive as possible; (iii) the definition of any singular or plural defined term herein shall also include and apply to its respective plural or singular form; (iv) the singular and masculine form of a noun or pronoun shall embrace, and shall be read and applied, as the particular context makes appropriate; and (v) the past tense and present tense shall be construed as interchangeable so as to be as inclusive as possible.

**INSTRUCTIONS**

1.     These Interrogatories require You to furnish all information that is available to You as of the date of Your answers to these Interrogatories.  If You are unable to answer any of the Interrogatories fully and completely, after exercising due diligence to secure the information necessary to make such full and complete answers, so state, and answer each such Interrogatory to the fullest extent possible, specifying the extent of Your knowledge and Your inability to answer the remainder and setting forth whatever information or knowledge You may have concerning the unanswered portions thereof and the efforts You made to obtain the requested information.  Where facts set forth in the answers or portions thereof are supplied upon information and belief, rather than upon Your knowledge, You should so state and specifically identify and describe the source or sources of such information and belief.

2.     If any of the information included in the answers to these Interrogatories is not within the personal knowledge of the person certifying the answers to these Interrogatories, so indicate in each instance where such information is included, and identify each person and/or document from whom/which such information was obtained.

6

3.      To the extent that You consider any of the following Interrogatories objectionable, answer or respond to so much of each Interrogatory and each part thereof as is not objectionable in Your view, and separately state the part of each Interrogatory to which You raise objection and each ground for each such objection.  Pursuant to Fed. R. Civ. P. 33(b)(4), if You object to an Interrogatory, the grounds for each objection must be stated with specificity.

4.      If You object to fully responding to an Interrogatory on the basis of privilege, or otherwise withhold responsive information on any basis, You must nevertheless identify the nature of the privilege or basis for withholding that is being claimed and, if the privilege or basis is governed by state law, indicate the state's rule, statute, or law being invoked; and further identify information sufficient for Defendant to evaluate Your claim of privilege and basis for withholding such information.

5.      For each document identified or described in response to an Interrogatory, please produce each document as it is maintained and organized in the normal course of business, including and maintaining any file structures or groupings, whether or not the document is requested in a separate Request for Production of Documents. Documents should be produced in their native electronic format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible. And if any relied upon document is in a language other than English and an English translation exists, provide both documents.

6.      If, in answering any of the Interrogatories, You encounter any ambiguity in construing either the Interrogatory or a definition or instruction relevant to it, set forth the matter deemed ambiguous and the construction selected or used in answering the Interrogatory.

7.    If You answer any Interrogatory by reference to a document or group of documents, with respect to each such Interrogatory answer, identify the specific document or documents containing the requested information.

8.    Unless otherwise specified, the relevant time period for these interrogatories is December 1, 2023 through the present.

9.    All Interrogatories herein are continuing in nature, and You are required to promptly supplement and/or amend any answers provided in response to these Interrogatories with any and all information that becomes known or available after the date of Your initial response.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Describe the process by which each Defendant or individual working for or on behalf of any Defendant registered for an account on the OpenEvidence Platform, including identifying the date of registration, stating whether You clicked the box agreeing to OpenEvidence's Terms of Service, Privacy Policy, Business Associate Agreement, or any similar agreement related to the use of the OpenEvidence's Platform, the information provided by such Defendant as part of the registration process, the email used to register, and the NPI used to register. *See, e.g.*, Dkt. 38 (Amended Complaint), (Images #1-3).

### INTERROGATORY NO. 2:

Describe the process by which users agree to Doximity's own Terms of Service upon registration for Doximity accounts (e.g., clickwrap, sign-in-wrap, browsewrap), and explain how this mechanism differs materially from the registration process employed by OpenEvidence.

### INTERROGATORY NO. 3:

Describe each instance in which a Defendant or individual working for or on behalf of any Defendant accessed the OpenEvidence Platform including: (i) the identity of each person who accessed the OpenEvidence Platform, (ii) the queries they ran, and (iii) the purpose of the access and each search query.

### INTERROGATORY NO. 4:

Identify the healthcare professionals whose credentials, identity, or NPI numbers Defendants or individuals working for or on behalf of any Defendant used to access the OpenEvidence Platform and describe how the NPI or other credentials were selected and obtained and whether Defendants'

8

or individuals working for or on behalf of any Defendant first obtained consent to use the healthcare providers' information.

**INTERROGATORY NO. 5:**

Describe all information that Defendants or individuals working for or on behalf of any Defendant obtained during each instance of access to the OpenEvidence Platform.

**INTERROGATORY NO. 6:**

Counterclaim-Plaintiffs allege that "OpenEvidence offers its platform for free to the general public." Dkt 60 (Counterclaim) ¶ 25. Accordingly, describe why Defendants used NPI numbers of healthcare providers that did not belong to them to register for accounts and gain access the OpenEvidence Platform.

**INTERROGATORY NO. 7:**

Describe Defendants' purpose in submitting each of the queries quoted in the Amended Complaint at ¶¶ 7, 9, 14, 61-63, 78, 80, including by identifying what information such Defendants were seeking to obtain from the OpenEvidence Platform with such queries.

**INTERROGATORY NO. 8:**

Describe how Defendants used the information obtained from the OpenEvidence Platform, including whether and how such information was incorporated into or used to modify or improve any of Defendants' products, services, business places or strategies, or systems, how such information was used for marketing, advertising, or benchmarking purposes, or how such information was used for any comparisons of the information obtained from the OpenEvidence Platform with information from any other artificial intelligence program.

**INTERROGATORY NO. 9:**

Describe in detail how the text used in any prompts that Defendants (or anyone acting on behalf of any Defendant) submitted to the OpenEvidence Platform was developed and deployed, including: (i) the specific text of all prompts and how it was crafted or edited; and (ii) any tools, scripts, software, or automated methods used to develop or submit prompts or queries.[1]

**INTERROGATORY NO. 10:**

Describe in detail all communications, including oral communications, concerning: (i) accessing or attempting to access the OpenEvidence Platform; (ii) methods for obtaining, inferring, or extracting information from the OpenEvidence Platform; (iii) the quality, accuracy, or characteristics of the OpenEvidence Platform's responses; (iv) OpenEvidence's data sources,

---

[1]    Interrogatory No. 9 was served previously on September 26, 2025 on Doximity, Balachandran, and Konoske, as Interrogatory No. 2. Defendant Pathway has agreed to treat this Interrogatory as being previously served on Pathway.

medical journal partnerships, or advertising content or partnerships; or (v) developing products, services, or business relationships, partnerships, or strategies based on information obtained or otherwise inferred from the OpenEvidence Platform.[2]

**INTERROGATORY NO. 11:**

Describe Jeff Tangney's knowledge of and involvement in Defendants' access to and use of the OpenEvidence Platform, including when and how he became aware of such activities, his role in authorizing or directing them, what he knew about the methods being used, and all actions he took or communications he had regarding such access and the use of information obtained therefrom.

**INTERROGATORY NO. 12:**

Identify each Defendant or individual working for or on behalf of any Defendant that was or became aware of Defendants' access to the OpenEvidence Platform through the use of NPIs of others and the date on which such individuals or Defendants became aware.

**INTERROGATORY NO. 13:**

State the basis for Defendants' affirmative defenses, including for "unclean hands" (First Affirmative Defense), identifying each specific act or omission by OpenEvidence that Defendants contend bars relief.

**INTERROGATORY NO. 14:**

For each Defendant and for Jeff Tangney, describe the specific devices (by, e.g., model and serial number) and all messaging applications on those devices (including, but not limited to, Signal, Slack, Telegram, and WhatsApp) that such Person uses or has used to discuss OpenEvidence and the issues and topics alleged in OpenEvidence's Amended Complaint.

**INTERROGATORY NO. 15:**

Describe when and how Doximity first became aware of OpenEvidence's lawsuit against Pathway and the legal risks associated with acquiring Pathway.

**INTERROGATORY NO. 16:**

State the basis for Your contention that OpenEvidence is liable to Counterclaim-Plaintiffs under the Lanham Act, including identifying, for each statement on which your Lanham Act claim is based: (i) why each statement is a "commercial advertisement;" (ii) why each statement is "false" or "misleading;" (iii) how each statement was put into interstate commerce; (iv) why each statement is material; (v) how each statement actually misled a substantial segment of its audience

---

[2] Interrogatory No. 10 was served previously on September 26, 2025 on Doximity, Balachandran, and Konoske as Interrogatory No. 9. Defendant Pathway has agreed to treat this Interrogatory as being previously served on Pathway.

or had the tendency or intent to mislead a substantial segment of its audience; and (vi) how each statement is the proximate cause of any injury that You allege.

**INTERROGATORY NO. 17:**

State the basis for Your contention that OpenEvidence is liable to Doximity under Mass. G.L. Ch. 231, § 92 for defamation, including identifying, for each statement on which your defamation claim is based: (i) why each statement was "uttered"; (ii) why each statement is not non-actionable opinion; (iii) why each statement is "false" or has defamatory meaning; and (iv) how each statement is the cause of any injury that You allege.

**INTERROGATORY NO. 18:**

State the basis for Your contention that OpenEvidence is liable to Counterclaim-Plaintiffs under Mass. G.L. c. 93A, including identifying, for each "advertisement" on which your 93A claim is based: (i) why each "advertisement" is "false" or "misleading"; (ii) why each alleged "advertisement" qualifies as an advertisement or otherwise an engagement in trade or commerce; (iii) why each "advertisement" can be attributed to OpenEvidence; (iv) how the alleged "advertisements" resulted in injury to a Counterclaim-Plaintiff.

**INTERROGATORY NO. 19:**

Describe all monthly or quarterly active user metrics Doximity currently maintains and maintained from January 2025 to September 2025, including (i) explaining the basis for Your calculation of those metrics, (ii) identifying and describing any documents reflecting the calculations, and (iii) identifying and describing any documents in Your possession, custody, or control questioning the accuracy of the metrics.

**INTERROGATORY NO. 20:**

Describe whether any current or prospective advertiser, pharmaceutical company, business partner, customer or client of Defendants cancelled or declined to enter into a contract or business relationship with You or ceased using Your services based on any statement or statements that form the basis of Your Lanham Act and defamation claims, including by describing the rationale given to Defendants by the advertiser, pharmaceutical company, business partner, customer or client for their decision.

**INTERROGATORY NO. 21**:

Describe all damages Counterclaim-Plaintiffs claim to have suffered as a result of *each* act of alleged misconduct by OpenEvidence.

**INTERROGATORY NO. 22:**

Describe Doximity's methodology for calculating that over 80% of US physicians are Doximity members.  *See*  https://www.doximity.com/about/company ("Our professional medical network has a larger membership than the American Medical Association, and more doctors use Doximity

11

than Epic, the top EMR in the United States. Doximity's membership has expanded to include over 80% of physicians and an increasing number of NPs, PAs, and pharmacists.")

**INTERROGATORY NO. 23:**

State the basis for Counterclaim-Plaintiffs' representation that its "AI tools grew the fastest . . . up 60% over the prior quarter," and explain why this statement purportedly renders any OpenEvidence statement false.  *See* Dkt. 60 (Counterclaims), ¶ 62.

**INTERROGATORY NO. 24:**

State the basis for Your allegation, Dkt. 60 (Counterclaims) ¶ 117, that the "patient history" displayed on OpenEvidence's website corresponds to a real, living individual, including identifying the specific patient and explaining how You verified their identity.

**INTERROGATORY NO. 25:**

Describe how Doximity GPT (or any other AI product or service that Doximity claims competes with the OpenEvidence Platform) competes with the OpenEvidence Platform.  To the extent You contend that Doximity GPT (or another Doximity AI product or service) performs tasks for healthcare providers that OpenEvidence also performs, identify the task and when Doximity first publicly launched a version of Doximity GPT (or another AI product or service) that performed that task.

**INTERROGATORY NO. 26:**

Describe how Doximity obtains the information about physicians that Doximity uses to prepopulate their profiles before they register for Doximity accounts, including by stating whether and if so which parts of the process are automated, and explain why Doximity's approach does not qualify as "scraping."  Dkt. 60 (Counterclaims), ¶¶ 87–88.

**INTERROGATORY NO. 27:**

Describe Doximity's own practices of using physician data for commercial purposes, including identifying: (a) whether Doximity sells, licenses, or otherwise profits from physician search data, browsing data, or behavioral data to pharmaceutical companies or advertisers; and (b) how Doximity obtains consent for such use.

**INTERROGATORY NO. 28:**

Describe how Doximity tracks physician engagement with its platform, including by identifying the metrics it maintains and provides to actual or potential advertisers, the metrics it maintains for only internal use, and how each metric is calculated.  Dkt. 60 (Counterclaims), ¶ 137(d).

**INTERROGATORY NO. 29:**

State the  basis for Your contention (*see* Dkt. 60 (Counterclaims) ¶ 109) that OpenEvidence personnel accessed Counterclaim-Plaintiffs' platform to "gather competitive intelligence,"

including by identifying the specific OpenEvidence personnel, the dates of access, the credentials used to gain access, and any queries ran and responses provided.

**INTERROGATORY NO. 30:**

Identify each Person who has knowledge of relevant facts or provided information in connection with the preparation of Answer and Counterclaims as well as any forthcoming answer or other response to Plaintiff's Amended Complaint, Your responses to these or prior Interrogatories, and/or Your responses to Plaintiff's Requests for Production of Documents, and describe the information that Person provided or knows.

Dated: December 3, 2025

Respectfully submitted,

*/s/ Stephen Broome*
Stephen Broome (*admitted pro hac vice*)
stephenbroome@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
(213) 443-3000

Stacylyn M. Doore (BBO# 678449)
Ryan P. Gorman (BBO# 707239)
Vanessa Rodriguez (BBO# 713607)
Zi Chun Wang (BBO# 709803)
stacylyndoore@quinnemanuel.com
ryangorman@quinnemanuel.com
vanessarodriguez@quinnemanuel.com
michellewang@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100

Nathan Hamstra (*admitted pro hac vice*)
nathanhamstra@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
(312) 705-7400

## CERTIFICATE OF SERVICE

I, Vanessa Rodriguez, hereby certify that on December 3, 2025, I caused the foregoing document to be served via electronic mail to counsel for Defendants in the above-captioned Action.

*/s/ Vanessa Rodriguez*
Vanessa Rodriguez (BBO# 713607)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100

# EXHIBIT 2

| | |
|---|---|
| **From:** | Thornton, Kathryn C. <KThornton@mofo.com> |
| **Sent:** | Thursday, May 21, 2026 2:26 PM |
| **To:** | Grismer, Meg J (CHI); 'Ryan Gorman'; O'Connor, Brian (CHI); Doximity DL; Carroll, James R (BOS); Wray, Will (BOS); Mendell, Nathaniel R.; Homer, Carolyn M.; Pathway-MoFo-Service |
| **Cc:** | QE-OpenEvidence |
| **Subject:** | [Ext] RE: OpenEvidence v. Doximity et al. - No. 1:25-cv-11802-RGS (D. Mass.) |

Dear Ryan,

The individual defendants do not believe that 12 depositions are necessary or appropriate in this case. Nonetheless, we are also open to discussing the issue and are available to meet and confer on the issue.

Regards,
Kathryn


**Kathryn Thornton**

Morrison Foerster
kthornton@mofo.com
T: +1 (202) 887-8738

---

**From:** Grismer, Meg J <Marjorie.Grismer@skadden.com>
**Sent:** Thursday, May 14, 2026 10:18 PM
**To:** 'Ryan Gorman' <ryangorman@quinnemanuel.com>; O'Connor, Brian <Brian.OConnor@skadden.com>; DLDOXIMITY@skadden.com; Carroll, James R <James.Carroll@skadden.com>; Wray, Will <William.Wray@skadden.com>; Mendell, Nathaniel R. <NMendell@mofo.com>; Homer, Carolyn M. <CMHomer@mofo.com>; Pathway-MoFo-Service <Pathway-MoFo-Service@mofo.com>
**Cc:** QE-OpenEvidence <qe-openevidence@quinnemanuel.com>
**Subject:** RE: OpenEvidence v. Doximity et al. - No. 1:25-cv-11802-RGS (D. Mass.)


**External Email**

---

Hi Ryan,

Thanks for your email. We are still inclined to work within the limits that Judge Stearns set in this case. With that said, we are open to discussing the issue. Please let us know if you are available next week to confer.

Best,
Meg

**Marjorie Grismer**

**T: +1.312.407.0592 | M: +1.567.208.7595**
**marjorie.grismer@skadden.com**

**From:** Ryan Gorman <ryangorman@quinnemanuel.com>
**Sent:** Monday, May 11, 2026 4:24 PM
**To:** O'Connor, Brian (CHI) <Brian.OConnor@skadden.com>; Doximity DL <DLDOXIMITY@skadden.com>; Carroll, James R (BOS) <James.Carroll@skadden.com>; Grismer, Meg J (CHI) <Marjorie.Grismer@skadden.com>; Wray, Will (BOS) <William.Wray@skadden.com>; 'Mendell, Nathaniel R.' <NMendell@mofo.com>; Carolyn M. Homer <cmhomer@mofo.com>; Pathway-MoFo-Service <Pathway-MoFo-Service@mofo.com>
**Cc:** QE-OpenEvidence <qe-openevidence@quinnemanuel.com>
**Subject:** [Ext] OpenEvidence v. Doximity et al. - No. 1:25-cv-11802-RGS (D. Mass.)

Counsel,

In December, OpenEvidence asked whether Defendants would agree to increase the current limit on depositions from 6 per side to 12 per side. *See* Gorman Dec. 10, 2025 Email. Defendants declined. *See* Grismer Jan. 12, 2026 Email. As we have explained, the 6-deposition limit—which the Court ordered before OpenEvidence amended its claims to add the Pathway Defendants—is unworkable, given the number of defendants in this case.

Please let us know by Friday, May 15, whether Defendants have reconsidered their position. If not, please confirm by that date whether Defendants will oppose a motion to expand the deposition limit to 12 depositions per side. To be clear, this suggested increase was and is justified by the scope of the parties' current claims, and is in no way driven by Defendants' attempt to amend their counterclaims—which OpenEvidence continues to oppose.

Thanks,

**Ryan Gorman**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**

111 Huntington Ave Suite 520
Boston, MA 02199
617-712-7132 Direct (Office)
617.712.7100 Main Office Number
617.712.7200 FAX
ryangorman@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

-----------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

=========================================================================

=========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.