# Exhibit 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

OPENEVIDENCE INC.,                              :

                Plaintiff,          :         Civil Action
                                         No.  25-11802-RGS

      v.                                         :

DOXIMITY, INC., JEY BALACHANDRAN,   :
JAKE KONOSKE, PATHWAY MEDICAL,
INC., LOUIS MULLIE, JONATHAN         :
HERSHON ST-JEAN, HOVHANNES
KARAPETYAN, ERIC YAMGA, KHUDHUR  :
MOHAMMED, and VINCE ROY,

                                          :

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANTS' FIRST AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 33.1 of the Local Rules of the United States District Court for the District of Massachusetts, Doximity, Inc. ("Doximity" or the "Company"), Jey Balachandran, Jake Konoske, and Pathway Medical, Inc. (collectively, "Defendants" or "Respondent"), by their undersigned attorneys, hereby provide amended objections and responses to Plaintiff OpenEvidence Inc.'s ("Plaintiff"), Second Set of Interrogatories To Defendants, dated December 3, 2025 (the "Interrogatories"; each an "Interrogatory"). Louis Mullie, Jonathan Hershon St-Jean, Hovhannes Karapetyan, Khudhur Mohammed, and Vince Roy (the "Individual Pathway Defendants"), by and through their undersigned attorneys, join in these objections and responses as set forth below.

## SPECIFIC RESPONSES AND OBJECTIONS

Each of Defendants' General Responses and Objections are incorporated by reference into each and every Specific Response and Objection set forth below. Although Specific Responses and Objections are also interposed in response to individual Interrogatories, Defendants' failure to repeat any part of their General Responses and Objections shall not be construed as a waiver of those objections. Subject to the General Responses and Objections, and without waiver, modification, or limitation thereof, Defendants' Specific Responses and Objections to the Interrogatories are set forth below.

Subject to and without waiving the foregoing, Respondent states that to the best of its knowledge and belief, based on its understanding of Plaintiff's Interrogatory, Doximity maintains and did maintain from January 2025 to September 2025, both overall and product-specific monthly active user (MAU) and quarterly active user (QAU) metrics. For purposes of those metrics, a "user" is defined as a registered clinician that has affirmatively completed a Doximity account registration. For a user's engagement to be counted for purposes of any MAU or QAU metric, the user must (1) be logged into Doximity's mobile or web application, and (2) interact with one of Doximity's many products. By way of example, if a registered user is logged in and interacts with Doximity's Newsfeed, that interaction is counted for purposes of calculating Doximity's Newsfeed MAU and QAU metrics.

**INTERROGATORY NO. 20:**

Describe whether any current or prospective advertiser, pharmaceutical company, business partner, customer or client of Defendants cancelled or declined to enter into a contract or business relationship with You or ceased using Your services based on any statement or statements that form the basis of Your Lanham Act and defamation claims, including by describing the rationale given to Defendants by the advertiser, pharmaceutical company, business partner, customer or client for their decision.

**INTERROGATORY RESPONSE NO. 20:**

Respondent refers to and reasserts its General Responses and Objections, which are incorporated herein, by reference.

Respondent objects that this Interrogatory is untimely for the reason set forth in its response to Interrogatory No. 1. Respondent objects to this Interrogatory to the extent it calls for information not in the possession, custody or control of Respondent. Respondent objects to this Interrogatory to the extent that it seeks information that is reasonably available to Plaintiff from a more convenient, less burdensome, or less expensive source or method than Interrogatories directed to Respondent. Thus, it would be unduly burdensome for Respondent to have to respond to this Interrogatory in this form. Respondent objects that this Interrogatory is premature, taking into account the stage of the case and the parties' investigation, and Respondent should not be required to provide a response until a later period. Respondent objects that this Interrogatory is vague and ambiguous. Specifically, the phrases: "any current or prospective advertiser, pharmaceutical company, business partner, customer or client;" "declined to enter into a contract or business relationship with You or ceased using Your services;" and "rationale given to Defendants." Respondent objects that this Interrogatory is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery when considered relative to its benefit. Respondent objects that this Interrogatory is unreasonably cumulative or duplicative, as Interrogatory No. 21 below requests a description of the "all damages Counterclaim-Plaintiffs claim to have suffered as a result of each act of alleged misconduct by OpenEvidence." Respondent objects that this Interrogatory requires Respondent to speculate. Respondent objects to this Interrogatory to the extent it requests documents and communications that are not relevant to the subject matter or claims and defenses of the parties

involved in the Action and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 21:**

Describe all damages Counterclaim-Plaintiffs claim to have suffered as a result of each act of alleged misconduct by OpenEvidence.

**INTERROGATORY RESPONSE NO. 21:**

Respondent refers to and reasserts its General Responses and Objections, which are incorporated herein, by reference.

Respondent objects that this Interrogatory is untimely for the reason set forth in its response to Interrogatory No. 1. Respondent objects that this Interrogatory is premature, taking into account the stage of the case and the parties' investigation, and Respondent should not be required to provide a response until a later period.

Subject to and without waiving the foregoing objections, Respondent states as follows:

OpenEvidence has caused significant harm to Respondent. Because of OpenEvidence's misconduct, Counterclaim-Plaintiffs have been forced to divert substantial resources to responding to OpenEvidence's misconduct. Counterclaim-Plaintiffs have been further damaged through the loss of employees and increased costs associated with employee retention and recruitment. Further, Counterclaim-Plaintiffs have incurred, and will continue to incur, substantial attorneys' fees, expert-consultant fees, and e-discovery costs necessary to halt OpenEvidence's unlawful conduct and remedy its marketplace effects. Counterclaim-Plaintiffs also seek the value of profits unfairly realized or retained by OpenEvidence as a result of its unlawful conduct.

Additionally, due to OpenEvidence's misconduct, Counterclaim-Plaintiffs has incurred or is likely to incur the following damages: (1) loss of actual and prospective customers and clients; (2) lost profits resulting from reduced demand for Counterclaim-Plaintiffs' AI products and services; (3) damage to Counterclaim-Plaintiffs' reputations and goodwill in the medical and business communities; and (4) disruption and loss of key client relationships.

The precise amount of damages suffered by Counterclaim-Plaintiffs as a result of each act of alleged misconduct by OpenEvidence is the subject of ongoing investigation and will be determined through discovery, expert analysis, and further factual development. Respondent reserves the right to supplement, amend, or revise this response as discovery progresses and additional information becomes available.

**INTERROGATORY NO. 22:**

Describe Doximity's methodology for calculating that over 80% of US physicians are Doximity members. See https://www.doximity.com/about/company ("Our professional medical network has a larger membership than the American Medical Association, and more doctors use