UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OPENEVIDENCE INC., <br><br> *Plaintiff*, <br><br> v. <br><br> DOXIMITY, INC., JEY BALACHANDRAN, JAKE KONOSKE, PATHWAY MEDICAL, INC., LOUIS MULLIE, JONATHAN HERSHON ST-JEAN, HOVHANNES KARAPETYAN, KHUDHUR MOHAMMED, and VINCE ROY, <br><br> *Defendants*. | Civil Action No. 25-11802-RGS |

**OPENEVIDENCE INC.'S ANSWER TO
DOXIMITY, INC.'S SECOND AMENDED COUNTERCLAIMS**

Plaintiff and Counterclaim-Defendant OpenEvidence Inc. ("OpenEvidence") hereby submits its Answer and Affirmative Defenses to Defendant and Counterclaim-Plaintiff Doximity, Inc.'s ("Doximity") Second Amended Counterclaims (ECF No. 110). Each of the paragraphs below corresponds to the same-numbered paragraphs or unnumbered paragraphs in the Second Amended Counterclaims. OpenEvidence denies all allegations in the Second Amended Counterclaims, whether express or implied, including any allegations or legal conclusions made in headings within the Second Amended Counterclaims, that are not specifically admitted below. OpenEvidence also denies that Doximity is entitled to the relief requested or any other relief. Any factual allegation below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that arguably follow from the admitted facts. To the extent any factual allegations are not explicitly admitted, they are denied. OpenEvidence bases its responses on its knowledge as to its own activities.

1

OpenEvidence reserves all rights with respect to Doximity's allegations in its Second Amended Counterclaims. OpenEvidence also reserves the right to amend and/or supplement this Answer and reserves all defenses set out in Federal Rule of Civil Procedure 8(c) and any other defenses, at law or equity, which become applicable after the completion of discovery or otherwise in the course of litigation. OpenEvidence, by and through its attorneys, answers as follows:

**NATURE OF THE COUNTERCLAIMS**

1.      OpenEvidence admits that OpenEvidence is a medical AI platform that offers evidence-based clinical decision support that helps diagnose and treat medical conditions. OpenEvidence lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 1, and on that basis denies them.

2.      Denied.

3.      Paragraph 3 consists of Doximity's characterization of this lawsuit and legal arguments to which no response is required. To the extent a response is required, OpenEvidence denies the allegations in Paragraph 3.

4.      Paragraph 4 consists of Doximity's characterization of this lawsuit and legal arguments to which no response is required. To the extent a response is required, OpenEvidence denies the allegations in Paragraph 4.

5.      OpenEvidence lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and on that basis denies them.

6.      OpenEvidence admits that it has spent money to advertise on LinkedIn. To the extent Paragraph 6 purports to quote from or characterize documents, those documents speak for themselves, and OpenEvidence denies Doximity's characterization of them. OpenEvidence denies all other allegations in this paragraph.

2

7. To the extent Paragraph 7 purports to quote from or characterize documents, those documents speak for themselves, and OpenEvidence denies Doximity's characterization of them. Paragraph 7 also sets forth legal conclusions to which no response is required. To the extent a response is required, OpenEvidence denies the allegations in Paragraph 7.

8. To the extent Paragraph 8 purports to quote from or characterize documents, those documents speak for themselves, and OpenEvidence denies Doximity's characterization of them. Paragraph 8 also sets forth legal conclusions to which no response is required. To the extent a response is required, OpenEvidence denies the allegations in Paragraph 8.

9. Denied.

10. To the extent Paragraph 10 purports to quote from or characterize documents, those documents speak for themselves, and OpenEvidence denies Doximity's characterization of them. OpenEvidence denies all other allegations in Paragraph 10.

11. To the extent Paragraph 11 purports to quote from or characterize documents, those documents speak for themselves, and OpenEvidence denies Doximity's characterization of them. OpenEvidence denies all other allegations in Paragraph 11.

12. OpenEvidence lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 concerning a third party's creation of an AI-generated video, and on this basis denies these allegations. OpenEvidence denies all other allegations in Paragraph 12.

13. OpenEvidence lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 concerning a third party's drafting and publication of the Substack articles, and on this basis denies these allegations. OpenEvidence denies all other allegations in Paragraph 13.

14.     To the extent Paragraph 14 purports to quote from or characterize documents, those documents speak for themselves, and OpenEvidence denies Doximity's characterization of them. OpenEvidence denies all other allegations in Paragraph 14.

15.     Denied.

16.     OpenEvidence admits that it has spent money to advertise on LinkedIn.  Paragraph 16 sets forth legal conclusions to which no response is required.  To the extent a response is required, OpenEvidence denies the allegations in Paragraph 16.  To the extent Paragraph 16 purports to quote from or characterize documents, those documents speak for themselves, and OpenEvidence denies Doximity's characterization of them.

17.     Denied.

18.     OpenEvidence admits that its platform has scored 100% on the United States Medical Licensing Examination as explained on its website.[1]  To the extent a further response is required, OpenEvidence denies the allegations in Paragraph 18.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Paragraph 23 sets forth legal conclusions to which no response is required.  To the extent a response is required, OpenEvidence denies the allegations in Paragraph 23.

---

[1]  OpenEvidence Creates the First AI in History to Score a Perfect 100% on the United States Medical Licensing Examination (USMLE), https://www.openevidence.com/announcements/openevidence-creates-the-first-ai-in-history-to-score-a-perfect-100percent-on-the-united-states-medical-licensing-examination-usmle.

24.    Denied, except to the extent OpenEvidence admits that Doximity brought the claims listed.

## THE PARTIES

25.    OpenEvidence admits that Doximity is a corporation organized and existing under the laws of Delaware, with its principal executive offices at 500 3rd Street, Suite 510, San Francisco, California 94107.

26.    OpenEvidence denies that it is a corporation organized and existing under the laws of Delaware, but admits that its principal place of business is 215 NW 24th St., Miami, Florida 33127.

## JURISDICTION AND VENUE

27.    Paragraph 27 sets forth legal conclusions to which no response is required.  To the extent a response is required, OpenEvidence admits that this Court has jurisdiction over the claims arising out of the Lanham Act.

28.    Paragraph 28 sets forth legal conclusions to which no response is required.  To the extent a response is required, OpenEvidence admits that this Court has supplemental jurisdiction over the state law claims.

29.    Paragraph 29 sets forth legal conclusions to which no response is required.  To the extent a response is required, OpenEvidence admits that this Court has personal jurisdiction over OpenEvidence.

30.    Paragraph 30 sets forth legal conclusions to which no response is required.  To the extent a response is required, OpenEvidence admits that venue is proper in this district.

## FACTUAL ALLEGATIONS

31.    To the extent Paragraph 31 purports to characterize or describe quotes by Mr. Nadler, OpenEvidence refers to those sources for a full and accurate description of their content

and denies any characterization or description that is inconsistent with those documents and other sources.  OpenEvidence denies the remaining allegations in Paragraph 31.

32.    To the extent Paragraph 32 purports to characterize or describe quotes attributed to OpenEvidence, OpenEvidence refers to those sources for a full and accurate description of their content and denies any characterization or description that is inconsistent with those sources. OpenEvidence denies the remaining allegations in Paragraph 32.

33.    Denied.

34.    Paragraph 34 contains legal conclusions to which no response is required.  To the extent a response is required, OpenEvidence denies the allegations in Paragraph 34.

35.    To the extent Paragraph 35 purports to quote from or characterize documents, those documents speak for themselves, and OpenEvidence denies Doximity's characterization of them. OpenEvidence denies all other allegations in Paragraph 35.

36.    Denied.

37.    OpenEvidence admits that NPI names and numbers are public and available for free download at cms.hhs.gov.  To the extent a further response is required, OpenEvidence denies the allegations in Paragraph 37.

38.    Denied.

39.    Denied.

40.    Denied.

41.    OpenEvidence lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41, and on that basis denies them.

42.    OpenEvidence lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42, and on that basis denies them.

43.    Denied.

44.    To the extent Paragraph 44 purports to quote from or characterize documents, those documents speak for themselves, and OpenEvidence denies any characterization of them. OpenEvidence denies all other allegations in Paragraph 44.

45.    Paragraph 45 contains legal conclusions to which no response is required.  To the extent a response is required, OpenEvidence denies the allegations in Paragraph 45.

46.    Denied.

47.    OpenEvidence lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47, and on that basis denies them.

48.    OpenEvidence denies the allegations in Paragraph 48, including any implication that the source it cites applies to OpenEvidence's platform.  Furthermore, OpenEvidence lacks knowledge or information sufficient to form a belief as to the truth of the quotes alleged in Paragraph 48, and on that basis denies them.

49.    To the extent Paragraph 49 purports to characterize any third-party reporting, that reporting speaks for itself, and OpenEvidence denies Doximity's characterization of it. OpenEvidence denies all other allegations in Paragraph 49.

50.    To the extent Paragraph 50 purports to characterize any third-party reporting, that reporting speaks for itself, and OpenEvidence denies Doximity's characterization of it. OpenEvidence denies all other allegations in Paragraph 50.

51.    To the extent Paragraph 51 purports to quote from or reference video content, that content speaks for itself, and OpenEvidence denies Doximity's characterization of that content. OpenEvidence denies all other allegations in Paragraph 51.

52.    Denied.

53.     Denied.

54.     OpenEvidence lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54, and on that basis denies them.

55.     OpenEvidence lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55, and on that basis denies them.

56.     OpenEvidence denies that the Medium article linked in Paragraph 56 is "reporting by an independent source," as the author of the article, Serelora,[2] is a competing medical AI platform.  To the extent Paragraph 56 purports to characterize or describe this Medium article, OpenEvidence refers to that article for a full and accurate description of their content and denies any characterization or description that is inconsistent with that document.  OpenEvidence denies all other allegations in Paragraph 56.

57.     OpenEvidence lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57, and on that basis denies them.

58.     OpenEvidence lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58, and on that basis denies them.

59.     To the extent Paragraph 59 purports to quote from or reference any article, the article speaks for itself, and OpenEvidence denies Doximity's characterization of it. OpenEvidence denies all other allegations in Paragraph 59.

60.     OpenEvidence lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60, and on that basis denies them.

---

[2]  About Serelora, https://serelora.com/about.

61.    To the extent Paragraph 61 purports to characterize OpenEvidence's materials, those materials speak for themselves, and OpenEvidence denies Doximity's characterization of them.  OpenEvidence denies all other allegations in Paragraph 61.

62.    Denied.

63.    Paragraph 63 contains legal conclusions to which no response is required.  To the extent a response is required, OpenEvidence denies the allegations in Paragraph 63.

64.    OpenEvidence lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 attributed to an uncited quote, and on that basis denies them.  OpenEvidence otherwise denies the allegations in Paragraph 64.

65.    Paragraph 65 contains legal conclusions to which no response is required.  To the extent a response is required, OpenEvidence denies the allegations in Paragraph 65.

66.    To the extent Paragraph 66 purports to quote from or characterize documents, those documents speak for themselves, and OpenEvidence denies Doximity's characterization of them.  OpenEvidence lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66, and on that basis denies them.

67.    To the extent Paragraph 67 purports to quote from or characterize documents, those documents speak for themselves, and OpenEvidence denies that the entirety of Paragraph 67 accurately reflects those documents.

68.    To the extent Paragraph 68 purports to characterize any third-party reporting, that reporting speaks for itself.  OpenEvidence lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68, and on that basis denies them.

69.    To the extent Paragraph 69 purports to characterize any third-party reporting, that reporting speaks for itself, and OpenEvidence denies Doximity's characterization of that reporting.

70.    OpenEvidence admits that it did not author or contribute to either of the Substack articles.  To the extent a further response is required, OpenEvidence denies all other allegations in Paragraph 70.

71.    OpenEvidence admits that it has spent money to advertise on LinkedIn.  To the extent Paragraph 71 purports to describe non-party LinkedIn's production, that production speaks for itself, and OpenEvidence denies any characterization or description that is inconsistent with that production.  OpenEvidence further denies all other allegations in Paragraph 71.

72.    OpenEvidence admits that it has spent money to advertise on LinkedIn.  To the extent Paragraph 72 purports to describe non-party LinkedIn's production, that production speaks for itself, and OpenEvidence denies any characterization or description that is inconsistent with that production.  The allegations in Paragraph 72 also set forth legal conclusions to which no response is required.  To the extent a further response is required, OpenEvidence denies the allegations in Paragraph 72.

73.    OpenEvidence admits that it has spent money to advertise on LinkedIn.  To the extent Paragraph 73 purports to characterize documents, those documents speak for themselves, and OpenEvidence denies Doximity's characterization made by Doximity.  OpenEvidence denies all other allegations in Paragraph 73.

74.    Paragraph 74 contains legal conclusions to which no response is required.  To the extent a response is required, OpenEvidence denies the allegations in Paragraph 74.

75.    OpenEvidence admits that it has spent money to advertise on LinkedIn.  To the extent Paragraph 75 purports to quote from or characterize documents, those documents speak for themselves, and OpenEvidence denies Doximity's characterization of them.  The allegations in

Paragraph 75 also set forth legal conclusions to which no response is required.  To the extent a further response is required, OpenEvidence denies the allegations in Paragraph 75.

76.     Denied.

77.     To the extent Paragraph 77 purports to quote from or characterize documents, those documents speak for themselves, and  OpenEvidence denies Doximity's characterization of them. OpenEvidence denies all other allegations in Paragraph 77.

78.     To the extent Paragraph 78 purports to quote from or characterize documents, those documents speak for themselves, and OpenEvidence denies Doximity's characterization of them. OpenEvidence denies all other allegations in Paragraph 78.

79.     To the extent Paragraph 79 purports to quote from or characterize documents, those documents speak for themselves, and OpenEvidence denies Doximity's characterization of them. OpenEvidence denies all other allegations in Paragraph 79.

80.     Paragraph 80 contains legal conclusions to which no response is required.  To the extent Paragraph 80 purports to quote from or characterize documents, those documents speak for themselves, and OpenEvidence denies Doximity's characterization of them.  OpenEvidence lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80, and on that basis denies them.

81.     OpenEvidence lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81, and on that basis denies them.

82.     Denied.

83.     Paragraph 83 contains legal conclusions to which no response is required.  To the extent a response is required, OpenEvidence denies the allegations in Paragraph 83.

84. To the extent Paragraph 84 purports to quote from and characterize OpenEvidence's statements, those statements speak for themselves, and OpenEvidence denies Doximity's characterization of them. OpenEvidence denies all other allegations in Paragraph 84.

85. Paragraph 85 contains legal conclusions to which no response is required. To the extent a response is required, OpenEvidence denies the allegations in Paragraph 85.

86. Denied.

87. To the extent Paragraph 87 purports to quote from and characterize OpenEvidence's statements, those statements speak for themselves, and OpenEvidence denies Doximity's characterization of them. OpenEvidence denies all other allegations in Paragraph 87.

88. Paragraph 88 contains legal conclusions to which no response is required. To the extent a response is required, OpenEvidence denies the allegations in Paragraph 88.

89. Paragraph 89 contains legal conclusions to which no response is required. To the extent a response is required, OpenEvidence denies the allegations in Paragraph 89.

90. OpenEvidence lacks knowledge or information sufficient to form a belief as to the truth of the allegations in second sentence of Paragraph 90, and on that basis denies them. OpenEvidence otherwise denies the allegations in Paragraph 90.

91. Denied.

92. Denied.

93. Paragraph 93 contains legal conclusions to which no response is required. To the extent a response is required, OpenEvidence denies the allegations in Paragraph 93.

94. Denied.

95. OpenEvidence admits that it has spent money to advertise on LinkedIn. To the extent Paragraph 95 purports to characterize a LinkedIn post, the post speaks for itself, and

OpenEvidence denies Doximity's characterization of it.  OpenEvidence further denies all other allegations in this paragraph.

96.    Denied.

97.    To the extent Paragraph 97 purports to describe non-party LinkedIn's production, that production speaks for itself, and OpenEvidence denies any characterization or description that is inconsistent with that production.  OpenEvidence denies all other allegations in Paragraph 97.

98.    OpenEvidence admits that it has spent money to advertise on LinkedIn.  To the extent Paragraph 98 purports to characterize a LinkedIn post, the post speaks for itself, and OpenEvidence denies Doximity's characterization of it.  OpenEvidence further denies all other allegations in this paragraph.

99.    Denied.

100.    To the extent Paragraph 100 purports to characterize a LinkedIn post, the post speaks for itself, and OpenEvidence denies Doximity's characterization of it.  Paragraph 100 also sets forth legal conclusions to which no response is required.  To the extent a further response is required, OpenEvidence denies the allegations in Paragraph 100.

101.    Denied.

102.    To the extent Paragraph 102 purports to quote from or characterize LinkedIn pages, those pages speak for themselves, and OpenEvidence denies Doximity's characterization of them. OpenEvidence denies all other allegations in Paragraph 102.

103.    To the extent Paragraph 103 purports to quote from or characterize LinkedIn posts, the posts speak for themselves, and OpenEvidence denies Doximity's characterization of them. Paragraph 103 also sets forth legal conclusions to which no response is required.  To the extent a further response is required, OpenEvidence denies the allegations in Paragraph 103.

104. Denied.

105. Denied.

106. OpenEvidence admits that it created LinkedIn accounts. To the extent Paragraph 106 purports to describe non-party LinkedIn's production, that production speaks for itself, and OpenEvidence denies Doximity's characterization of them. To the extent a further response is required, OpenEvidence denies the remaining allegations.

107. To the extent Paragraph 107 purports to describe non-party LinkedIn's production, that production speaks for itself, and OpenEvidence denies any characterization or description that is inconsistent with that production.

108. To the extent Paragraph 108 purports to describe non-party LinkedIn's production, that production speaks for itself, and OpenEvidence denies any characterization or description that is inconsistent with that production.

109. To the extent Paragraph 109 purports to describe non-party LinkedIn's production, that production speaks for itself, and OpenEvidence denies any characterization or description that is inconsistent with that production.

110. To the extent any referenced Delaware Secretary of State records exist, those records speak for themselves, and OpenEvidence denies Doximity's characterization of them.

111. Paragraph 111 contains legal conclusions to which no response is required. To the extent a response is required, OpenEvidence denies the allegations in Paragraph 111.

112. Paragraph 112 contains legal conclusions to which no response is required. To the extent a response is required, OpenEvidence denies the allegations in Paragraph 112.

113. Denied.

114. OpenEvidence admits that it has spent money to advertise on LinkedIn. To the extent Paragraph 114 purports to characterize a LinkedIn post or account, that post and account speak for themselves, and OpenEvidence denies Doximity's characterization of them. OpenEvidence denies all other the allegations in Paragraph 114.

115. Denied.

116. OpenEvidence admits that it has spent money to advertise on LinkedIn. To the extent Doximity purports to quote from or characterize a LinkedIn post or account, that post and account speak for themselves, and OpenEvidence denies Doximity's characterization of them. OpenEvidence denies all other the allegations in Paragraph 114.

117. To the extent Paragraph 117 purports to quote from or characterize documents, those documents speak for themselves, and OpenEvidence denies Doximity's characterization of them. Paragraph 117 also contains legal conclusions to which no response is required. To the extent a response is required, OpenEvidence denies the allegations in Paragraph 117.

118. Denied.

119. Denied.

120. To the extent Paragraph 120 purports to reference a pitch deck, that pitch deck speaks for itself, and OpenEvidence denies Doximity's characterization of such pitch deck.

121. OpenEvidence lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 121, and on that basis denies them.

122. To the extent Paragraph 122 purports to reference a pitch deck, that pitch deck speaks for itself, and OpenEvidence denies Doximity's characterization of such pitch deck.

123. Paragraph 123 contains legal conclusions to which no response is required. To the extent a response is required, OpenEvidence denies the allegations in Paragraph 123.

124. OpenEvidence lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 concerning what a third party allegedly said at a Barclays event, and on that basis denies these allegations.

125. Denied.

126. Denied.

127. OpenEvidence denies that it engaged in improper or harassing recruitment. To the extent any communications exist, those communications speak for themselves, and OpenEvidence denies Doximity's characterization of them.

128. Denied.

129. To the extent Paragraph 129 purports to quote from or characterize communications, those communications speak for themselves, and OpenEvidence denies Doximity's characterization of them. OpenEvidence denies all other allegations in Paragraph 129.

130. To the extent Paragraph 130 purports to quote from or characterize communications, those communications speak for themselves, and OpenEvidence denies Doximity's characterization of them. OpenEvidence denies all other allegations in Paragraph 130.

131. Paragraph 131 consists of Doximity's characterization of this lawsuit and legal arguments to which no response is required. To the extent a response is required, OpenEvidence lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131, and on that basis denies them.

132. Denied.

133. Denied.

134. Paragraph 134 concerns a claim that has been dismissed; as such, no answer is required.

135.    Paragraph 135 concerns a claim that has been dismissed; as such, no answer is required.

136.    Paragraph 136 concerns a claim that has been dismissed; as such, no answer is required.

137.    Paragraph 137 concerns a claim that has been dismissed; as such, no answer is required.

138.    Paragraph 138 concerns a claim that has been dismissed; as such, no answer is required.

139.    Paragraph 139 concerns a claim that has been dismissed; as such, no answer is required.

140.    Paragraph 140 concerns a claim that has been dismissed; as such, no answer is required.

141.    Paragraph 141 concerns a claim that has been dismissed; as such, no answer is required.

142.    Paragraph 142 contains legal conclusions to which no response is required.  To the extent a response is required, OpenEvidence denies the allegations in Paragraph 142.

143.    To the extent Paragraph 143 purports to quote from or characterize OpenEvidence's statements, those statements speak for themselves, and OpenEvidence denies Doximity's characterization of them.

144.    To the extent Paragraph 144 purports to quote from or characterize OpenEvidence's statements, those statements speak for themselves, and OpenEvidence denies Doximity's characterization of them.

145. To the extent Paragraph 145 purports to quote from or characterize OpenEvidence's statements, those statements speak for themselves, and OpenEvidence denies Doximity's characterization of them.

146. Paragraph 146 contains legal conclusions to which no response is required. To the extent a response is required, OpenEvidence denies the allegations in Paragraph 146.

147. Denied.

148. OpenEvidence lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148, and on that basis denies them.

149. OpenEvidence denies the allegations in Paragraph 149, including that it exposed PHI or that any publicly accessible information constitutes a HIPAA breach. The example cited in this paragraph contains no identifying information and, therefore, does not constitute protected health information under HIPAA. To the extent materials exist on websites or archival sites, those materials speak for themselves, and OpenEvidence denies Doximity's characterization of them.

150. OpenEvidence admits that it has no employees with those titles, it does however have senior in-house Legal and Privacy and Compliance personnel. OpenEvidence denies that its compliance practices are improper or inadequate. OpenEvidence otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150, and on that basis denies them.

151. Denied.

152. Paragraph 152 contains legal conclusions to which no response is required. To the extent a response is required, OpenEvidence denies the allegations in Paragraph 152.

153. To the extent Paragraph 153 purports to quote from or reference any pitch materials, the materials speak for themselves, and OpenEvidence denies Doximity's characterization of them.

154.    To the extent Paragraph 154 purports to quote from or reference OpenEvidence's Privacy Policy, that Privacy Policy speaks for itself, and OpenEvidence denies Doximity's characterization of the Policy.

155.    Paragraph 155 contains legal conclusions to which no response is required. To the extent a response is required, OpenEvidence denies the allegations in Paragraph 155.

156.    OpenEvidence denies that its Privacy Policy allows for the sale of queries to advertisers and further denies that it shares the PHI of actual individuals "publicly on the OpenEvidence platform." To the extent Paragraph 156 purports to quote from or characterize OpenEvidence's Privacy Policy and Business Associate Agreement, those documents speak for themselves, and OpenEvidence denies Doximity's characterization of them.

157.    Paragraph 157 contains legal conclusions to which no response is required. To the extent a response is required, OpenEvidence denies the allegations in Paragraph 157.

158.    OpenEvidence lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158, and on that basis denies them.

159.    Denied.

160.    Denied.

161.    Denied.

162.    OpenEvidence lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162, and on that basis denies them.

163.    To the extent Paragraph 163 purports to quote from or reference OpenEvidence's statements, those statements speak for themselves, and OpenEvidence denies Doximity's characterization of them.

164.    Denied.

**CLAIMS FOR RELIEF**

**COUNT I**
**(False Advertising in Violation of the Lanham Act (15 U.S.C. § 1125(A))**

165.    OpenEvidence reasserts and incorporates its responses to Paragraphs 1 through 164 of Doximity's Second Amended Counterclaims.

166.    Denied.

167.    Denied.

168.    Denied.

169.    Denied.

170.    Denied.

171.    Denied.

172.    Denied.

173.    Denied.

174.    Denied.

175.    Denied.

**COUNT II**
**(Violations of Mass. Gen. L. c. 93A §§ 2 and 11)**

176.    OpenEvidence reasserts and incorporates its responses to Paragraphs 1 through 164 of Doximity's Second Amended Counterclaims.

177.    Paragraph 177 contains legal conclusions to which no response is required.  To the extent a response is required, OpenEvidence denies the allegations in Paragraph 177.

178.    Denied.

179.    Denied.

180.    Denied.

181.    Denied.

182. Denied.

183. Denied.

184. Denied.

### COUNT III
### (Defamation, Mass. G.L. Ch. 231, § 92)

185. OpenEvidence reasserts and incorporates its responses to Paragraphs 1 through 164 of Doximity's Second Amended Counterclaims.

186. Denied.

187. Denied.

188. Denied.

189. Denied.

190. Denied.

191. Denied.

192. Denied.

### COUNT IV
### (Tortious Interference with Contractual Relations)

193. OpenEvidence reasserts and incorporates its responses to Paragraphs 1 through 164 of Doximity's Second Amended Counterclaims.

194. OpenEvidence lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194, and on that basis denies these allegations.

195. Denied.

196. Denied.

197. Denied.

198. Denied.

199. Denied.

## COUNT V
### (Tortious Interference with Advantageous Business Relations)

200. OpenEvidence reasserts and incorporates its responses to Paragraphs 1 through 164 of Doximity's Second Amended Counterclaims.

201. OpenEvidence lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 201, and on that basis denies these allegations.

202. Denied.

203. Denied.

204. Denied.

205. Denied.

## DEMAND FOR JURY TRIAL

OpenEvidence demands a trial by jury on all issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

OpenEvidence undertakes the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are identified below. OpenEvidence expressly reserves the right to plead additional affirmative and other defenses should any such defenses be revealed by discovery in this case or any other means. For its affirmative and other defenses, OpenEvidence states as follows:

## FIRST AFFIRMATIVE DEFENSE

Doximity's claims are barred, in whole or in part, by the doctrines of unclean hands, *in pari delicto*, and assumption of risk.

## SECOND AFFIRMATIVE DEFENSE

Doximity's claims are barred, in whole or in part, because Doximity has not suffered any injury-in-fact or damages as a result of any alleged actions by OpenEvidence.

### THIRD AFFIRMATIVE DEFENSE

Doximity's claims are barred, in whole or in part, by its failure to mitigate its alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

Doximity's claims are barred, in whole or in part, because recovery would result in unjust enrichment to Doximity.

### FIFTH AFFIRMATIVE DEFENSE

Doximity's claims are barred, in whole or in part, by the doctrines of laches, waiver, acquiescence, ratification, and/or estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Doximity's claims for false advertising and defamation are barred because the alleged statements are either truthful or puffery and thus nonactionable.

### SEVENTH AFFIRMATIVE DEFENSE

Doximity lacks standing to assert its Lanham Act claim because it has not suffered a competitive or commercial injury.

### EIGHTH AFFIRMATIVE DEFENSE

Doximity's Lanham Act claim is barred, in whole or in part, because Doximity cannot establish a likelihood of consumer confusion or deception.

### NINTH AFFIRMATIVE DEFENSE

Doximity's claim under Chapter 93A of Massachusetts General Laws is barred, in whole or in part, because OpenEvidence did not engage in any unfair method of competition or unfair or deceptive act or practice, and Doximity's alleged injuries and losses did not result from any of the same.

## TENTH AFFIRMATIVE DEFENSE

The imposition of treble damages would be punitive and violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and the Excessive Fines Clause of the United States Constitution.

## ELEVENTH AFFIRMATIVE DEFENSE

Doximity's Second Amended Counterclaims, in whole or in part, fails to state a claim against OpenEvidence upon which relief can be granted.

## TWELFTH AFFIRMATIVE DEFENSE

Doximity's Second Amended Counterclaims, in whole or in part, are barred because they are frivolous, brought in bad faith, and/or brought for an improper purpose.

## THIRTEENTH AFFIRMATIVE DEFENSE

Doximity's Second Amended Counterclaims, in whole or in part, are barred because Doximity cannot establish that OpenEvidence caused any of the harm for which Doximity seeks redress.

## FOURTEENTH AFFIRMATIVE DEFENSE

Doximity is barred from recovery for any claim, including any claim resting on allegations of improper means or malintent, in whole or in part, because the actions taken by OpenEvidence, if any, with respect to Doximity were based on an honest, reasonable, and good faith belief in the facts as known and understood at the time.

## PRAYER FOR RELIEF
## (AS TO DOXIMITY'S SECOND AMENDED COUNTERCLAIMS)

The paragraphs of the Second Amended Counterclaims set forth the statement of relief requested by Doximity, to which no response is required.  OpenEvidence denies that Doximity is entitled to any of the requested relief and denies any allegations contained therein.

Dated: June 9, 2026

/s/ Stephen Broome

Stephen Broome (*pro hac vice*)
stephenbroome@quinnemanuel.com
Valerie Lozano (*pro hac vice forthcoming*)
valerielozano@quinnemanuel.com
Scott E. Schlafer (*pro hac vice forthcoming*)
scottschlafer@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

Stacylyn M. Doore (BBO# 678449)
Ryan P. Gorman (BBO# 707239)
Vanessa Rodriguez (BBO# 713607)
Zi Chun Wang (BBO# 709803)
stacylyndoore@quinnemanuel.com
ryangorman@quinnemanuel.com
vanessarodriguez@quinnemanuel.com
michellewang@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100

Nathan Hamstra (*pro hac vice*)
nathanhamstra@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400

Sascha N. Rand (*pro hac vice forthcoming*)
sascharand@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
295 5th Avenue, 9th Floor
New York, New York 10016

*Attorneys for OpenEvidence Inc.*

25

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document filed today through the Court's CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Stephen Broome*
Stephen Broome (admitted pro hac vice)
stephenbroome@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000