UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

OPENEVIDENCE INC.,                              :

        Plaintiff,                              :    Civil Action
  v.                                            No. 25-11802-RGS

                                :

DOXIMITY, INC., JEY BALACHANDRAN,
JAKE KONOSKE, PATHWAY MEDICAL,       :
INC., LOUIS MULLIE, JONATHAN
HERSHON ST-JEAN, HOVHANNES            :
KARAPETYAN, ERIC YAMGA, KHUDHUR
MOHAMMED, and VINCE ROY,              :

        Defendants.                             :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANTS DOXIMITY, INC., JEY BALACHANDRAN,
JAKE KONOSKE, AND PATHWAY MEDICAL, INC.'S PARTIAL
OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE
<u>SECOND AMENDED COMPLAINT AND TO AMEND THE SCHEDULING ORDER</u>**

James R. Carroll
William K. Wray Jr.
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800

*Counsel for Defendants Doximity, Inc., Jey
Balachandran, Jake Konoske, and Pathway
Medical, Inc.*

Dated:  June 22, 2026

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ..............................................................................................1

RELEVANT BACKGROUND ................................................................................................2

ARGUMENT ............................................................................................................................3

I.      THE COURT SHOULD DENY IN PART OPENEVIDENCE'S
MOTION FOR LEAVE TO FILE ITS SECOND AMENDED COMPLAINT.................3

        A.     Applicable Legal Standard.......................................................................................3

        B.     OpenEvidence's Proposed Revival Of
Previously Abandoned Allegations Is Unduly Prejudicial.......................................4

        C.     OpenEvidence's Amendment Should Be
Conditioned On The Removal Of Immaterial Allegations .....................................6

II.     THE COURT SHOULD GRANT IN PART AND DENY IN PART
OPENEVIDENCE'S MOTION TO AMEND THE SCHEDULING ORDER...................9

        A.     Applicable Legal Standard.......................................................................................9

        B.     OpenEvidence Has Not Established
Good Cause For Its Proposed Modification.............................................................9

CONCLUSION........................................................................................................................14

## TABLE OF AUTHORITIES

**CASES**                                                    **PAGE(S)**

*3D Systems, Inc. v. Wynne,*
No. 21-cv-1141, 2023 WL 7003271 (S.D. Cal. Oct. 24, 2023) .................................. 10, 12

*Alvarado-Morales v. Digital Equipment Corp.,*
843 F.2d 613 (1st Cir. 1988) ...................................................................................... 6

*Calderón-Serra v. Wilmington Trust Co.,*
715 F.3d 14 (1st Cir. 2013) ........................................................................................ 4

*City of Framingham v. Durham School Services, L.P.,*
No. 23-cv-10460, 2024 WL 989004 (D. Mass. Mar. 7, 2024) .................................... 4

*Danny B. ex rel. Elliott v. Raimondo,*
784 F.3d 825 (1st Cir. 2015) .................................................................................... 14

*Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco,*
792 F.2d 1432 (9th Cir. 1986) .................................................................................... 5

*Foman v. Davis,*
371 U.S. 178 (1962) ............................................................................................... 4, 5

*Hardy v. City of Tupelo,*
No. 1:08–CV–28, 2009 WL 1974693 (N.D. Miss. July 8, 2009) ............................... 5

*Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd.,*
333 F.3d 38 (1st Cir. 2003) ...................................................................................... 10

*In re United Brands Co. Securities Litigation,*
No. 85 CIV. 5445, 1990 WL 16164 (S.D.N.Y. Feb. 15, 1990) .................................. 6

*Johnson v. Mammoth Recreations, Inc.,*
975 F.2d 604 (9th Cir. 1992) ...................................................................................... 9

*K.J.P. v. County of San Diego,*
No. 3:15-cv-2692, 2016 WL 7384160 (S.D. Cal. Dec. 1, 2016) ................................ 5

*Klauber v. VMware, Inc.,*
80 F.4th 1 (1st Cir. 2023) ........................................................................................... 7

*Kolling v. American Power Conversion Corp.,*
347 F.3d 11 (1st Cir. 2003) ........................................................................................ 5

*Koppel v. Moses*,
No. 20-cv-11479, 2022 WL 1568444 (D. Mass. May 18, 2022) .......................................11

*Louisiana v. Litton Mortgage Co.*,
50 F.3d 1298 (5th Cir. 1995) ........................................................................................... 5

*Lucero v. Cenlar FSB*,
No. C13–0602RSL, 2013 WL 5530526 (W.D. Wash. Oct. 4, 2013) ................................. 5

*McLeod v. Fessenden School*,
626 F. Supp. 3d 220 (D. Mass. 2022) ............................................................................... 7

*O'Connell v. Hyatt Hotels of Puerto Rico*,
357 F.3d 152 (1st Cir. 2004) ............................................................................................. 9

*Savoy v. White*,
139 F.R.D. 265 (D. Mass. 1991) ....................................................................................... 6

*Whittingham v. Amherst College,*
163 F.R.D. 170 (D. Mass. 1995) ......................................................................................11

*Winger v. Jeffreys*,
No. 19-cv-00236, 2021 WL 5285223 (S.D. Ill. Oct. 22, 2021) ....................................... 12

**RULES & STATUTES**                                                        **PAGE(S)**

15 U.S.C. § 1125 ................................................................................................................ 3

Cal. Bus. & Prof. Code § 17200 ........................................................................................ 3

Cal. Bus. & Prof. Code § 17500 ........................................................................................3

Federal Rule of Civil Procedure 12(f) ............................................................................... 6

Federal Rule of Civil Procedure 15(a) ........................................................................... 3, 6

Federal Rule of Civil Procedure 16(b) ............................................................................... 9

Federal Rule of Civil Procedure 30(a)(2) ........................................................................10

## PRELIMINARY STATEMENT

OpenEvidence asks this Court to revive previously abandoned claims, inject immaterial and inflammatory allegations into its pleading, nearly double the written discovery it may propound, more than triple the depositions per side, and extend discovery deadlines by half a year. Doximity, Inc., Jey Balachandran, Jake Konoske, and Pathway Medical, Inc. ("Defendants") oppose two discrete aspects of the motion.[1]

*First*, OpenEvidence seeks to (1) revive the previously asserted and abandoned Lanham Act claim premised on statements about medical journal partnerships, and (2) lard its pleading with immaterial, prejudicial allegations untethered to any cause of action.[2] Leave should be denied as to both.

*Second*, OpenEvidence's motion falls far short of establishing good cause for its sweeping proposed discovery expansion. OpenEvidence merely recycles the arguments it pressed—and lost—in opposing Doximity's Second Amended Counterclaims: that Doximity's new allegations generally warrant additional discovery and longer deadlines. The Court rejected that reasoning already. Doximity's amendment did not (and does not) require the breadth of additional discovery OpenEvidence now demands. Doximity does not oppose, and indeed already consented to, a modest discovery modification—four additional written requests of each

---

[1]    As used in this opposition, Defendants does not include Louis Mullie, Jonathan Hershon St-Jean, Hovhannes Karapetyan, Khudhur Mohammed, and Vince Roy (collectively, the "Individual Pathway Defendants").

[2]    This is part of OpenEvidence's playbook. This lawsuit began with OpenEvidence alleging that Doximity stole its trade secrets. OpenEvidence should have known those claims were baseless—it never provided any confidential information to Doximity, let alone trade secrets. It eventually abandoned the trade secrets claim, but only after the press picked up the allegations (*see, e.g.*, https://www.legal.io/blog/5692565/Health-Tech-Startup-Alleges-Doximity-Used-Prompt-Injection-to-Steal-AI-Trade-Secrets).

type, two additional depositions per side, and a two-month extension—but does oppose OpenEvidence's demand for 55 written requests, 21 depositions, and a six-month extension.

## **RELEVANT BACKGROUND**

OpenEvidence filed this action on June 20, 2025. (ECF No. 1.) Its original Complaint pleaded ten causes of action, including now-abandoned claims under the Defend Trade Secrets Act (*id.* ¶¶ 78–86) and the Digital Millennium Copyright Act (*id.* ¶¶ 98–103). It also sought relief under the Lanham Act, alleging that Doximity disseminated "false and misleading statements in commercial contexts, including [the Doximity CEO]'s false representation to pharmaceutical company representatives that Doximity had 'the same deal with [the New England Journal of Medicine (NEJM)] that OpenEvidence does.'" (*Id.* ¶¶ 124–33.)

Defendants moved to dismiss, arguing among other things that OpenEvidence had failed to "identify any statement by Defendants that [was] demonstrably false or misleading." (ECF No. 31 at 19.) Before the Court could rule, OpenEvidence filed a First Amended Complaint that sharply curtailed its case—dropping six causes of action, including the Lanham Act claim—and excising every allegation that Doximity had made false or misleading statements about medical journal partnerships or anything else. (*See generally* ECF No. 38.)

The parties diligently pursued discovery under the Court's October 20, 2025 Scheduling Order. (ECF No. 37; ECF No. 91, ¶ 7.) When they jointly sought a four-month extension of all deadlines to account for delays from Rule 45 motion practice and mediation discussions (ECF No. 91 at ¶¶ 9–13), the Court granted a more modest two months, moving the fact-discovery deadline to August 10, 2026. (ECF No. 92.) No party then asked to expand the operative discovery caps: 30 Interrogatories, 30 Requests for Admission, 30 Requests for Production, and six depositions per side. (ECF No. 37.)

After discovery surfaced additional actionable conduct, Doximity sought leave to file its Second Amended Counterclaims. (ECF No. 93.) OpenEvidence opposed, insisting it would suffer prejudice from "expansive new discovery" and disruption to the recently modified schedule. (*See, e.g.*, ECF No. 96 at 2, 13.) The Court disagreed and granted leave, explaining that any prejudice "hardly qualifies as 'undue' where, as here, more than two and a half months remain in fact discovery." (ECF No. 109.)

OpenEvidence now seeks to amend yet again. Its Proposed Second Amended Complaint ("Proposed SAC") adds claims under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq., and the False Advertising Law, *id.* § 17500 et seq. (ECF No. 111-1, ¶¶ 184–200.) And it resurrects the Lanham Act cause of action from the original Complaint, 15 U.S.C. § 1125. (ECF No. 111-1, ¶¶ 177–83.)

OpenEvidence also asks to raise the discovery-request limit from 30 to 55, add 15 depositions per side, and extend fact discovery to February 10, 2027. (ECF No. 112 at 11–15.)[3] Defendants submit this memorandum opposing the motion in part.

## ARGUMENT

## I.    THE COURT SHOULD DENY IN PART OPENEVIDENCE'S MOTION FOR LEAVE TO FILE ITS SECOND AMENDED COMPLAINT

### A.    Applicable Legal Standard

Rule 15(a)(2) provides that a "court should freely give leave" to amend "when justice so requires," Fed. R. Civ. P. 15(a)(2), but it does not require a court to "mindlessly grant every

---

[3]    When OpenEvidence raised this request before filing, Defendants explained that no additional discovery was necessary. Still, "to avoid burdening the Court with an opposed motion," Defendants agreed not to oppose a request for four additional Interrogatories, Requests for Production, and Requests for Admission; two more depositions per side; and a two-month extension. (Ex. 1, Wray Email 6/4/2026.) OpenEvidence never responded. It filed this motion instead.

3

request for leave to amend." *City of Framingham v. Durham Sch. Servs., L.P.*, 2024 WL 989004, at \*1 (D. Mass. Mar. 7, 2024) (Stearns, J.) (quoting *Calderón-Serra v. Wilmington Tr. Co.*, 715 F.3d 14, 19 (1st Cir. 2013)). Leave may be denied where the movant acts with "undue delay, bad faith or dilatory motive" or where the amendment would "undu[ly] prejudice" the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

**B.    OpenEvidence's Proposed Revival Of**
**<u>Previously Abandoned Allegations Is Unduly Prejudicial</u>**

Doximity does not resist most of OpenEvidence's proposed causes of action, because they expand neither discovery nor the issues in dispute. But it does oppose OpenEvidence's bid to revive journal-partnership allegations it abandoned nearly eight months ago. (*See* ECF No. 38 (filed Oct. 29, 2025).) The Court should not reward this gamesmanship by forcing Doximity to defend against a shifting set of allegations.

The Proposed SAC's Lanham Act claim alleges that Doximity made false or misleading statements about partnerships with medical journals. (ECF No. 111-1.) That is the very claim OpenEvidence pleaded at the outset, when it alleged that Doximity told industry participants it had "'the same deal with NEJM that OpenEvidence does,' when no such partnership between Doximity and NEJM exists." (ECF No. 1, ¶ 70.) Doximity moved to dismiss, addressing these allegations head-on. As Doximity explained, OpenEvidence "[did] not identify any statement by Defendants that is demonstrably false or misleading," that its assertions were "entirely unsubstantiated," and that the alleged NEJM statement did not "misrepresent the characteristics of the good itself." (ECF No. 31 at 19–21.) OpenEvidence's response was twofold: it amended, dropping the Lanham Act claim entirely, and removed every allegation that Doximity had misrepresented a partnership with the New England Journal of Medicine. (ECF No. 38.) The

4

claim is abandoned. *Kolling v. Am. Power Conversion Corp.*, 347 F.3d 11, 16 (1st Cir. 2003) (claims omitted from amended pleadings are "abandoned").

Courts have broad discretion to refuse to let a party resurrect what it has abandoned. *See Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco*, 792 F.2d 1432, 1438 (9th Cir. 1986) (recognizing the "particularly broad" discretion a district court has to deny leave when the plaintiff already "had an opportunity to amend," "was simply restating its prior claims," and "[t]he factual bases of the claims were known … long before"); *see also Hardy v. City of Tupelo*, 2009 WL 1974693, at *2 (N.D. Miss. July 8, 2009) ("The integrity of the judicial process would surely be compromised if counsel were allowed to represent to the Court that their client abandons a claim and later reassert that claim when counsel discovers that they have made an error in judgment."); *Louisiana v. Litton Mortg. Co.*, 50 F.3d 1298, 1300 (5th Cir. 1995) (affirming district court decision that "concluded that the State's attempt to reassert the abandoned RICO claim, when viewed in conjunction with other circumstances surrounding the case, was indicative at worst of possible bad faith or dilatory motive, or at best, of inartful pleading"); *Lucero v. Cenlar FSB*, 2013 WL 5530526, at *2 (W.D. Wash. Oct. 4, 2013) (denying amendment to include previously abandoned claims); *K.J.P. v. County of San Diego*, 2016 WL 7384160, at *2 (S.D. Cal. Dec. 1, 2016) (same).

Reviving the claim now would unduly prejudice Doximity. *See Foman*, 371 U.S. at 182. Doximity already expended resources moving to dismiss this claim, and it served discovery requests directed at ***those very allegations*** before withdrawing them once OpenEvidence abandoned the claim. (*See, e.g.*, Ex. 2, Defendants' First Request for Production of Documents to Plaintiff, at 14 (requesting "All Documents and Communications Concerning . . . representations, omissions, or statements by Doximity that OpenEvidence contends were

5

false, misleading, or likely to deceive customers, users, or investors").) The case then moved forward with no discovery into the abandoned claim. Now, after significant time and resources have gone to litigating other claims, OpenEvidence would reopen a line of discovery—and likely motion practice—that both sides reasonably treated as closed. The Court should require OpenEvidence to remove its medical-journal-partnership allegations before filing.

## C. OpenEvidence's Amendment Should Be Conditioned On The Removal Of Immaterial Allegations

The Court should also bar OpenEvidence from using this amended pleading as a vehicle to publish scandalous allegations about Doximity that bear no relation to the elements of the claims it pleads.[4] Rule 15(a) does not require a court to permit an amendment that needlessly injects collateral, prejudicial matter into the pleadings. *See Savoy v. White*, 139 F.R.D. 265, 267 (D. Mass. 1991) (Bowler, M.J.) ("A proposed amendment is futile if it serves no legitimate purpose or is without legal merit."); *see also Alvarado-Morales v. Digital Equip. Corp.*, 843 F.2d 613, 618 (1st Cir. 1988) (district court has "considerable discretion" to apply Federal Rule of Civil Procedure 12(f) and may strike allegations that are not tied to "substantive elements of the cause of action"); *In re United Brands Co. Sec. Litig.*, 1990 WL 16164, at *5 n.4 (S.D.N.Y. Feb. 15, 1990) ("It is within the Court's discretion to condition the granting of plaintiffs' leave to amend upon the striking of certain paragraphs of the proposed amendment."). A pleading is measured against the claims it asserts; it is not a license to publish every accusation a party can assemble about its adversary. The Court should require OpenEvidence to remove the collateral allegations catalogued below before filing its SAC.

---

[4]    The Proposed SAC asserts six causes of action: violation of the CFAA, breach of contract, unjust enrichment, violation of the Lanham Act, violation of California's Unfair Competition Law, and violation of California's False Advertising Law. (ECF No. 111-1, ¶¶ 156–200.)

First, the Proposed SAC alleges that FBI agents made unannounced visits to a former senior Doximity advertising sales-executive's home to question him about Doximity's CEO, and that another senior employee explored whistleblower-protection options regarding what he intended to report to federal authorities. (ECF No. 111-1, ¶ 3.) None of this relates to any element of OpenEvidence's claims. The aim is not to plead necessary facts; it is to invite the reader to infer wrongdoing from the bare mention of the FBI and supposed whistleblower activity (and to do so with the benefit of litigation privilege). *Cf. McLeod v. Fessenden Sch.*, 626 F. Supp. 3d 220, 222 (D. Mass. 2022) (striking allegations that had "no essential or important relationship to the claim for relief or the defenses being pleaded" and "d[id] not pertain, and [were] not necessary, to the issues in question" (citation omitted)).

Second, the Proposed SAC marshals unrelated securities litigation and insider-trading allegations to impugn Doximity rather than to plead a claim. It alleges that Doximity's former Chief Revenue Officer—who is not a party—was sentenced to 26 months in federal prison, pleaded guilty to two securities-fraud counts, traded ahead of Doximity earnings calls, and realized more than $2.5 million in illicit profits. (ECF No. 111-1, ¶¶ 3, 99.) It adds that Doximity settled a shareholder class action for $31 million before significant discovery, which OpenEvidence labels "a sign it has much to hide." (*Id.* ¶¶ 4, 98.) Yet the Proposed SAC asserts no securities-fraud, insider-trading, fiduciary-duty, or investor-disclosure claim, and a settlement of a separate securities case is no admission; it establishes nothing about falsity, materiality, causation, injury, unauthorized access, breach, or unjust enrichment here. *See Klauber v. VMware, Inc.*, 80 F.4th 1, 8 (1st Cir. 2023) (affirming order striking settlement-related allegations and noting that "settlement may well reflect a desire for peaceful dispute resolution, rather than the litigants' perceptions of the strength or weakness of their relative positions").

The same defect infects the allegations that a Doximity Senior Vice President of Commercial Operations entered a Rule 10b5-1 trading plan ten days after joining the company and that Doximity experienced "unannounced and unexplained departures" of financial and leadership personnel. (ECF No. 111-1, ¶ 94.) OpenEvidence pleads no claim about stock-trading plans, corporate-governance failures, internal-controls violations, or executive departures, and none of these allegations identifies a false statement directed to OpenEvidence, a physician, an advertiser, or any purchaser of advertising services.

Third, the Proposed SAC attacks Doximity executives in ways that bear on nothing OpenEvidence pleads. It charges that Doximity went public with an "inexperienced" CFO, quotes a short-seller's characterization of her resume as "shockingly thin," notes that Doximity's Chief Commercial Officer was mentioned in an unrelated Verily Life Sciences whistleblower lawsuit, and speculates that her alleged willingness to conceal breaches at her prior employer was "a selling point, not a demerit, for" Doximity's CEO. (*Id.* ¶¶ 89–93.) These allegations concern different companies, different conduct, different litigation, or individual qualifications; none establishes unauthorized access, breach, unjust enrichment, or a false statement in commercial advertising. In short, these allegations are a smear campaign.

To be sure, Doximity does not ask the Court to deny leave merely because OpenEvidence's allegations are strongly worded, nor to prevent OpenEvidence from pleading facts that plausibly support its proposed claims. The objection is narrower. As drafted, the Proposed SAC packs in collateral accusations—FBI visits, insider trading, shareholder settlements, short-seller attacks on executive qualifications, stock-trading plans, and executive departures—that are immaterial to the claims OpenEvidence seeks to plead. The resulting prejudice is plain: These accusations would force Doximity to answer and potentially take

discovery on collateral matters, increasing litigation costs, multiplying disputes over relevance and discovery scope, and risking mini-trials on unrelated securities, employment, governance, and third-party matters. That prejudice is amplified because a complaint is a public filing, and the challenged allegations appear calculated to associate Doximity with criminality, concealment, executive incompetence, and unrelated privacy violations before any adjudication on the merits.

The Court should therefore require OpenEvidence to remove paragraphs 3–4, 89–94, and 98–99, in addition to all allegations related to its abandoned Lanham Act cause of action before filing its amendment.

## II.    THE COURT SHOULD GRANT IN PART AND DENY IN PART OPENEVIDENCE'S MOTION TO AMEND THE SCHEDULING ORDER

### A.    Applicable Legal Standard

"In an era of burgeoning case loads and thronged dockets, effective case management has become an essential tool for handling civil litigation." *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 155 (1st Cir. 2004) (citation omitted). Under Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good-cause standard "emphasizes the diligence of the party seeking the amendment." *O'Connell*, 357 F.3d at 155. The "focus of the inquiry is upon the moving party's reasons for seeking modification," though prejudice to the opposing party "might supply additional reasons to deny a motion." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

### B.    OpenEvidence Has Not Established Good Cause For Its Proposed Modification

OpenEvidence asks this Court to dramatically expand both the scope of discovery and the time to complete it. It has shown good cause for neither. The Court should instead grant each

9

party four additional Requests for Production, Requests for Admission, and Interrogatories; two additional depositions; and a two-month extension of the discovery deadlines.

### 1.     There Is No Good Cause For The Breadth Of Additional Discovery OpenEvidence Seeks

The Court's original Scheduling Order gave each party 30 Interrogatories, 30 Requests for Admission, 30 Requests for Production, and six depositions. (ECF No. 37.) The case has evolved since then. But as the parties told the Court just last month, the work has gone forward through "substantial efforts to progress discovery" under those very limits. (ECF No. 91, ¶ 7.) OpenEvidence nonetheless seeks to nearly double its written requests, from 30 to 55, and more than triple its depositions, from six to 21. The Court should "exercise [its] broad discretion to manage discovery matters" and reject these unreasonable and prejudicial demands. *See Heidelberg Ams., Inc. v. Tokyo Kikai Seisakusho, Ltd.*, 333 F.3d 38, 41 (1st Cir. 2003). Indeed, if OpenEvidence's immaterial and inflammatory allegations are removed as requested above, any need for more expansive discovery is significantly diminished.

First, OpenEvidence comes nowhere near good cause for expanding each side's depositions from six to 21. Rule 30(a)(2) presumes that OpenEvidence is not entitled to 21 depositions.[5] To overcome that presumption, a party must ordinarily exhaust its available depositions and make a particularized showing of need before seeking more. *See 3D Sys., Inc. v. Wynne*, 2023 WL 7003271, at *5 (S.D. Cal. Oct. 24, 2023) (upholding order limiting depositions to five over a party's objection that he was "entitled to ten depositions . . . and allowing him five

---

[5]     OpenEvidence argues it should be permitted to depose each individual defendant. (ECF No. 112 at 11.) That argument weaponizes OpenEvidence's own decision to name many individual defendants who are hardly even mentioned in OpenEvidence's pleadings. Indeed, OpenEvidence's Proposed SAC consists of allegations that almost entirely relate to a single party: Doximity. Nonetheless, Defendants have agreed not to oppose an additional two depositions per side, which would allow OpenEvidence to depose each individual defendant.

depositions would preclude him from taking depositions of all the named Defendants"); *Koppel v. Moses*, 2022 WL 1568444, at *3 (D. Mass. May 18, 2022) (requiring "a party to exhaust available discovery before seeking leave for additional discovery events" (quoting *Whittingham v. Amherst Coll.*, 163 F.R.D. 170, 171 (D. Mass. 1995))). OpenEvidence has done neither. It has not noticed—let alone taken—a single party deposition. To date, it has served just one subpoena notice to a nonparty. OpenEvidence cannot, and does not, make a particularized showing that it needs 15 additional depositions—it has not even taken one yet.

The written-discovery request fares no better. OpenEvidence simply repeats the argument it pressed and lost in opposing Doximity's Second Amended Counterclaims—that Doximity's amendment requires more discovery. (*Compare* ECF No. 112 at 13, *with* ECF No. 96 at 9.) But Doximity's amendment narrowed the dispute rather than expanded it, identifying OpenEvidence's actionable conduct with greater specificity. (ECF No. 104-1 at 4.) It injected no new issues: OpenEvidence's efforts to disrupt Doximity's client relationships have been at issue since Doximity first filed its Counterclaims, and OpenEvidence sought discovery on Doximity's engagement metrics long before the amendment. (*See, e.g.*, ECF No. 60, ¶ 152.) This Court already recognized that the parade of horribles OpenEvidence conjured to oppose Doximity's amendment was rank speculation, particularly because much of Doximity's "new allegations concern OpenEvidence's own conduct during this litigation." (ECF No. 109.) OpenEvidence's position is no stronger now. Tellingly, it does not identify or attach a ***single*** new discovery request it wishes to propound.

Nor does OpenEvidence's own Proposed SAC justify a substantial departure from this Court's existing discovery limits. OpenEvidence concedes that its amendment would reshape the case no more than Doximity's Second Amended Counterclaims did. (*See, e.g.*, ECF No. 112 at 7

11

("[T]he conduct underlying the proposed amendment is now already squarely in this case.").)
Having conceded as much, it cannot simultaneously rely on that same amendment to justify expanded discovery.

In sum, nothing about Doximity's amendment justifies nearly doubling written discovery and more than tripling depositions. *See 3D Sys., Inc.*, 2023 WL 7003271, at \*5–6 (overruling objections to order limiting the parties to "ten ROGs; ten RFPs; and twenty RFAs"); *see also Winger v. Jeffreys*, 2021 WL 5285223, at \*2 (S.D. Ill. Oct. 22, 2021) (declining to increase the number of document requests permitted by the scheduling order for lack of good cause shown). Doximity's compromise is sufficient: if the Court expands discovery at all, each party should receive four additional written requests and two additional depositions.[6] OpenEvidence has shown no need for anything more.

### 2.   Good Cause Does Not Exist For Delaying Discovery For Six Months

OpenEvidence also seeks to extend fact discovery by six months, pushing the existing deadlines into the next calendar year. Here too, it has failed to establish good cause.

The Court entered its Scheduling Order on October 20, 2025, setting a fact-discovery deadline of June 10, 2026—approximately eight months out. (ECF No. 37.) The parties moved jointly for an extension, explaining that despite "substantial efforts to progress discovery," delays largely attributable to mediation and Northern District of California motion practice warranted a

---

[6]   If the Court grants leave to propound additional discovery requests, it should also set a new overall deadline for propounding discovery requests, and clarify that any party may propound as many new requests as remain under the overall numerical limits set by the Court. Under the Court's October 20, 2025 scheduling order, the parties were required to propound all written discovery requests within "30 days of [their] initial disclosures." (ECF No. 37.) For example, as Defendants Doximity, Inc., Jey Balachandran, and Jake Konoske served their initial disclosures on September 26, 2025, under the Court's order they were required to propound all written discovery by October 27, 2025, 30 days later (ECF No. 37).

four-month extension. (ECF No. 91, ¶¶ 7, 10.) The Court granted a more modest two months, moving the deadline to August 10, 2026. (ECF Nos. 91–92.)

OpenEvidence now seeks an additional *six* months of discovery—eight in total—a radical departure from what the parties agreed was necessary only weeks ago. It argues that the current "window cannot accommodate the discovery that is now required by Doximity's recently-added Counterclaims." (ECF No. 112 at 14.) That argument is untenable, for the reasons Doximity gave in support of its own motion to amend: OpenEvidence knew Doximity intended to amend before it agreed to seek a total of four months, and Doximity's amendment did not materially expand the issues in dispute. The Court was unpersuaded the first time: "Even accepting that amendment will broaden the scope of discovery, as OpenEvidence speculates, any resulting prejudice hardly qualifies as 'undue' where, as here, more than two and a half months remain in fact discovery[.]" (ECF No. 109.) OpenEvidence's proposed amendment changes nothing—as it again admits, its new claims "can be litigated without disrupting the scope of the case much" more than Doximity's recent amendment. (ECF No. 112 at 7.)[7]

Doximity's proposed two-month extension accords with the Court's expressed expectations. (*See, e.g.*, ECF No. 53 ("Given the age of this case and the length of the schedule, the court does not expect any further extensions."); ECF No. 92.) The Court should deny OpenEvidence's request for a six-month extension and, in its discretion, grant a two-month

---

[7]    Finally, OpenEvidence's self-serving account of the discovery record does not withstand scrutiny. (*See id.* at 14–15.) It claims, for instance, that it "negotiated a search-term protocol that Doximity took nearly three months to engage with." (*Id.* at 18.) Left unsaid is that, during those very months, the parties met and conferred extensively over objections to and the scope of the underlying requests for production. Doximity has since agreed to virtually all of the search terms OpenEvidence proposed, while OpenEvidence—despite repeated requests—has yet to provide any substantive response to the search terms Defendants proposed on March 16, 2026. Any further discovery delay beyond what necessitated the four-month extension the parties agreed to seek is of OpenEvidence's own making.

13

extension instead. *See Danny B. ex rel. Elliott v. Raimondo*, 784 F.3d 825, 834 (1st Cir. 2015) (discussing the "wide latitude" district courts have in "the management of discovery").

## **CONCLUSION**

For these reasons, the Court should grant in part and deny in part OpenEvidence's motion. It should deny leave to the extent OpenEvidence seeks to reintroduce a claim based on previously pleaded and abandoned allegations, and it should condition any leave on a revised pleading that removes the immaterial allegations identified in Section I.C (paragraphs 3–4, 89–94, and 98–99 of the Proposed SAC). The Court should amend the Scheduling Order only to allow four additional Requests for Production, Requests for Admission, and Interrogatories; two additional depositions per side; and a two-month discovery extension including an extension of time to propound discovery requests within the overall numerical limit set by the Court. In all other respects, the motion should be denied.

Dated:  June 22, 2026
         Boston, Massachusetts

Respectfully submitted,

/s/ *James R. Carroll*
James R. Carroll (BBO #554426)
William K. Wray Jr. (BBO #689037)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800
james.carroll@skadden.com
william.wray@skadden.com

*Counsel for Defendants*
*Doximity, Inc., Jey Balachandran, Jake*
*Konoske, and Pathway Medical, Inc.*

14