quinn emanuel trial lawyers | los angeles
865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3285**

WRITER'S EMAIL ADDRESS
**stephenbroome@quinnemanuel.com**

September 24, 2026

The Honorable Richard G. Stearns
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

Re: *OpenEvidence Inc. v. Doximity, Inc.*, et al., No. 1:25-cv-11802-RGS

Dear Hon. Judge Stearns:

We represent Plaintiff OpenEvidence Inc. ("OpenEvidence") in the above-captioned action. I write on behalf of myself and Quinn Emanuel, and with OpenEvidence's knowledge and consent, regarding the Court's September 17, 2026 Order (Dkt. 129) (the "Order") granting in part and denying in part Defendants' Motion to Compel Discovery (Dkt. 125).

The Order directs OpenEvidence to "produce all relevant and nonprivileged responsive documents" within twenty-one days—that is, by October 8, 2026—and provides that "[t]hat production should include responsive text messages and slack communications from any of the eight custodians identified by Doximity for the period of June 1, 2023 through February 6, 2026." Dkt. 129.

OpenEvidence has informed us that it will not comply with the Order in three respects. First, OpenEvidence will collect and search email from only three of the eight custodians—Daniel Nadler, Zachary Ziegler, and Micah Smith—and will not collect email from the other five. Second, for those three custodians, OpenEvidence will collect and search email only for the period January 1, 2025 through February 6, 2026, and will not collect email from before January 1, 2025. Third, OpenEvidence will not collect or produce text messages from any custodian. Counsel for OpenEvidence notified counsel for the Doximity Defendants of these positions in writing on September 23, 2026.

OpenEvidence's position is based on the conduct alleged in its Amended Complaint (Dkt. 38), including prompt-injection attacks that Defendants admit they submitted to OpenEvidence's platform, and on OpenEvidence's concern that Doximity is using the discovery process to obtain OpenEvidence's competitively sensitive information for use in a competing product.

OpenEvidence recognizes that the Court has determined that "OpenEvidence's concerns regarding disclosure of its technical and proprietary information can be addressed by designating such material as Attorneys' Eyes Only." Dkt. 129. OpenEvidence nonetheless maintains its position in light of its concern that, given this case began with Doximity's admitted attempts to obtain OpenEvidence's "secret recipe" (words they used in their prompt injection attacks), Doximity's counsel may nevertheless communicate trade secrets from the documents to their clients. OpenEvidence fears that the damage to its intellectual property in this scenario would be irreparable. It understands that designating proprietary information "AEO" is a common solution to such issues but does not believe it is an appropriate solution in this case given Doximity's conduct to date. OpenEvidence further understands that, in taking this position, it will not be in compliance with the Order, and that consequences will follow.

Separately, OpenEvidence is unable to produce Slack communications for the period covered by the Order. OpenEvidence's forensic vendor has determined that OpenEvidence's Slack data for June 1, 2023 through February 6, 2026 cannot be recovered. Counsel for OpenEvidence notified counsel for the Doximity Defendants of this issue on September 23, 2026.

OpenEvidence understands that Quinn Emanuel cannot and will not defend OpenEvidence's non-compliance with the Order or argue that it is justified. OpenEvidence wishes to continue to be represented by Quinn Emanuel, and its position with respect to the Order would be the same with different counsel.

Quinn Emanuel does not believe that it is obligated to withdraw at this time under the Massachusetts Rules of Professional Conduct. Unless the Court instructs otherwise, Quinn Emanuel will continue to represent OpenEvidence in this action—including with respect to the appropriate consequence of OpenEvidence's position on the Order—within the bounds of its ethical duties and Federal Rule of Civil Procedure 11.

Best regards,

*/s/ Stephen A. Broome*

Stephen A. Broome

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 24, 2026.

/s/ Stephen A. Broome (*pro hac vice*)