UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| OPENEVIDENCE INC., Plaintiff, v. | : | Civil Action No. 25-11802-RGS |
| DOXIMITY, INC., JEY BALACHANDRAN, JAKE KONOSKE, PATHWAY MEDICAL, INC., LOUIS MULLIE, JONATHAN HERSHON ST-JEAN, HOVHANNES KARAPETYAN, ERIC YAMGA, KHUDHUR MOHAMMED, and VINCE ROY, Defendants. | : | |

**DEFENDANTS DOXIMITY, INC., JEY BALACHANDRAN, JAKE KONOSKE, AND PATHWAY MEDICAL, INC.'S MOTION FOR (1) AN ORDER SANCTIONING OPENEVIDENCE INC. UNDER RULE 37(B)(2) AND THE COURT'S INHERENT AUTHORITY AND (2) TO SHORTEN TIME TO RESPOND**

In response to OpenEvidence Inc.'s ("OpenEvidence") refusal to comply with the Court's September 17, 2026 Order granting in part Defendants' motion to compel (Dkt. 129) (the "Order"), Defendants Doximity, Inc., Jey Balachandran, Jake Konoske, and Pathway Medical, Inc. (the "Doximity Defendants") respectfully move, pursuant to Federal Rule of Civil Procedure 37(b)(2), including Rule 37(b)(2)(A)(v), (vi), and 37(b)(2)(C), the Court's inherent authority, and Local Rule 37.1, for an order dismissing OpenEvidence's claims with prejudice, entering default judgment against OpenEvidence on Doximity's counterclaims, and ordering OpenEvidence to pay the attorneys' fees and expenses the Doximity Defendants have incurred in this action, or, alternatively, holding OpenEvidence in civil contempt of the Order under Rule 37(b)(2)(A)(vii).

On September 23, 2026, OpenEvidence's counsel informed Defendants in writing that OpenEvidence will not comply with the Order. *See* Exhibit A to the Declaration of William K.

Wray Jr.; *see also* Dkt. 131. For the reasons set forth in the accompanying Memorandum of Law, the Doximity Defendants request that the Court enter an order:

1. Shortening OpenEvidence's time to respond to this motion to within five days (i.e., September 30, 2026);
2. Dismissing OpenEvidence's claims with prejudice under Rule 37(b)(2)(A)(v) and entering default judgment against OpenEvidence on Doximity's counterclaims under Rule 37(b)(2)(A)(vi);
3. In the alternative to paragraph 2, holding OpenEvidence in civil contempt of the Order under Rule 37(b)(2)(A)(vii) and imposing coercive sanctions, including a daily fine, until it complies;
4. Ordering OpenEvidence to pay the reasonable attorneys' fees and expenses the Doximity Defendants have incurred in this action since its inception, pursuant to Rule 37(b)(2)(C) and the Court's inherent authority, in an amount to be determined on the Doximity Defendants' submission within fourteen days;
5. Tolling Defendants' time to take discovery and depositions of OpenEvidence's witnesses to account for the delay caused by noncompliance; and
6. Granting such other and further relief as the Court deems just and proper.

**LOCAL RULE 7.1 AND 37.1 NOTICE**

In light of counsel for OpenEvidence's statement that it "cannot and will not defend OpenEvidence's non-compliance with the Order or argue that it is justified" (Dkt. 131 at 2), counsel for the Doximity Defendants sees no avenue to participate in good faith conversations to narrow or resolve these issues.

Dated: September 25, 2026
Boston, Massachusetts

Respectfully submitted,

/s/ *James R. Carroll*

James R. Carroll (BBO #554426)
William K. Wray Jr. (BBO #689037)
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800
james.carroll@skadden.com
william.wray@skadden.com

*Counsel for Defendants Doximity, Inc., Jey Balachandran, Jake Konoske, and Pathway Medical, Inc.*