**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| OPENEVIDENCE, INC.,<br>Plaintiff,<br>v.<br>DOXIMITY, INC., JEY BALACHANDRAN, JAKE KONOSKE, PATHWAY MEDICAL, INC., LOUIS MULLIE, JONATHAN HERSHON ST-JEAN, HOVHANNES KARAPETYAN, ERIC YAMGA, KHUDHUR MOHAMMED, and VINCE ROY<br>Defendants. | Case No. 1:25-cv-11802-RGS |

**THE INDIVIDUAL PATHWAY DEFENDANTS NOTICE OF JOINING DEFENDANTS DOXIMITY, INC., JEY BALACHANDRAN, JAKE KONOSKE, AND PATHWAY MEDICAL INC.'S MOTION FOR AN ORDER SANCTIONING OPENEVIDENCE INC. UNDER RULE 37(B)(2) AND THE COURT'S INHERENT AUTHORITY**

Defendants Louis Mullie, Jonathan Hershon St-Jean, Hovhannes Karapetyan, Khudhur Mohammed, and Vince Roy (the "Individual Pathway Defendants") respectfully submit this notice joining the motion for Rule 37(b)(2) sanctions filed by Defendants Doximity, Inc., Jey Balachandran, Jake Konoske, and Pathway Medical, Inc. (the "Doximity Defendants"). Dkt. 132-133. The Individual Pathway Defendants met and conferred with OpenEvidence, including on this issue, on September 29, 2026.

**ARGUMENT**

Rule 37(b)(2)'s "language clearly requires two things as conditions precedent to engaging the gears of the rule's sanction machinery: a court order must be in effect, and then must be violated, before the enumerated sanctions can be imposed." *Big Top USA, Inc. v. Wittern Grp.*, 183 F.R.D.

331, 338 (D. Mass. 1998) (quoting *R.W. Int'l Corp. v. Welch Foods, Inc.*, 937 F.2d 11, 15 (1st Cir. 1991). If, after a court order on a motion to compel, the plaintiffs refuse to comply with the specific order for production, sanctions can appropriately be imposed under Rule 37(b)(2). *R.W. Int'l*, 937 F.2d at 19. The Individual Pathway Defendants have an interest in OpenEvidence's non-compliance with the Court's discovery order because their pending discovery requests overlap on Court-ordered topics, *e.g.*, OpenEvidence's platform security and verification protocols. *See* Dkt. 129 (compelling production of documents responsive to Doximity RFPs 7 and 10); Ex. A (Individual Pathway Defendants' RFPs). The Individual Pathway Defendants therefore incorporate by reference the arguments set forth in the Doximity Defendants' Rule 37(b)(2) sanctions motion insofar as they relate to defenses against OpenEvidence's claims.[1]

The Doximity Defendants filed their Rule 37(b)(2) motion for sanctions (Dkt. 132) last Friday, the day after OpenEvidence informed the Court of its intention to "not comply with the Order in three respects." Dkt. 131 at 1. OpenEvidence has since informed the Court that it now intends "to make a good-faith effort to comply" with the Order. Dkt. 136. Despite that update, OpenEvidence has previewed in meet-and-confer that its production may not be complete at least with respect to text messages, and has signaled that it may be unable to complete its production by the October 8, 2026 Court-ordered deadline. *See*, *e.g.*, Dkt. 136. Accordingly, the Individual Pathway Defendants understand OpenEvidence's compliance with the Court order to remain a live dispute, and join the Doximity Defendants' pending motion on that basis.

OpenEvidence further will still be unable to comply with at least the portion of the Order requiring "production … [of] responsive … slack communications … for the period of June 1,

[1] The Individual Pathway Defendants take no position on the Doximity Defendants' arguments related to Doximity's counterclaims.

2023 through February 6, 2026." Dkt. 129. After all, OpenEvidence's Slack "through February 6, 2026 cannot be recovered." Dkt. 131. The Doximity Defendants and Individual Pathway Defendants are, in parallel, seeking more information about the Slack destruction from OpenEvidence. Defendants therefore anticipate further motions for discovery or sanctions relating to OpenEvidence's Slack deletion will be forthcoming.

**CONCLUSION**

For the reasons set forth in the Doximity Defendants' memorandum in support of their Rule 37(b)(2) motion for sanctions, and in light of this week's case developments not mooting Defendants' concerns with OpenEvidence's non-compliance with a Court order, the Individual Pathway Defendants join the Doximity Defendants' motion. The Individual Pathway Defendants request the same defensive relief set forth in the Doximity Defendants' motion, as well as all such other and further relief as the Court deems just and proper.

Dated: October 2, 2026

MORRISON & FOERSTER LLP

*/s/ Nathaniel R. Mendell*

MORRISON & FOERSTER LLP
Nathaniel R. Mendell (BBO No. 645283)
Michael A. Fine (BBO No. 713088)
200 Clarendon Street
Boston, MA 02116
Tel: (617) 648-4700
Email: nmendell@mofo.com
mfine@mofo.com

Daniel P. Muino (pro hac vice)
Carolyn M. Homer (pro hac vice)
Kathryn C. Thornton (pro hac vice)
2100 L St., NW, Suite 900
Washington, D.C. 20037
Tel: (202) 887-1500
Fax: (202) 637-2201

Email: dmuino@mofo.com
cmhomer@mofo.com
kthornton@mofo.com

Alexandra C. Hottenrott (pro hac vice)
250 West 55th Street
New York, NY 10019
Tel: (212) 336-4407
Email: lhottenrott@mofo.com

*Counsel for Defendants Louis Mullie; Jonathan Hershon St-Jean; Hovhannes Karapetyan; Khudhur Mohammed; and Vince Roy*

**CERTIFICATE OF SERVICE**

Pursuant to Local Rule 5.4(c), I hereby certify that on this 2nd day of October, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of this filing to all counsel of record by electronic means.

*/s/ Nathaniel R. Mendell*
Nathaniel R. Mendell