# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| OPENEVIDENCE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DOXIMITY, INC., et al.<br><br>Defendants. | Case No. 1:25-cv-11802-RGS |

**INDIVIDUAL PATHWAY DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

Defendants Louis Mullie, Jonathan Hershon St-Jean, Hovhannes Karapetyan, Khudhur Mohammed, and Vince Roy (collectively, the "Individual Pathway Defendants"), by and through their undersigned counsel, hereby serve the following First Set of Requests for Production of Documents on Plaintiff OpenEvidence Inc. ("OpenEvidence" or "Plaintiff") pursuant to Federal Rules of Civil Procedure 26 and 34. Plaintiff shall produce responsive documents and electronically stored information within the time prescribed by the Federal Rules of Civil Procedure and any applicable orders of the Court.

## DEFINITIONS

1. "OpenEvidence," "Plaintiff," "You," or "Your" means OpenEvidence Inc., including its present and former officers, directors, employees, agents, representatives, consultants, contractors, affiliates, and all other persons acting or purporting to act on its behalf.
2. "Individual Pathway Defendants" means Louis Mullie, Jonathan Hershon St-Jean, Hovhannes Karapetyan, Khudhur Mohammed, and Vince Roy.
3. "Doximity" means Doximity, Inc.
4. "Pathway" means Pathway Medical, Inc.
5. "Communication" is used in its broadest sense and means any transmission of information from one Person or entity to another by any means, including written communications, telephone communications, in-person communications, email, texts, chats, Slack, instant messaging, social media posts, and other electronic communications.
6. "Document" or "Documents" means the original and all non-identical copies (including drafts and those with any notations) of all "documents," "writings," "recordings," and "photographs" as defined in Rule 1001 of the Federal Rules of Evidence and encompassed by Rule 34, and includes papers of all kinds and information stored electronically, including by

way of example and without limitation, electronic mail, letters, communications, memoranda, notes, computer generated data, calendars, records, minutes, studies, reports, notebooks, messages, telegrams, ledgers, legal instruments, agreements, drawings, sketches, graphs, prints, hand-written notes, rough drafts, work pads, diaries, films, tapes, videotapes, sound recordings, images, data, source code, data compilation, pictures, photographs, books, pamphlets, publications, advertisements, sales literature, brochures, manuals, price lists, announcements, and any other writings, records, or tangible objects produced or reproduced mechanically, electrically, electronically, photographically, or chemically. The term also includes any parent or child attachment or other documents embedded or linked in any way to a requested Document. For clarity, the term "Documents" includes "Communications."

7. "Concern" or "Concerning" means, in whole or in any part, discussing, mentioning, alluding to, responding to, in connection with, involving, commenting on, in respect of, about, associated with, evidencing, reflecting, showing, describing, analyzing, summarizing, memorializing, consisting of, constituting, identifying, stating, tending to support, tending to discredit, referring to, and/or in any way touching upon.

## INSTRUCTIONS

1. These discovery requests are continuing in nature. If Plaintiff obtains or becomes aware of additional responsive information or materials, Plaintiff shall supplement its production as required by Federal Rule of Civil Procedure 26(e).
2. If You object to all or any portion of a Request, state the specific grounds for the objection; produce all Documents within the scope of the Request to which You do not object; and describe whether and to what extent You have limited Your production of Documents as a result of Your objection(s).

3. If You cannot respond in full to any of the Requests after exercising due diligence to secure the information, respond to the extent possible, specifying Your inability to respond to the remainder and stating whatever information You have concerning the unanswered portions.
4. If any responsive information or material is withheld on a claim of privilege or other protection, identify the basis for the claim and provide the information required by the Federal Rules of Civil Procedure and any applicable orders or agreements governing privilege logs in this action.
5. When a Document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a Document, You must clearly indicate the portion(s) as to which the privilege is claimed. When a Document has been redacted or altered in any fashion for production, You shall identify as to each Document the reason for the redaction or alteration, the date of the redaction or alteration, and the individual performing the redaction or alteration. Any redaction must be clearly visible on the redacted Document.
6. If You have no Documents that fall within the scope of a Request, please so state in Your written response thereto.
7. The singular includes the plural and vice versa; "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of a request all information that otherwise might be construed to be outside its scope.
8. The term "including" shall be construed as including, but not limited to, the referenced item(s), matter(s), or subject(s).

9. Documents shall be produced as they are kept in the usual course of business or organized and labeled to correspond to the categories in these Requests, consistent with Federal Rule of Civil Procedure 34(b)(2)(E). A Document or thing that is part of a file, docket or other grouping should be physically produced together with all other Documents from said file, docket, or grouping, in the same order or manner of arrangement.
10. Produce ESI in the form agreed by the parties or otherwise required by the Federal Rules of Civil Procedure and applicable orders of the Court, with associated metadata to the extent required by any governing ESI protocol or agreement.
11. If any responsive Document once existed but no longer exists or is no longer in Plaintiff's possession, custody, or control, identify the Document and state, to the extent known, what happened to it.

## DOCUMENTS REQUESTED

**REQUEST FOR PRODUCTION NO. 1:** All Documents Concerning Your contention that the Individual Pathway Defendants violated the CFAA, including Documents tending to support or refute that contention.

**REQUEST FOR PRODUCTION NO. 2:** All Documents Concerning Your contention that the Individual Pathway Defendants breached a contract with You, including Documents tending to support or refute that contention.

Dated: September 18, 2026

MORRISON & FOERSTER LLP

*/s/ Kathryn C. Thornton*
Nathaniel R. Mendell (BBO No. 645283)
Michael A. Fine (BBO No. 713088)
200 Clarendon Street
Boston, MA 02116

Tel: (617) 648-4700
nmendell@mofo.com
mfine@mofo.com

Daniel P. Muino (*pro hac vice*)
Carolyn M. Homer (*pro hac vice*)
Kathryn C. Thornton (*pro hac vice*)
2100 L St., NW, Suite 900
Washington, D.C. 20037
Tel: (202) 887-1500
Fax: (202) 637-2201
dmuino@mofo.com
cmhomer@mofo.com
kthornton@mofo.com

Alexandra C. Hottenrott (*pro hac vice*)
250 West 55th Street
New York, NY 10019
Tel: (212) 336-4407
lhottenrott@mofo.com

*Counsel for Defendants Louis Mullie; Jonathan Hershon St-Jean; Hovhannes Karapetyan; Khudhur Mohammed; and Vince Roy*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2026, I caused a true and correct copy of the foregoing to be served by electronic mail upon all counsel of record.

*/s/ Kathryn C. Thornton*
Kathryn C. Thornton (*pro hac vice*)