UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| OPENEVIDENCE INC., Plaintiff, v. DOXIMITY, INC., JEY BALACHANDRAN, JAKE KONOSKE, PATHWAY MEDICAL, INC., LOUIS MULLIE, JONATHAN HERSHON ST-JEAN, HOVHANNES KARAPETYAN, ERIC YAMGA, KHUDHUR MOHAMMED, and VINCE ROY, Defendants. | : | Civil Action No. 25-11802-RGS |

**DEFENDANTS' MOTION FOR (1) AN ACCOUNTING AND EXPEDITED DISCOVERY CONCERNING THE DELETION OF OPENEVIDENCE INC.'S SLACK AND MESSAGING APPLICATION DATA AND (2) TO SHORTEN TIME TO RESPOND**

Defendants respectfully move under Federal Rules of Civil Procedure 16, 26, and 37 and Local Rules 7.1 and 37.1 for an order (i) requiring OpenEvidence Inc. ("OpenEvidence") to account for the deletion of its Slack data and other lost communications, (ii) permitting Doximity to take expedited discovery into the deletions, and (iii) shortening OpenEvidence's time to respond to this motion.

Before it filed this case, OpenEvidence warned every Defendant in writing to preserve Slack messages, and it warned Pathway that a failure to do so could bring "case-termination sanctions." OpenEvidence then deleted its own Slack messages. On September 23, 2026, its counsel reported that OpenEvidence's Slack data for June 1, 2023 through February 6, 2026, the entire period for which the Court ordered Slack communications produced (Dkt. 129), "cannot be recovered." **OpenEvidence has since disclosed a second loss: work messages that "some implicated custodians" sent on an unidentified messaging application "were not retained."**

The Doximity Defendants intend to move for sanctions arising from the loss of this relevant ESI. The discovery requested here will establish the facts on which the appropriate sanction depends within an expedited schedule designed to meet the November 10, 2026 close of fact discovery (Dkt. 122). For the reasons in the accompanying Memorandum of Law and the Declaration of William K. Wray Jr., the Doximity Defendants request that the Court enter the proposed order submitted herewith:

1. Shortening OpenEvidence's time to respond to this motion to two business days;

2. Ordering OpenEvidence, within three days of the Court's order, to serve a declaration of an officer with knowledge, under penalty of perjury, stating how, when, and by whose action or setting its Slack data were deleted, and when OpenEvidence learned of it; if OpenEvidence maintains that it cannot determine when its Slack retention settings were adopted or by whom, identifying each owner and administrator of each Slack workspace since June 1, 2023 and each step taken to determine those facts; and stating the same facts for the work messages that OpenEvidence disclosed on October 2, 2026 were "not retained";

3. Ordering OpenEvidence, within five days, to answer the five interrogatories at Exhibit G and produce the documents requested by the eight requests at Exhibit H to the Declaration of William K. Wray Jr.;

4. Ordering OpenEvidence, within seven days, and no fewer than two business days after it has complied with paragraphs 2 and 3, to produce a witness under Rule 30(b)(6) on the topics at Exhibit I, the deposition limited to five hours;

5. Ordering that the discovery in paragraphs 3 and 4 does not count against the limits in Dkts. 37 and 124;

6. Ordering OpenEvidence to continue to preserve the materials identified in the Doximity Defendants' September 25, 2026 email, including the eight custodians' computers and mobile devices, to export and preserve immediately the Slack analytics, billing, access, and audit-log records for each of its Slack workspaces, and to suspend the retention settings that automatically delete its Slack messages, and to take equivalent steps for the unidentified messaging application; and

7. Granting such other relief as is just.

**LOCAL RULE 7.1 AND 37.1 CERTIFICATION**

Counsel for Defendants certify that they have complied with Local Rules 7.1(a)(2) and 37.1 and attempted in good faith to resolve or narrow the issues this motion presents. On September 25, 2026, Defendants asked OpenEvidence in writing to preserve every remnant of its Slack data and to explain the loss. On September 29, 2026, counsel for the parties conferred by videoconference for approximately 65 minutes, and OpenEvidence's counsel stated that the Slack data "are gone" and that OpenEvidence "fully expect[s] a sanctions motion." On September 30, 2026, Defendants asked OpenEvidence to confirm by October 2 whether it would agree to provide the requested discovery on an expedited basis. OpenEvidence responded by email on October 2, 2026, objecting that Defendants' requests "seek substantially more information than the ESI Order contemplates" and agreeing to none of the requested discovery. On October 2, 2026, Defendants asked OpenEvidence again whether it would voluntarily agree to the discovery this motion seeks. As of filing, OpenEvidence has not responded. The parties did not reach agreement on any issue this motion presents.

/s/ William K. Wray Jr.
William K. Wray Jr.

Dated: October 5, 2026
Boston, Massachusetts

Respectfully submitted,

/s/ *James R. Carroll*
James R. Carroll (BBO #554426)
William K. Wray Jr. (BBO #689037)
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800
james.carroll@skadden.com
william.wray@skadden.com

*Counsel for Defendants Doximity, Inc., Jey Balachandran, Jake Konoske, and Pathway Medical, Inc.*

MORRISON & FOERSTER LLP

/s/ *Carolyn M. Homer*
MORRISON & FOERSTER LLP
Nathaniel R. Mendell (BBO No. 645283)
Michael A. Fine (BBO No. 713088)
200 Clarendon Street
Boston, MA 02116
Tel: (617) 648-4700
Email: nmendell@mofo.com
mfine@mofo.com

Daniel P. Muino (pro hac vice)
Carolyn M. Homer (pro hac vice)
Kathryn C. Thornton (pro hac vice)
2100 L St., NW, Suite 900
Washington, D.C. 20037
Tel: (202) 887-1500
Fax: (202) 637-2201
Email: dmuino@mofo.com
cmhomer@mofo.com
kthornton@mofo.com

*Counsel for Defendants Louis Mullie; Jonathan Hershon St-Jean; Hovhannes Karapetyan; Khudhur Mohammed; and Vince Roy*