**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| OPENEVIDENCE INC.,<br><br>*Plaintiff,*<br><br>v.<br><br>DOXIMITY, INC., JEY BALACHANDRAN, JAKE KONOSKE, PATHWAY MEDICAL, INC., LOUIS MULLIE, JONATHAN HERSHON ST-JEAN, HOVHANNES KARAPETYAN, ERIC YAMGA, KHUDHUR MOHAMMED, and VINCE ROY<br><br>*Defendants*. | Civil Action No. 1:25-cv-11802-RGS |

**OPENEVIDENCE'S OPPOSITION TO DEFENDANTS' REQUEST TO SHORTEN TIME TO RESPOND TO MOTION FOR AN ACCOUNTING AND EXPEDITED DISCOVERY**

At 9:36 p.m. last night (October 5, 2026), Defendants began filing a motion and 15-page memorandum, ECF Nos. 139, 140, seeking expedited disclosures and discovery to support their anticipated discovery sanctions motion and asking the Court to give OpenEvidence just two days to respond. Defendants couch the need for this extraordinarily compressed briefing timeline to the November 10, 2026 close of fact discovery, but concede that the requested discovery is intended to "establish the facts on which the appropriate sanction depends." ECF No. 139 at 2. Even to the extent the requested "discovery-on-discovery" is appropriate, there is no need for it to be completed prior to the close of fact discovery; the Court can always permit additional discovery after the fact discovery cut-off. That is particularly true here where Defendants seek the discovery to support a sanctions motion rather than to develop the substantive merits of any claim or defense. Moreover, Defendants' request to shorten time is unreasonable in light of the fact that Defendants failed to meet and confer with OpenEvidence regarding the discovery requests at issue in the motion. It is inefficient to ask OpenEvidence to oppose a motion in two days regarding discovery requests the parties have not yet met and conferred about.

Defendants seek to require OpenEvidence to oppose an expedited motion on discovery requests related to a forthcoming sanctions motion—*i.e.*, discovery on discovery. Defendants are in no position to make such unreasonable demands. Despite telling the Court over a month ago, on September 1, that Doximity had

already run its (improperly narrow) search terms and completed its review for 12 custodians, Doximity still has not produced the results of its review. It has produced *no documents at all* for certain key custodians—like Jeff Tangney—slack messages for only two custodians, and *no* text messages for any custodian. And there are gaping holes in the limited set of documents that Doximity has produced. Doximity should not be permitted to improperly withhold responsive documents for weeks while simultaneously demanding OpenEvidence respond to fresh requests (over the Court's limits) and a motion to compel in a matter of days.

OpenEvidence respectfully requests that the Court deny Defendants' request to shorten time or, at minimum, afford OpenEvidence at least one full week to file an opposition to allow it to prepare a considered response to assist the Court in its disposition of the motion.

Dated: October 6, 2026

Respectfully submitted,

*/s/ Stephen Broome*

Stephen Broome (*pro hac vice*)
stephenbroome@quinnemanuel.com

Scott E. Schlafer (*pro hac vice forthcoming*)
scottschlafer@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
(213) 443-3000

Stacylyn M. Doore (BBO# 678449)
Ryan P. Gorman (BBO# 707239)
Vanessa Rodriguez (BBO# 713607)

Zi Chun Wang (BBO# 709803)
stacylyndoore@quinnemanuel.com
ryangorman@quinnemanuel.com
vanessarodriguez@quinnemanuel.com
michellewang@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100

Nathan Hamstra (*pro hac vice*)
nathanhamstra@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
(312) 705-7400

Sascha N. Rand (*pro hac vice forthcoming*)
sascharand@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
295 5th Avenue, 9th Floor
New York, New York 10016

*Attorneys for OpenEvidence, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document filed today through the Court's CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Stephen Broome*

Stephen Broome (*admitted pro hac vice*)
stephenbroome@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
(213) 443-3000