**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| OPENEVIDENCE INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>DOXIMITY, INC., JEY BALACHANDRAN, JAKE KONOSKE, PATHWAY MEDICAL, INC., LOUIS MULLIE, JONATHAN HERSHON ST-JEAN, HOVHANNES KARAPETYAN, ERIC YAMGA, KHUDHUR MOHAMMED, and VINCE ROY,<br><br>*Defendants*. | Civil Action No. 1:25-cv-11802-RGS |

**DECLARATION OF DANIEL NADLER IN SUPPORT OF OPENEVIDENCE INC.'S OPPOSITION TO DEFENDANTS' MOTION FOR AN ACCOUNTING AND EXPEDITED DISCOVERY CONCERNING THE DELETION OF OPENEVIDENCE INC.'S SLACK AND MESSAGING APPLICATION DATA**

I, Daniel Nadler, declare as follows:

1. I am the founder and Chief Executive Officer of OpenEvidence Inc. ("OpenEvidence"). I submit this declaration in support of OpenEvidence's opposition to Defendants' Motion for (1) an Accounting and Expedited Discovery Concerning the Deletion of OpenEvidence Inc.'s Slack and Messaging Application Data and (2) to Shorten Time to Respond (Dkt. 139).

2. I have personal knowledge of the matters stated in this declaration, except where I state that information was provided to me by others, in which case I believe that information to be true. If called as a witness, I could and would testify competently to these matters.

**OpenEvidence's Slack Workspace**

3. OpenEvidence uses Slack, a workplace messaging service, for internal communications. OpenEvidence maintains one Slack workspace. Since at least 2022, the workspace has been on Slack's Enterprise Select plan. OpenEvidence has used Slack to share highly confidential code that constitutes OpenEvidence's trade secrets, in addition to other purposes.

4. The workspace's retention settings provide that messages in public channels are deleted automatically 75 days after they are sent, and that messages in private channels and direct messages are deleted automatically 30 days after they are sent. The settings apply across the entire workspace. They operate automatically and do not depend on any action by an individual user.

5. To the best of my knowledge and recollection, the 30-day and 75-day retention settings described in paragraph 4 were in place before any dispute arose between OpenEvidence and Pathway Medical, Inc. or Doximity, Inc. The settings were not adopted in response to any such dispute. Instead, because OpenEvidence uses Slack to share and edit highly confidential code, the settings were configured to auto-delete as a measure to protect this trade secret information. I have maintained these settings for two primary reasons. First, there were significant security risks in retaining highly confidential code in Slack beyond the current retention period. OpenEvidence operates in the artificial intelligence industry, where protecting confidential technical information is of heightened importance, including because—based on my experience in the industry and my familiarity with publicly reported incidents—companies in this field have been the targets of efforts to obtain trade secrets by improper means, including physical

surveillance devices and techniques such as Defendants' own prompt injection designed to extract proprietary information. Second, I believed that communications relevant to this case, such as those relating Doximity's prompt injection attacks, would not occur on Slack. Nor did I believe that anyone would communicate on Slack about the LinkedIn and other social media posts I made, on which certain Doximity counterclaims are based, since I posted those myself and did not communicate with anyone at OpenEvidence about them. The remaining statements on which Doximity's counterclaims are based are statements that OpenEvidence made publicly, including on its website—not in Slack messages—and OpenEvidence is willing to stipulate that these statements were publicly disseminated (including to the parties' mutual clients).

6. Since June 1, 2023, I have served as the owner or administrator of the workspace.

7. To the best of my knowledge and recollection, the retention settings described in paragraph 4 remained in effect throughout the period from June 1, 2023 through February 6, 2026, and they were not suspended during that period. Slack messages from that period were deleted automatically under those settings. I am responsible for OpenEvidence's Slack configuration, including its retention settings.

**Efforts to Determine Whether the Slack Data Could Be Recovered**

8. On September 17 and 18, 2026, following the Court's order of September 17, 2026, OpenEvidence personnel, working with OpenEvidence's counsel and a forensic consultant assisting counsel, examined whether any Slack data from the period from June 1, 2023 through February 6, 2026 could be recovered.

9. That examination determined that (a) the workspace's data-export records showed no past exports of workspace data; (b) a channel audit report covering all 671 channels in the workspace showed a channel-level retention duration of zero for every channel, which indicates that no channel-specific retention setting had been applied and that the workspace's default settings

applied to every channel; (c) OpenEvidence did not use Slack's legal-hold feature; and (d) the retention option that removes messages from view while keeping them available through corporate exports was not in use.

10. I am informed that, based on those results, the forensic consultant concluded that it was not aware of any other means of recovering messages deleted under the workspace's retention settings.

11. OpenEvidence has not collected, imaged, or partially recovered Slack data from the period from June 1, 2023 through February 6, 2026, and it is not aware of any backup media containing Slack data from that period. I have on occasion created screenshots of certain Slack messages, which I have provided to counsel for production to the extent they are non-privileged and responsive to Doximity's discovery requests.

**Slack Audit Logs**

12. I understand that Slack's audit logs record administrative events in the workspace, including changes to settings. On September 17, 2026, the audit-log history available to OpenEvidence's administrator through Slack's administrative console extended back 31 days. On September 17, 2026, OpenEvidence exported the audit-log records available to it, which extend back 31 days prior. Those records do not reflect any change to the workspace's retention settings during that period.

**Text Messages and Messaging Application**

13. In the course of preparing OpenEvidence's production under the Court's order of September 17, 2026, OpenEvidence investigated use of text messages and messaging applications by the custodians subject to the Court's September 17, 2026. The following custodians have used SMS text messages and/or Signal for work-related communications: Daniel Nadler, Nick Lumley, and Travis Zack. An investigation showed that none of those custodians other than Travis Zack

employed retention settings that preserved text or Signal messages from the June 1, 2023 through February 6, 2026 period. I did not believe that anyone would communicate on text or messaging applications about Doximity's prompt injection attacks because my colleagues and I had those conversations live. Nor did I believe that anyone at OpenEvidence would communicate about the LinkedIn and other social media posts I made, on which certain Doximity counterclaims are based, since I posted those myself and did not communicate with anyone at OpenEvidence about them. The remaining statements on which Doximity's counterclaims are based are statements that OpenEvidence made publicly, including on its website—not in texts or messaging applications—and OpenEvidence is willing to stipulate that these statements were publicly disseminated (including to the parties' mutual clients). I have on occasion created screenshots of text and/or Signal messages, which I have provided to counsel for production to the extent non-privileged and responsive.

14. OpenEvidence's investigation of SMS and Signal messaging is continuing, and OpenEvidence will supplement this declaration if that investigation identifies additional information.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 14, 2026, at Los Angeles, California.

/s/ *Daniel Nadler*
Daniel Nadler